IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA MARTINEZ,

        Plaintiff,

v.                                                                CIV 09-0281 JB/KBM

MICHAEL MARTINEZ, LYNDA LATTA,
ELIZABETH WHITEFIELD, individually
and in her official capacity of District Judge
in the Second Judicial District Court of
Bernalillo County, State of New Mexico,
PAUL WIEST, and JEAN SMITH,

        Defendants.

# <u>PROPOSED FINDINGS<br>AND<br>RECOMMENDED DISPOSITION</u>

Presiding Judge James O. Browning referred this nonprisoner *pro se* matter to me for a recommended disposition.  *See Docs. 66, 67.*  Having carefully considered the entire record, the many pending motions, the parties arguments, and the relevant law, I recommend that this action be dismissed without prejudice.

All of the Defendants have been served and answered or otherwise pleaded. *See Docs. 10, 11, 15, 31, 33.*  Two have moved for a more definite statement, but I

find that unnecessary.  *See Docs.  31, 33.*  The 51-page Amended Complaint is long,

overly-detailed, and somewhat rambling, but it is plain what this lawsuit is about.

Plaintiff and Defendant Michael Martinez are ex-spouses, and their divorce

has sparked a series of overlapping, interrelated, and frequently *pro se* state court

actions concerning the distribution of marital property.  Plaintiff believes that her

ex-husband hid assets and that she therefore did not receive her fair share of the

marital estate.  *See, e.g., Doc. 3* at 2, 4-20, 35, 46-49; *see also Doc. 16* at 1-3.  All of

the Defendants were involved in those state suits either as a party, judge or

counsel, or involved with the property Plaintiff believes should have been part of

the distribution from the divorce.  *See, e.g., Doc. 3* at 4 (Defendant Martinez

instituted suit); *e.g., id.* at 9-10 (Defendant Whitefield was a judge in one of the

suits); *e.g., id.* at 16-17 (Defendant Latta served as ex-husband's attorney); *see, e.g.,*

*id.* at 50 (Defendants Weist and Smith were involved with property allegedly

withheld).

Plaintiff predicates jurisdiction on federal question because she is suing under

42 U.S.C. § 1983 and 1985(3) for compensatory and punitive damages and

"partition" on the ground that depriving her of "property" in the "unjust" and

"malicious" state lawsuits violates the Fifth and Fourteenth amendments.  *See id.* at

3, 21, 31-33, 49-51.  Plaintiff also expressly predicates jurisdiction on diversity since

she resided in Wisconsin when she brought this action and now resides in Oklahoma.  *See id* at 1, 3; *see also Doc. 4* (Plaintiff notice of change of address); *Doc. 35* (same).

This action should be dismissed because this Court lacks jurisdiction under an abstention principle be it *Rooker-Feldman, Younger,* or the "domestic relations" exception.  It is far from clear whether any of the related state lawsuits have been terminated, reopened or remain pending, and Plaintiff provides little clarification in her amended pleadings.

If the state suits have been dismissed, *Rooker-Feldman* precludes review:

> As the Tenth Circuit detailed in *Facio* [*v. Jones*, 929 F.2d 541, 543 (10th Cir.1991)], the Supreme Court in *Feldman* both prohibited direct review of state judgments by lower courts and prohibited lower federal courts from issuing any declaratory relief that is "inextricably intertwined" with the state court judgment.  *Id.* (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 483-84 n. 16).  Here, Plaintiff's claim for injunctive or declaratory relief with regard to Defendant's allocation of assets in the divorce proceeding arguably seeks direct review by this Court of Defendant's decision.  Even if Plaintiff's claim does not seek a direct review of Defendant's decision, Plaintiff's allegation of a federal law violation unquestionably seeks a review by this Court that is "inextricably intertwined" with Defendant's decision.  Under the *Rooker-Feldman* doctrine this Court does not have jurisdiction to hear such a claim.

*Burke v. Kass*, CIV 99-962 BB *Doc. 40* at 7-8 (2/4/2000).  On the other hand, if the

3

any of the lawsuits remain pending in state court, the federal court must "refrain from interfering in ongoing state civil proceedings" and abstain under the *Younger* Doctrine. *Ysais v. Children Youth and Family Dept.*, 2009 WL 4048782 (10th Cir. 2009) (citing *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996)("we should not permit 'the luxury of federal litigation of issues presented by ongoing state proceedings,' which involve family relations, a traditional area of state concern.") (internal citations omitted).

I also incorporate by reference the authorities cited in Judge Whitefield's motion to dismiss, *Doc. 16. See also e.g.*, *Chapman v. Oklahoma*, 472 F.3d 747 (10th Cir. 2006) (finding *Younger* abstention applicable to action by noncustodial parent challenging the family court system of the State of Oklahoma, and declining to discuss applicability of *Rooker-Feldman* in light of *Lance v. Dennis*, 546 U.S. 459 (2006) (per curium) or the domestic relations exception to federal jurisdiction or absolute judicial immunity and Eleventh Amendment immunity); *Jackson v. Davidson*, 272 Fed App'x 722 (10th Cir. 2008) (holding action seeking to enjoin enforcement of state divorce decree is "precisely the type of claim encompassed by the *Rooker-Feldman* doctrine" and quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir.1986) for proposition that "[f]ederal district courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of

4

judicial proceedings even if those challenges allege that the state court's action was unconstitutional"); *Harrington v. Wilson,* 242 Fed. App'x 514 (10th Cir. 2007) (dismissed claims against various defendants on *Rooker-Feldman, Younger,* absence of state action, absolute immunity and other jurisdictional grounds).

Even if the Court were to strike  Defendants' motions as untimely, as Plaintiff has requested, the Court would reach the same conclusion based solely on Plaintiff's Amended Complaint.  Thus, the Court need not address any other pending motions to arrive at the decision that abstention is appropriate.  Because the dismissal is jurisdictional, it should be without prejudice.  *See Harrington,* 42 Fed. App'x at 516 ("All three grounds are jurisdictional, and therefore all should result in dismissals without prejudice.") (quoting *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1214 (10th Cir. 2006) for proposition that "'A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice.'").  In light of the recommendation to dismiss, all other motions should be dismissed as moot.

Wherefore,

IT IS HEREBY RECOMMENDED that Defendant Latta's motion to dismiss *(Doc. 11)* and Defendant Whitefield's motion to dismiss *(Doc. 15)* be

granted, and this action in its entirety be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that all of these other pending

motions be denied without prejudice as moot:

Plaintiff's motion to "correct filing dates" regarding service *(Doc. 21)*;
Plaintiff's motion to strike Defendant Wiest's Answer as untimely *(Doc. 13)*;
Plaintiff's motion to strike Defendant Latta's motion to dismiss *(Doc. 14)*;
Plaintiff's motion to strike Def. Whitefield's motion to dismiss as untimely *(Doc. 22)*;
Plaintiff's motion to strike Def. Whitefield's memorandum as untimely *(Doc. 23)*;
Defendant Whitefield's motion to stay discovery *(Doc. 18)*;
Plaintiff's motion to strike Defendants Whitefield's motion to stay as untimely *(Doc. 24)*;
Defendant Whitefield's motion for extension to reply *(Doc. 29)*;
Defendant Whitefield's amended motion for extension to file reply *(Doc. 34)*;
Plaintiff's motion for default as to Defendant Whitefield *(Doc. 47)*;
Defendant Smith's motion for a more definite statement *(Doc. 31)*;
Plaintiff's motion to strike Smith's motion of more definite statement *(Doc. 37)*;
Plaintiff's motion for default as to Defendant Smith *(Doc. 46)*;
Plaintiff's motion for hearing on damages as o Defendant Smith *(Doc. 49)*;
Defendant Martinez' motion for a more definite statement *(Doc. 33)*;
Plaintiff's motion to strike Martinez' motion for more definite statement *(Doc. 36)*;
Plaintiff's motion for default as to Defendant Martinez *(Doc. 45)*; and
Plaintiff's motion for hearing on damages as to Defendant Martinez *(Doc. 48)*.

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS

OF SERVICE of a copy of these Proposed Findings and Recommended Disposition

they may file written objections with the Clerk of the District Court pursuant to 28

U.S.C. § 636(b)(1).  A party must file any objections with the Clerk of the

District Court within the fourteen-day period if that party wants to have

appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.


_____
UNITED STATES MAGISTRATE JUDGE