IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA MARTINEZ,

        Plaintiff,

        vs.                                      CIV-09-281 JB/KBM

MICHAEL MARTINEZ and
LYNDA LATTA,

        Defendants.[1]

## COURT'S CONSOLIDATED JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Proposed Joint Status Reports ("JSR") were submitted separately by the parties when they were unable to agree to what information was properly contained within such a document. When it became clear during the telephonic Initial Rule 16 Conference held yesterday that the parties would be unable to resolve their differing views over the telephone, I suggested holding an early in-person settlement conference and then mediating the contents of the ultimate JSR for my consideration. Plaintiff objected to that suggestion given her current financial circumstances.

I therefore informed the parties that I would attempt to craft a consolidated JSR and Proposed Discovery Plan ("PDP") in an attempt to clarify the issues in dispute and set forth the parties' positions as to how discovery should proceed. Plaintiff again interposed her objection to that plan, and I explained that she is free to file objections for Judge Browning's review to any of

---

[1] Although Judge Browning's memorandum opinion of March 30, 2010 clearly found that Plaintiff failed to state a viable claim as to Defendants Paul Wiest and Jean Smith, as best I can determine no order has been entered formally dismissing them. *See Doc. 81* at 48-50. Judge Browning's order portion of that document did grant Defendant Elizabeth Whitefield's Motion to dismiss.

my rulings and that such objections were required to be filed within ten days of service of my orders.  Upon my review of the recent amendments to 28 U.S.C. § 636, I stand corrected and the parties are hereby informed that the time period for such objections has been extended to fourteen days.

I have made my best efforts to provide a concise summary of the issues that remain following Judge Browning's rulings.  I have also done my best to consolidate the parties' positions from the separately submitted JSRs, and they will receive due consideration when I select deadlines and set limits on discovery requests in my soon to be filed  Scheduling Order pursuant to Rule 16(b)(1).

---

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on May 5, 2010 via telephonic conference call at 11:00 AM MDT and was attended by:

Patricia Martinez, *pro se* for Plaintiff.

Linda L. Ellison and Lynda Latta (The Law Offices of Lynda Latta, L.L.C.) for Defendant Lynda Latta.

Joshua Simms for Defendant Michael Martinez.

<u>*Note*</u>:  On May 10, 2010, Attorney Colin Lambert Hunter filed an entry of appearance on behalf of Defendant Lynda Latta.  Plaintiff refuses to agree to the withdrawal of The Law Offices of Lynda Latta, L.L.C. in the absence of reviewing a formal motion to withdraw.

## NATURE OF THE CASE

After Judge Browning's rulings, the sole remaining claims are for Malicious Abuse of Process against Defendants Latta and Martinez and for Partitioning and Accounting under New Mexico Law against Defendant Martinez.

**AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES**

Plaintiff requests to be allowed until 120 days to move to amend the pleadings and until 120 days to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file:  Pleadings in response to any amendments filed by Plaintiff.

**STIPULATIONS**

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts: **Plaintiff and Defendant Martinez were divorced.**

The parties further stipulate and agree that the law governing this case is: **New Mexico.**

**PLAINTIFF'S CONTENTIONS:**

This suit arises out of a divorce proceeding that P. Martinez alleges resulted in an unfair distribution of property.  Plaintiff believes certain property should have been included in the distribution of the marital assets.  As Judge Browning noted,

> P. Martinez insists that M. Martinez, represented by his attorney, Ms. Latta, filed a malicious-abuse-of-process claim, filed numerous frivolous motions, engaged in forum-shopping, and lied to judges. P. Martinez also alleges that M. Martinez and Ms. Latta engaged in this conduct with the intent to deplete P. Martinez' resources, to keep her from pursuing her rights in a contract dispute initiated in Oklahoma, and to keep her from engaging in discovery that would uncover the assets that she alleges M. Martinez concealed during the divorce proceeding.

In addition to this malicious abuse of process claim against both Defendant Latta and Defendant Martinez, Plaintiff seeks Partitioning and Accounting under New Mexico Law against Defendant Martinez.

## DEFENDANT'S CONTENTIONS

Defendant Latta denies all allegations of the Plaintiff and had the following defenses: res judicata and collateral estoppel; laches, waiver, equitable estoppel, estoppel, promissory estoppel and unclean hands. Further Defendant Latta denies any liability and any liability must be compared to Plaintiff's fault, the fault of other defendants, the fault of non-parties, and this Defendant's alleged fault is reduced accordingly.

Defendant Martinez contends that there has been no abuse of process by himself nor his counsel. There is no property for which partition should apply between Defendant Martinez and Plaintiff, and further that all the property owned by Defendant Martinez at the time of the divorce has been divided, as denied in Defendant Martinez' answer.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

**PLAINTIFF'S DISCOVERY PLAN:**

(1) place discovery on a standard 180-day track;

(2) initiate discovery immediately following the Rule 26(f) conference;

(3) provide witness and exhibits lists 14 days after the Rule 26(f) conference; and

(4) Send discovery requests in compliance with the Federal Rules and Local Rules.

**Plaintiff's Witnesses - not identified.**

**Plaintiff's Exhibits - not identified.**

**DEFENDANTS' DISCOVERY PLAN:**

**Defendants' Witnesses**

Defendant Latta anticipates only the parties to testify regarding the events in question:

Patricia Martinez, *pro se* Plaintiff.

Michael Martinez, c/o attorney Joshua Simms.

Lynda Latta, c/o attorney Colin Hunter, Hunter Law Firm.

Judge Elizabeth Whitfield. Bernalillo County District Court, 400 Lomas Blvd, Albuquerque, New Mexico 87102.

**Defendants' Exhibits**

The pleadings and transcripts of all the cases involving these parties including:

1) Patricia Martinez v. Michael Martinez, CV 01-3799/01 United States District Court for District of New Mexico.

2) Patricia Martinez v. Michael Martinez, 02-2182 United States Court of Appeals for the Tenth Circuit.

3) Michael Martinez v. Patricia Martinez, DR/DM 95-2953, Second Judicial District Court, County of Bernalillo, State of New Mexico.

4) Patricia Martinez v. Michael Martinez, DM-07-00085, Second Judicial District Court, County of Bernalillo, State of New Mexico.

5) Michael Martinez v. Patricia Martinez, CV 2005-03878, Second Judicial District Court, County of Bernalillo, State of New Mexico

6) Patricia Martinez v. Michael Martinez, CJ 2003-05205, District Court in and for Tulsa County, State of Oklahoma

**The parties have not identified any expert witnesses.**

**Discovery will be needed on the following subjects: The facts underlying Plaintiff's remaining claims.**  Proposed limits on frequency and extent of discovery (*see Rule 26(b)(2)(A)).*

Plaintiff: Maximum of **50** interrogatories by each party to any other party. (Responses due 30 days + 3 days for mailing after service).

Defendants: Maximum of **25** interrogatories by each party to any other party. (Responses due 30 days + 3 days for mailing after service).

Plaintiff: Maximum of **50** requests for admission by each party to any other party.

(Response due 30 days + 3 days for mailing after service).

Defendants:   Maximum of **25** requests for admission by each party to any other party.
              (Response due 30 days + 3 days for mailing after service).

Plaintiff:    Maximum of **10** depositions by Plaintiff(s) and **10** by Defendant(s).

Def. Latta:   Maximum of **0** depositions by Plaintiff(s) and 0 by Defendant(s).

Def. Martinez: Maximum of **10** depositions by Plaintiff(s) and 10 by Defendant(s).

Each deposition is limited to maximum of **7** hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due: The parties do not anticipate retaining any expert witnesses.

Defendants maintain that supplementation under Rule 26(e) should be due **October 1, 2010.** Plaintiff request supplementation under Rule 26(3) should be done as needed.


## PRETRIAL MOTIONS

Plaintiff intends to file: Unknown

Defendants intend to file: **Motion for Summary Judgment; Motion to Stay Discovery; and Motions** *in Limine*.

Defendant Latta intends to file: **Motion for Sanctions.**

## ESTIMATED TRIAL TIME

Plaintiff estimates trial will require **4 days**.

Defendants estimate trial will require **1 day.**

Plaintiff asserts that this is a jury case.

Defendants assert that this is a non-jury case.

The parties request a pretrial conference in **September 2010.**

6

**SETTLEMENT**

The parties consider the possibility of settlement in this case unlikely**.** If the Court directs the parties to participate in a settlement conference, Defendant Lynda Latta requests it be held after the Court rules on Defendants' Summary Judgment Motions. Defendant Martinez requests a settlement conference within the first 60 days. Plaintiff objects to an in-person settlement conference until her financial situation has stabilized.

**EXCEPTIONS**

Defendants Latta and Martinez object to Plaintiff's proposed JSR in its entirety and specific exceptions to Plaintiff's proposed discovery plan are detailed in the preceding sections.

Unless otherwise specifically agreed to, Plaintiff objects to Defendants' proposed JSR and feels that her own *(Doc. 95)* and the Addendum *(Doc. 96)* should be adopted by the Court.

Court's Final Note to the Parties:

The Federal Rules of Civil Procedure were amended in 2006 to permit a court, by local rule, for papers "to be filed, signed or verified by electronic means . . . . A paper filed electronically in compliance with a local rule is a written paper for purposes of these rules." FED. R. CIV. P. 5(d)(3). Our district has promulgated such a rule. *See* D.N.M.LR-Civ. 5.1.