IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA MARTINEZ,

    Plaintiff,

v.                                        No. CIV-09-281 JB/KBM

MICHAEL MARTINEZ and
LYNDA LATTA,

    Defendants.

## ORDER PERMITTING WITHDRAWAL OF COUNSEL

**THIS MATTER** comes before me on The Law Offices of Lynda Latta, L.L.C.'s *Motion to Withdraw and Substitution of Counsel*, filed May 25, 2010 [Doc. 104].  This law firm represents Defendant Lynda Latta, and it seeks an order allowing it and two of its attorneys, Latta and Linda Ellison, to withdraw as counsel of record for Latta.  The law firm entered its appearance on April 6, 2010.  *See* Doc. 83.  Latta subsequently retained Colin Hunter to represent her in this matter, and Hunter notified the Court and the Plaintiff of his substitution by the entry of his appearance and a notice of the withdrawal of Latta's law firm on May 10, 2010[1].  *See* Doc. 92.

Pro se Plaintiff Patricia Martinez concedes that parties "have a right to have counsel withdraw and new counsel be substituted according to local rules," but she objects to the withdrawal and substitution and contends that a decision allowing Latta and her firm to withdraw as counsel should be stayed until the Court rules on her Objections to the Scheduling Order I issued on May 21, 2010.  *See* Doc. 112 at 1-3.  Plaintiff contends that, if Latta and her firm are allowed to withdraw before the Objections are addressed, it could "bring an unfair negative effect" on her Objections.

---

[1] Instead of Hunter including a notice of withdrawal in his entry of appearance, Latta's law firm should have separately filed a motion to withdraw under our local rules and should have attached a notice of appointment of substitute counsel.  *See* D.N.M. LR. Civ.83.8(a), (b).

*Id.* at 2.  She does not expand on what this "unfair negative effect" might be and refers only to arguments made in her Objections[2].

Neither party has provided any legal authority or guidance to the Court on withdrawal of counsel.  In cases like the one at bar, where the former attorneys and client agree to the substitution, however, it appears that a client generally has the right to make a change of attorneys at any stage of the proceedings unless it would unfairly "prejudice the other party or interfere with the administration of justice."  7 Am. Jur. 2d *Attorneys at Law* § 184 (2010).

> Substitution for which proper application has been made and notice given is ordinarily allowed as a matter of course, and the court may have a duty to order it, unless it appears that some good reason exists which justifies the court in refusing to make the order.  The court must be satisfied that the substituted attorneys are qualified by the rules of the court to act as attorneys of record in the case.

7A C.J.S. *Attorney & Client* § 279.

In considering Plaintiff's claim of unfair prejudice, I have reviewed the arguments that Plaintiff makes in her Objections and Further Objections that are related to the Latta law firm's request to withdraw from representation.

In the Scheduling Order, I noted that "Plaintiff refuses to agree to the withdrawal of The Law Offices of Lynda Latta, L.L.C. in the absence of reviewing a formal motion to withdraw."  Doc. 102 at 2.  Although she admits that "this is a true statement," Plaintiff objects to my use of the word "refused," speculating that using the word "refused" indicates my bad motive to "couch[] [the fact] this way to leave a bad impression on the District Court judge and the public record."  Doc. 108 at

---

[2] Plaintiff raises a continuing objection, contending that Latta improperly participated in the May 5 meet-and-confer session because, contrary to the local rules, Latta represented herself at the session when she was already represented by Ellison.  Doc. 112 at 2-3.  This argument does not provide a valid basis for not allowing Latta and her law firm to withdraw from further representation.

18.  I find no basis for a claim that it would be unfair to rule upon the motion to withdraw before ruling on this objection.

The Plaintiff also contends that Hunter had no "right to sign off" on Latta's portion of a proposed Joint Status Report on May 21, 2010, because he was not personally present at a May 5, 2010 meet-and-confer session with Plaintiff, Latta, Ellison, and Michael Martinez's counsel.  *Id.*  She contends that both Latta and Ellison "should be required to approve the conference's activities for a valid JSR."  *Id.* at 20.  Similarly, I see no basis for a claim that it would be unfair to rule upon the motion to withdraw before ruling on this objection.

She further attributes bad motives to Latta and Ellison in desiring to withdraw: she theorizes that they were "looking for an excuse not to sign off on the 26(f) conference by withdrawing," which would "negate the [Plaintiff's] legitimate discovery request responses." *Id.* at 19-20.  This argument is based on Plaintiff's contention that the meeting required in my Initial Scheduling Order, *see* Doc. 87, was the Rule 26(f) "conference" that triggered her right to serve discovery requests on the Defendants under FED. R. CIV. P. 26(d)(1).  *See id.*  But my initial scheduling Order required the parties to "cooperate in preparing a *Joint Status Report and Provisional Discovery Plan* ["JSR"]" and to "'meet and confer' . . . to formulate [the] provisional discovery plan" before I held an initial Rule 16 scheduling conference.  *See* Doc. 87 at 1.  The Initial Scheduling Order provided that "[i]Initial disclosures under FED. R. CIV. P. 26(a)(1) shall be made within fourteen (14) days of the meet-and-confer session." *Id.* at 2.  It informed the parties that, after the parties submitted their joint effort, I would hold a scheduling conference where we would "discuss discovery needs and scheduling, all claims and defenses, . . . initial disclosures, and the time of expert disclosures and reports under FED. R. CIV. P. 26(a)(2)." *Id.*  The Order informed the parties that "[a]ctual dates will be promulgated by order of the court shortly after entry of the JSR" and that "[p]re-trial practice in

this cause shall be in accordance with the foregoing." *Id.* at 1-2. But the parties "were unable to agree to what information was properly contained within" a JSR, Doc. 102 at 1, and submitted separate JSRs, *see* Docs. 95, 96, 101. I did "my best to consolidate the parties' positions from the separately submitted JSRs" and filed a JSR. Doc. 102. I then filed a Scheduling Order, *see* Doc. 103, to which Plaintiff has objected. Again, I cannot see how it would be unfair to rule upon the motion to withdraw before ruling on this objection.

Finally, Plaintiff contends in her Objections that the motion to withdraw seeks only to withdraw Latta from representing herself and "does not name Linda Ellison." Doc. 108 at 20. This contention is patently erroneous. The motion is brought by "the Law Offices of Lynda Latta, LLC" as the movant; it seeks an order allowing the "movant" to withdraw as counsel of record; and it specifically lists both Latta and Ellison as the attorneys submitting the motion on behalf of the law firm. *See* Doc. 104 at 1-2.

I conclude that none of Plaintiff's arguments contained in her Objections provide a valid basis either for staying a ruling on the motion to withdraw or for refusing to allow Latta's law firm and its attorneys to withdraw from representing Latta. Plaintiff has not shown unfair prejudice by the withdrawal of the Latta law firm and the substitution of Hunter.

IT IS ORDERED that the *Motion to Withdraw and Substitution of Counsel* [Doc. 104] is GRANTED.

_____
UNITED STATES MAGISTRATE JUDGE

4