# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

PATRICIA MARTINEZ,

    Plaintiff,

v.                                                             No. CIV-09-281 JB/KBM

MICHAEL MARTINEZ and
LYNDA LATTA,

    Defendants.

## ORDER DENYING MOTION TO CORRECT RECORD

**THIS MATTER** comes before me on the Plaintiff's *Motion to Correct Record*, filed June 11, 2010 (Doc. 113). The Defendants have not responded to the Motion.

Plaintiff first contends, without citing authority, that the Court must enter a text in docket entries to show that affidavits were attached to her motions to enter default, which have already been ruled upon. Plaintiff indicates that the Court must make this correction because docket entries made by the Defendants indicate when an affidavit is attached to their filings. I note that the Defendants e-file their own motions and other documents; that they indicate when affidavits are scanned as a distinct attachment, and that they create their own docket text, while the Plaintiff's documents are scanned and entered by the Clerk's office, which explains the difference in the docket-text entries. I can find no basis for requiring modification of the record on this ground, and no reason to require the Clerk's office to expend more time to make a change in documents that have already been ruled on. I will deny her request.

Plaintiff requests several corrections to the way the Clerk's office links documents, contending that replies must be linked to responses, not to the original motions. The Clerk's office has patiently explained to Plaintiff that replies always are linked to the original motion in the docket

text and not to responses. I will deny this request.

Plaintiff asserts that the Clerk's Office should change the docket text entry to remove the word "judgment" after "default" in entries ##55-58. The Clerk's office modified the text in entries ##55-57, apparently to delete "judgment," before Plaintiff filed her motion. But Plaintiff herself entitled document # 49 as a motion regarding an alleged "entry of default judgment," and document #58 is a response to that motion. The Clerk's office properly referred to the Plaintiff's title of her motion in the docket entry. I will deny the request to change the docket entry.

Plaintiff complains that the identification tab on certain of the exhibits she attached to document #26 comes out black in the scanning process. She apparently wants the Clerk's office to re-label some of her 25 exhibits (so that an exhibit number may be read on every exhibit) and re-scan the 84-pages of response and exhibits into the record. The motion related to document #26 has already been ruled on, and there is no need for the Clerk's office to expend the time and resources to do what Plaintiff should have done in the first place - label her exhibits in such a way that they may be legibly scanned. I will deny the request.

The docket entry for #54 is correct.

I will not require the Clerk's office to change the docket entry on #21 to show that Plaintiff attached an exhibit to it.

The exhibits for documents ##107, 108, and 111 appear to include all of the pages that Plaintiff contend were missing. *See* Docs. ##114-116 (corrected on June 16, 2010).

**IT IS ORDERED** that Plaintiff's *Motion to Correct Record* [Doc. 113] is DENIED.

_____
UNITED STATES MAGISTRATE JUDGE