IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA MARTINEZ,

    Plaintiff,

v.                                                  No. CIV-09-281 JB/KBM

MICHAEL MARTINEZ and
LYNDA LATTA,

    Defendants.

## ORDER GRANTING PROTECTIVE ORDER

**THIS MATTER** comes before me on the Defendants' joint *Motion for a Protective Order or in the Alternative to Deem Plaintiff's Discovery Requests as Premature and Overly Burdensome*, filed June 4, 2010 [Doc. 109]. Contrary to the Plaintiff's assertions, *see* Doc. 111 at 1-2, although I explained my general understanding of the timing for discovery at the May 19, 2010 hearing, I have never ruled on the propriety of Plaintiff's May 5, 2010 discovery attempts.

I issued an initial scheduling Order requiring the parties to "cooperate in preparing a *Joint Status Report and Provisional Discovery Plan* ["JSR"]" and to "'meet and confer' . . . to formulate [the] provisional discovery plan" before I held an initial Rule 16 scheduling conference. *See* Doc. 87 at 1. The Initial Scheduling Order provided that "[i]Initial disclosures under FED. R. CIV. P. 26(a)(1) shall be made within fourteen (14) days of the meet-and-confer session." *Id.* at 2. It informed the parties that, after the parties submitted their joint effort at creating a JSR, I would hold a scheduling conference where we would "discuss discovery needs and scheduling, all claims and defenses, . . . initial disclosures, and the time of expert disclosures and reports under FED. R. CIV. P. 26(a)(2)." *Id.* The Order informed the parties that "[a]ctual dates will be promulgated by order of the court shortly after entry of the JSR" and that "[p]re-trial practice in this cause shall be in

accordance with the foregoing." *Id.* at 1-2.

Despite the Order limiting pre-trial practice as set forth in the Initial Scheduling Order, immediately after the May 5 meet-and-confer session, Plaintiff hand delivered requests for admissions, interrogatories, and requests for production of documents to the Defendants. She contends that she was entitled to begin discovery under FED. R. CIV. P. 26(d)(1) simply because the parties had engaged in a Rule 26(f) meet-and-confer session. Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

I conclude that Plaintiff's attempt to begin the discovery process was premature and in violation of my April 21, 2010 Scheduling Order. I may limit the timing of discovery at my discretion. As the Supreme Court has noted, under the Federal Rules, a district court may *sua sponte* alter or limit discovery that is otherwise provided by the rules, and "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598-99 (1998). I limited the timing of discovery in this case by specifically instructing the parties that actual discovery dates would not be promulgated until after I had received the JSR, we had held our Rule 16 scheduling conference, and I had issued a scheduling order setting out the discovery parameters. Plaintiff's May 5 discovery requests were premature and in violation of that Order, and the Defendants are not obligated to respond to them. *See* FED. R. CIV. P. 16(f)(1)(C) (providing that courts may sanction parties who fail to comply with the court's scheduling or other pretrial orders).

Further, even if I had not issued an order delaying discovery until after a scheduling order issued, reading the discovery rules as a whole indicates that the permission to begin discovery after

the parties have "conferred as required by Rule 26(f)" means more than that they must only wait until they have held an unsuccessful meet-and-confer session. Rule 26(f) places a responsibility upon the parties not only to meet, but also to reach agreement on a discovery plan that "state[s] the parties' views and proposals" on discovery topics, including "what changes should be made in the limitations on discovery imposed under these rules." Rule 26(f)(3). The parties must then submit their discovery plan to the court. *See id.* Rule 16 requires the court to receive the plan and consult with the parties before issuing the scheduling order that sets out the modifications or limitations upon discovery that the Court will impose, based on the type of case and the need for discovery. It is not reasonable for a party to believe that it may initiate its own discovery plan before the parameters of that plan have been decided, especially where, as here, the parties disagree on several discovery issues. *See Klingeman v. DeChristofaro*, No. 4:09-CV-00528, 2010 WL 395215, *2-*3 (N.D. Ohio, Jan. 26, 2010) (holding that, "[w]hen considered together, the Civil and Local Rules show that discovery is not permitted until the Court has issued a scheduling order;" that "an unambiguously articulated disagreement over discovery would bode against the parties assuming that discovery could begin without the Court's scheduling order;" and that the "Plaintiff had no authority to propound discovery" before a scheduling order issued). Here, for example, the Defendants contend that Plaintiff submitted interrogatories with subparts that exceed the 25-interrogatory maximum set forth in the Scheduling Order. In the future, Plaintiff must limit her interrogatories to 25, "including all discrete subparts." FED. R. CIV. P. 33(a)(1).

In the alternative, the Defendants also complain that, instead of simply propounding questions for them to answer, Plaintiff's interrogatories also include "self serving statements" and "her interpretation of statutes and/or rules of civil procedure." Doc. 109 at 2. I agree that Plaintiff should delete this improper information from the interrogatories she submits in the future because

such comments are not interposed to lead to the discovery of relevant evidence.

In addition, the Defendants complain that "[t]he depth and extent of Plaintiff's requests exceed the permissible scope of procedure and are not calculated to lead to relevant discoverable information and merely intended to harass Defendant." *Id.* Unfortunately, instead of setting forth the specific interrogatories with specific objections as required by FED. R. CIV. P. 33(b)(4), the Defendants set out specific objections to only one interrogatory. Plaintiff seeks to discover business reports and other information "for several years after 1998 when the parties divorced," which they contend is not relevant to the causes of action that remain. *Id.* at 3. I agree that, because Plaintiff's suit for partition regards only those assets that were community property during their marriage that remained undivided after their 1998 divorce, requests for business information after their divorce and until the present date are irrelevant, unduly burdensome, and an unwarranted invasion of privacy. But Defendants' general contentions regarding limiting discovery because "those matters have already been decided by the lower courts" requires more than just their assertions. The Defendants must supply proof that Plaintiff has, indeed, sought the same discovery in the prior proceedings and that res judicata bars her requests.

IT IS ORDERED that the *Motion for Protective Order* [Doc. 109] is GRANTED as set forth above.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE