**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PATRICIA MARTINEZ,

     Plaintiff,

vs.                                                       No. CIV 09-0281 JB/KBM

MICHAEL MARTINEZ, LYNDA LATTA,
HON. ELIZABETH WHITEFIELD, PAUL
WIEST, and JEAN SMITH,

     Defendants.

**MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION**

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Objections to: 1. The Scheduling Order and Discovery Plan Provisions Filed May 21, 2010 (D 103)- and 2. To the Clerk's Minutes Filed on May 20, 2010 (D 99) with Brief in Support and Exhibits, filed June 2, 2010 (Doc. 107)("First Objections"); and (ii) the Plaintiff's Further Objections to: Oral Rulings at Rule 16 Conference and Also Court's Consolidated Joint Status Report and Provisional Discovery Plan filed May 21, 2010 (and Def JSR Doc. 101) with Brief in Support and Exhibits and Affidavits, filed June 2, 2010 (Doc. 108)("Second Objections"). The Court has also considered the corrections to those documents that pro se Plaintiff Patricia Martinez has filed. See Docs. 114, 115, 110. The Court construes P. Martinez' filings as motions for reconsideration of orders that the Honorable Karen B. Molzen, Magistrate Judge, filed involving pretrial matters. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Ashby v. McKenna, 331 F.3d 1148, 1152 (10th Cir. 2003)(noting that "the appropriate means to challenge the [magistrate judge's non-dispositive] order would have been by way of a request for reconsideration rather than objection"). The primary issues are: (i) whether Judge Molzen's May 21, 2010 Scheduling Order is clearly erroneous or contrary to law; and (ii) whether

Judge Molzen's entry of the May 21, 2010 Consolidated Joint Status Report and Provisional Discovery Plan ("JSR"), which Judge Molzen created by reviewing the record, considering the parties' arguments at hearing, and combining relevant portions of the parties' individually submitted JSRs, is clearly erroneous or contrary to law.

Perhaps because P. Martinez did not caption her documents as "motions," the Defendants have not filed responses to her "Objections," and no party has requested a hearing. See Fed. R. Civ. P. 7(b)(1)("A request for a court order must be made by motion."). The Court overrules P. Martinez' objections and will not reconsider Judge Molzen's Orders, because there is no error in the Scheduling Order and because it was not clearly erroneous for Judge Molzen to consolidate the parties' JSRs when the parties were unable to agree to a joint JSR and P. Martinez refused to attend an in-person conference with Judge Molzen to negotiate their differences.

**LEGAL STANDARD FOR RECONSIDERING A MAGISTRATE'S PRETRIAL ORDER**

A court may "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Thus, in re-examining a magistrate judge's rulings and orders, the district court must "defer to the magistrate judge's ruling unless it [is] clearly erroneous or contrary to law. . . . Under the clearly erroneous standard, the reviewing court must affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006)(internal quotation marks, citations omitted, bracket deleted).

**ANALYSIS**

P. Martinez submits numerous objections to Judge Molzen's order. After carefully reviewing her objections, the Court concludes that Judge Molzen's orders are not "clearly erroneous

or . . . contrary to law." Fed. R. Civ. P. 72(a). The Court therefore overrules P. Martinez' objections.

## I. THE COURT DOES NOT FIND THE SCHEDULING ORDER IS CLEAR ERROR OR CONTRARY TO LAW.

P. Martinez states that she challenges the May 20, 2010 Scheduling Order on two "main" grounds. First Objection at 1. First, she complains that Judge Molzen required her to "submit a list of all witnesses who, at this time, she thinks will either testify or be deposed, giving their name, title, address and a brief summary of their testimony, and a list of all documents which she believes, at this time, will be exhibits at the trial" within seven days of receipt of the Scheduling Order, which P. Martinez contends "is a duplicate request of the Initial Disclosures furnished the parties." First Objection at 1, 3. P. Martinez states that she informed Judge Molzen at the rule 16 conference held on May 19, 2010, that she had already sent her initial disclosures of witnesses and exhibits to the Defendants. See First Objection at 3. P. Martinez requests that, if the Court finds it "improper" for Judge Molzen to have required the submission of the witness and exhibit list a second time, it should "have them removed." First Objection at 3. The Court finds that it was not improper for Judge Molzen to require P. Martinez to disclose her witnesses and exhibits in the record.

Under Judge Molzen's Initial Scheduling Order, the parties were to make the initial disclosures that rule 26(a)(1) requires "within fourteen (14) days of the meet-and-confer session," which was to be held by May 5, 2010. Initial Scheduling Order at 1-2, filed April 21, 2010 (Doc. 87). At the meet-and-confer session, the parties were to "cooperate in preparing a Joint Status Report and Provisional Discovery Plan" that P. Martinez was to file by May 12, 2010. Initial Scheduling Order at 1. The parties were instructed to download the standard, four-page JSR form from the Court's website and to use it as the template for their JSR. See Initial Scheduling Order

at 1 n.1.  The JSR form requires each party to

> [l]ist all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."  List all documents which you believe, at this time, will be exhibits at the trial.  List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

JSR Form at 2.  P. Martinez filed an eight-page document entitled Joint Status Report and Provisional Discovery Plan on May 12, 2010, but it bears little resemblance to the JSR form, and did not contain any of P. Martinez' information, which the Scheduling Order required.  See Joint Status Report and Provisional Discovery Plan, May 12, 2010 (Doc. 95)("P. Martinez' JSR"). Instead, P. Martinez' document provides a blow-by-blow transcript of who-said-what at the meet-and-confer session, and P. Martinez' interpretation of the session and the parties' responsibilities. P. Martinez also attached sixteen pages of exhibits to the JSR, one of which was Defendant Lynda Latta's proposed submissions for the JSR sent by facsimile transmission to P. Martinez before the meet-and-confer session.  See Joint Status Report and Provisional Discovery Plan at 15.  Latta's portion of the proposed JSR placed the requested information into the appropriate spaces on the JSR form, and she included her witness, exhibit, and expert-witness information in the appropriate section.  See Joint Status Report and Provisional Discovery Plan at 18.

Given the absence of the proper information in the JSR that P. Martinez filed, at the May 19, 2010 rule 16 conference, Judge Molzen suggested "holding an early in-person settlement conference and then mediating the contents of the ultimate JSR for [Judge Molzen's] consideration."  Court's Consolidated Joint Status Report and Provisional Discovery Plan at 1, file May 21, 2010 (Doc. 102). "Plaintiff objected to that suggestion given her current financial circumstances."  Id.  In deference to P. Martinez' insistence that she could not afford to attend an in-person conference where the

parties could work out a JSR with her assistance, Judge Molzen ordered the Defendants to jointly file their proposed portion of the JSR, continued the rule 16 conference, and stated that she would try to fashion a JSR from the record and from the parties' submissions.[1]  See Court's Consolidated Joint Status Report and Provisional Discovery Plan at 1.  Because, however, P. Martinez had never placed her witness or exhibit information in the appropriate section of the JSR that she filed, Judge Molzen had to put "not identified" in the section for P. Martinez' witnesses and exhibits in the Consolidated JSR she filed.  See Court's Consolidated Joint Status Report and Provisional Discovery Plan at 4.  Judge Molzen's instruction in her Scheduling Order that P. Martinez provide her witness and exhibit information to the Court -- and not just to the Defendants in the form of initial disclosures -- was proper.  The Court uses that information to check for conflicts that might cause the Court to recuse itself if it knows of witnesses or evidence.  The Court will not reconsider the Scheduling Order based on this objection.

P. Martinez next states that she objects to Judge Molzen limiting the number of requests for admissions allowed in the Scheduling Order to twenty-five, contending that Judge Molzen cannot place such a limit because, at the meet-and-confer session, P. Martinez and the Defendants' attorneys "had conversations stating that there was no limit on the number of admissions."  First

---

[1] P. Martinez' statement that the Defendants "furnished false information" in the proposed JSR they filed by "falsely asserting" that P. Martinez "wanted" only twenty-five requests for admissions and that they had "take[n] it upon themselves to speak for [her]" by saying she desired a maximum of five depositions, First Objection at 13, is not a sound interpretation of the document that the Defendants filed.  Judge Molzen asked the Defendants to file what they believed was a reasonable JSR in all matters, except, of course, for information only P. Martinez could supply.  The filed JSR states that "the Defendants' discovery plan is listed below."  Joint Status Report and Provisional Discovery Plan at 2, filed May 21, 2010 (Doc. 101)("Defendant's JSR")(emphasis added).  Their statement that discovery should be limited to twenty-five admissions and five depositions each, therefore, is a reflection only of what they desired.  Judge Molzen also had before her P. Martinez' indications of what she wanted in the JSR P. Martinez filed.

Objections at 11.  P. Martinez' JSR notes that "[P. Martinez] stated there were no limitations on requests for admissions and Joshua Simms acknowledged that."  P. Martinez' JSR at 4-5.  In her proposed JSR portion sent by facsimile transmission to P. Martinez before P. Martinez filed her version of a JSR, Latta requested a maximum of twenty-five requests for admissions, see id. at 18, as did the joint JSR that the Defendants filed, see Defendant's JSR at 4.  Although the rules do not provide for a maximum number of admissions, see Fed. R. Civ. P. 36, they limit the maximum number of interrogatories to each party to twenty-five, see Fed. R. Civ. P. 33(a)(1).  As Justice Stevens has noted:

> Rule 26 confers broad discretion [to the court] to control the combination of interrogatories, requests for admissions, production requests, and depositions permitted in a given case; the sequence in which such discovery devices may be deployed; and the limitations imposed upon them.  Indeed, Rule 26(c) specifically permits a court to take actions "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, for example, disallowing a particular discovery request, setting appropriate terms and conditions, or limiting its scope.

Bell Atl. Corp. v. Twombly,  550 U.S. 544, 595 n.13 (2007)(Stevens, J.)(dissenting)(citing Crawford-El v. Britton, 523 U.S. 574, 598-99 (1998)).  See S.E.C. v. Merrill Scott & Assoc., 600 F.3d 1262, 1271 (10th Cir. 2010)("The district court has broad discretion over the control of discovery . . . .")(internal quotation marks omitted); Rodriguez v. IBP, Inc., 243 F.3d 1221, 1230 (10th Cir. 2001)("Control of discovery . . . lies in the sound discretion of the district court."); Green v. Johnson, 977 F.2d 1383, 1391 (10th Cir. 1992)(holding, in a case where the plaintiff complained about the court limiting discovery, that "[t]he trial court has broad discretion regarding its control of discovery, and we will find that discretion to have been abused only when a denial of discovery precludes a fair trial").  Moreover, requests for admission are often not useful to limiting issues in a case, and are mostly useful to authenticating documents.  See Radian Asset Assurance, Inc. v. Coll.

of the Christian Bros. of N.M., No. CIV 09-0885-224 JB/DJS., slip op. at 35 (D.N.M. Nov. 11, 2010)("Requests for admissions are rarely useful in twenty-first century complex commercial litigation, and are mostly helpful to authenticating documents or getting the most basic factual stipulations."). Further, if P. Martinez finds that she requires additional requests for admission, she may petition the Court for more, and the Court treats discovery requests liberally. Moreover, the Court will remember that P. Martinez wanted additional requests for admission at the beginning of the case. Judge Molzen acted within her discretion to limit the number of requests for admissions to twenty-five, thus her decision is not clearly erroneous or contrary to law. [2]

## II.  THE CLERK'S MINUTES ARE NOT CLEAR ERROR OR CONTRARY TO LAW.

P. Martinez' second "main" objection is that Judge Molzen allegedly made a "false statement" in the Clerk's Minutes of the May 19, 2010 Rule 16 conference regarding P. Martinez' willingness to receive facsimile transmissions, contending that the minutes contain "an outright misrepresentation of what was said." First Objections at 5. She requests that the Minutes be "struck or removed from the record." First Objections at 17.

The Minutes state: "Unless and until Plaintiff agrees to electronic or fax exchange of any documents or correspondence, Defendants shall serve Plaintiff by mail." Clerk's Minutes at 1, filed May 20, 2010 (Doc. 99). P. Martinez contends that this statement was made to "mischaracterize Plaintiff and what took place." First Objections at 5-6.

Clerk's Minutes are a summary of the major events occurring at a hearing that the Judge's courtroom deputy files after a hearing. They serve as a reminder to the parties and to the Judge of important issues or instructions from the hearing. The requirement that the Defendants must serve

---

[2] Moreover, if P. Martinez pursues discovery and finds she needs more depositions or admissions, nothing prevents her from moving the Court to grant additional discovery.

P. Martinez by mail unless she specifically agrees to service by electronic or facsimile transmission cannot reasonably be interpreted as a "mischaracterization" of P. Martinez or as a "false statement."

The parties' initial disclosures were due on May 19, 2010, the day of the rule 16 scheduling conference, which Judge Molzen held at 1:30 p.m. P. Martinez' initial disclosures were delivered to the Defendants shortly before noon that day. According to P. Martinez, attorney Joshua Simms, who is Defendant Michael Martinez' counsel, told Judge Molzen that he had not been able to send on May 19, 2010 by facsimile transmission his client's initial disclosures to P. Martinez. See First Objections at 4. When Judge Molzen requested that P. Martinez give the Defendants a telephone number that could connect them to a facsimile transmission apparatus where they could submit a facsimile transmission of their disclosures to her that day, P. Martinez insisted that the Defendants serve her with their initial disclosures by mail instead of by facsimile transmission. See First Objections at 5. Judge Molzen then instructed the Defendants to overnight mail their disclosures to P. Martinez, see First Objections at 5, which would still make their disclosures timely under the Rules,[3] see Fed. R. Civ. P. 5(b)(2)(C). The statement in the Clerk's Minutes acknowledges the truth that P. Martinez has not consented in writing to being served by any means other than those methods

---

[3] Thus, P. Martinez' criticism that Judge Molzen "allowed [the Defendants] to slide by on their dilatory filing," and her assertion that Judge Molzen's conduct in ordering the Defendants to timely serve the initial disclosures by overnight mail "smacks of prejudice against Plaintiff and favoritism toward the Defendants," lacks a sound basis in the facts of this case. First Objections at 7, 9. Further, the only address P. Martinez had supplied to the Defendants or to the Court was a post office box, which explains why overnight delivery by FedEx of Defendant Michael Martinez' initial disclosures was delayed an additional day. See First Objections at 6. And P. Martinez has shown no prejudice by the one-day delay in receiving M. Martinez' disclosures, especially in light of the fact that Latta had already disclosed her witnesses and exhibits -- which are the same witnesses and exhibits listed in the Defendants' portion of the JSR that M. Martinez and Latta jointly filed -- in the proposed JSR sent by facsimile transmission to P. Martinez on May 10, 2010. Thus, P. Martinez' speculation that the reason M. Martinez and Latta did not mail their initial disclosures to her before May 19, 2010 was because they wanted to see her disclosures before they made their disclosures, see First Objections at 7-8, is also without a sound basis in the facts of this case.

set forth in rule 5(b)(2)(A)-(D).  The language requiring service by mail complies with rule 5(b)(2)(E) and (F)'s provisions that a party may be served with a document -- other than a pleading described under rule 4 -- by electronic or other means "if the person consented in writing" to such service.  Fed. R. Civ. P. 5(b)(2)(E), (F).  If P. Martinez wishes to receive documents by electronic means or by facsimile transmission, she need only send the Defendants a written statement consenting to such service.[4]  The Court will not strike the entry of the Clerk's Minutes.

### III. P. MARTINEZ' OTHER OBJECTIONS DO NOT STATE THAT JUDGE MOLZEN ACTED CLEARLY ERRONEOUSLY OR CONTRARY TO LAW.

P. Martinez complains of further conduct that she finds objectionable, but which she has never raised in a motion before her raising the issue in her objections.  First, she complains that the exhibits that Latta disclosed in her portion of the JSR sent by facsimile transmission to P. Martinez on May 10, 2010, and which both Defendants listed in their jointly filed JSR, are "overbroad," and that Latta did not list her insurance carrier in her initial disclosures.  First Objections at 7.  She states that it would be "futile" to raise these objections to Judge Molzen, and "invites [the Court] to rule on their defective and overbroad exhibits."  First Objections at 7.  The Court agrees that it would be futile to raise these objections to Judge Molzen, but only because P. Martinez' objections are

---

[4] P. Martinez also complains that she does not always quickly receive documents that have been filed, because the Court mails them to her the following business day if they are filed after 3:30 p.m.  If P. Martinez wants to receive immediate notification that a document has been filed, she need only supply the Court in writing with her electronic-mail address and request that she be served via electronic-mail instead of by mail, and go to www.pacer.gov to register for a PACER account, which will give her free electronic access to the filed document.  See D.N.M.LR.-Civ. 5.1.  Or she may supply the Court and the Defendants with a telephone number connected to a facsimile transmission apparatus, and request in writing that she be served by facsimile transmission instead of by mail.  Facsimile transmissions usually go out the same day a document is filed.  If P. Martinez desires to continue to be served by mail only, if there is a delay in receiving an order to which she must timely object, she may always file a motion requesting an extension of time in which to file her objections or motion for reconsideration, and supporting the basis for her request.

without a sound basis in the facts of this case or in the law.

P. Martinez complains about alleged and nefarious "ex parte conduct" between the Defendants and Judge Molzen.  P. Martinez speculates that "it appears that [Judge Molzen] had in hand on the 20th the Defendants' JSRs that she requested" on May 19, 2010, because the Clerk's Minutes, filed on May 20, 2010, state: "The Court will attempt to formulate a joint status report by combining the two joint status reports that were submitted by the parties individually," but the Defendants did not file their JSR into the record until May 21, 2010.  See First Objections at 14-15. P. Martinez suggests that "it seems of a miraculous quality that they had this JSR jointly composed (without Plaintiff's inclusion) and filed and given to the judge the next morning" before the Clerk's minutes were filed at 11:03 a.m.  First Objections at 15-16.  P. Martinez is critical that, even though Judge Molzen told the parties on May 19, 2010, that she hoped to have a consolidated JSR and scheduling order ready within a week because she had a lot on her docket, she "managed now, in a day and a half, to 'review' the entire file and incorporate the Defendants' JSR and supposedly review and incorporate Plaintiffs [sic]; but made   incomplete, half-truth; misstatements and misrepresentations and added language Plaintiff never stated, statements about Plaintiff."  First Objections at 16.  P. Martinez theorizes that Judge Molzen's "swift formulation" of the Consolidated JSR and Scheduling Order was accomplished because the Defendants read P. Martinez' initial disclosures and saw that she planned to use her recorded tape of the meet-and-confer session as an exhibit, which she believes would enable her to prevail on objections to Judge Molzen's oral rulings at the rule 16 conference.  See First Objections at 16.  P. Martinez speculates that, because they "fear[ed]" her objections to Judge Molzen's oral rulings at the rule 16 conference "being sustained," they "brought about the speedy process" of getting Judge Molzen's Consolidated JSR and Scheduling Order filed, "knowing it is unusual to overturn a Magistrate's [written] Order."  First

Objections at 16.  P. Martinez expresses her opinion that "there was no reason to ask for a separate JSR from the Defendants."  First Objections at 16.  P. Martinez requests sanctions up to, and including, a default judgment against the Defendants.  See First Objections at 18.

The Court first notes that the standard of its review of a Magistrate Judge's order is the same, whether it is oral or written.  P. Martinez' speculation why Judge Molzen moved quickly to file the documents she promised the parties is without support.  According to the transcript of the rule 16 conference that P. Martinez has provided, Judge Molzen expressly instructed the Defendants not only to file their portion of a proposed JSR, but to send it to her court electronic mail.  See Transcript of Rule 16 Hearing Held on May 19, 2010 -- Martinez vs. Martinez, et al, filed June 2, 2010 (Doc. 115 Ex. B at 10)("P. Martinez' Transcript")(the transcript P. Martinez produced of the conference)("J. Molzen: I am going to attempt to try and formulate a . . . joint status report and a . . . schedule . . . for your discovery.  I'm going to try and put it together myself.  Now . . . that means . . . I'll need . . . Defendants . . . to file yours as well as sending it to our . . . our email address).  The Defendants may have submitted it to Judge Molzen on the afternoon of the May 19, 2010 or on the morning of the May 20, 2010, even if they did not file it into the record until the May 21, 2010.  Despite P. Martinez' use of the word "miraculous" to describe an ability to prepare the Defendants' joint JSR so quickly, it was prepared using the downloaded JSR form and, except for a couple of sentences that M. Martinez added, and the addition of one witness, is similar to the JSR that Latta had already submitted to P. Martinez on May 10, 2010.  It would have only taken a few minutes, therefore, to modify Latta's JSR to become the jointly filed JSR.  The Court agrees that Judge Molzen's filed the Consolidated JSR and Scheduling Order as quickly as possible, so that the case could start moving forward and the parties could begin the discovery process.  There is no evidence of any ex parte conduct.

## IV.      THE COURT OVERRULES P. MARTINEZ' OBJECTIONS TO ORAL RULINGS.

In a thirty-page document entitled Further Objections to: Oral Rulings at Rule 16 Conference and Also Court's Consolidated Joint Status Report and Provisional Discovery Plan filed May 21, 2010 (and Def JSR Doc. 101) With Brief in Support and Exhibits and Affidavits, Doc. 108, P. Martinez repeats many arguments and makes several additional objections.

First, she objects to Judge Molzen's statement that, under the Federal Rules of Civil Procedure, no written discovery is permitted until after the initial Rule 16 conference is conducted. See Second Objections at 3. P. Martinez had submitted to the Defendants written interrogatories, and requests for admission and for production of documents, immediately following the May 5, 2010 meet-and-confer session. She contends that Judge Molzen's statement made on May 19, 2010, is a "ruling" that "set[s] aside the validity of the 26(f) conference having been held and then her discovery properly being served." Second Objections at 3. The Court disagrees. There was no motion before Judge Molzen regarding discovery on May 19, 2010, so any general comments she made at the May 19, 2010 hearing regarding discovery were not rulings. The Defendants filed a motion for protective order on June 4, 2010, regarding the propriety of serving written discovery before a scheduling order setting forth the parameters of discovery has issued. See Defendants' Joint Motion for Protective Order or in the Alternative to Deem Plaintiff's Discovery Requests as Premature and Overly Burdensome, filed June 4, 2010 (Doc. 109). Because there was no "ruling" or order regarding discovery at the May 19, 2010 hearing, there is nothing for the Court to reconsider.

P. Martinez objects to other statements that are neither "rulings" nor orders. For example, in a statement prefacing the body of the Consolidated JSR that Judge Molzen filed on May 21, Judge Molzen stated: "Proposed Joint Status Reports ("JSR") were submitted separately by the parties

when they were unable to agree to what information was properly contained within such a document." Defendant's JSR at 1. P. Martinez contends that Judge Molzen's statement is "untrue," because, in her view, the only reason the parties submitted separate JSR documents was because Judge Molzen ordered the Defendants to file a separate proposal and the parties "stated no disagreement to the JSR at that Rule 16 conference." Second Objections at 8. In the same paragraph, however, P. Martinez admits that the Defendants refused to approve her proposed JSR and the Defendants did not sign the JSR she filed. See P. Martinez' JSR at 8. Further, the JSR that P. Martinez filed is replete with the parties' disagreements about discovery. See P. Martinez' JSR at 1-8. And P. Martinez submitted, as attachments to her proposed JSR, documents showing that the parties never reached agreement on the JSR. See P. Martinez' JSR at 8 Attach. at 9-24. In Latta's proposed JSR sent by facsimile transmission to P. Martinez on May 10, 2010, Latta stated that she "cannot agree to Plaintiff's proposed JSR . . . as it includes inappropriate argumentative, incorrect material." P. Martinez' JSR, Ex. 3 at 7. And at the beginning of the rule 16 conference, P. Martinez complained that she had been attempting to fill out the JSR, but that the Defendants allegedly would not cooperate with her. See P. Martinez' Transcript at 4. P. Martinez would not subsequently agree to coming to an in-person conference to try to "work out how we are going to proceed with discovery." P. Martinez' Transcript at 6, 8. Judge Molzen's statement that the parties were unable to agree is accurate.

    P. Martinez next objects to statements in the Consolidated JSR that "Defendant Martinez requests a settlement conference within the first 60 days," contending that M. Martinez never made such a request. Second Objections at 9. She also contends that the statement that Latta requests that any settlement conference "be held after the Court rules on Defendants' Summary Judgment Motions" is "fabricated" and untrue. Second Objections at 12. Neither M. Martinez nor Latta have

challenged Judge Molzen's interpretations of their stances regarding a settlement conference.

P. Martinez' transcript of the May 19, 2010 hearing shows that, in response to Judge Molzen's suggestion that the parties "conduct a settlement conference very shortly here" before trying to work out a discovery plan, M. Martinez' counsel stated he would like a "very quick settlement conference so we can attempt to settle." P. Martinez' Transcript at 6-7. According to P. Martinez, Latta had stated that she did not want any "discovery too [sic] begin" until the Court ruled on a motion for summary judgment that she intended to file. P. Martinez' JSR at 7. Judge Molzen's interpretations of the Defendants' desires for a settlement conference are reasonable and truthful in light of the context in which they were made. The Court declines to give credence to P. Martinez' speculation that Judge Molzen must have had an ex parte conversation, or other communication with the Defendants and their counsel. See Second Objections at 11-12.

P. Martinez objects to the statement in the Consolidated JSR that "Plaintiff objects to an in-person settlement conference until her financial situation has stabilized," contending that it is a "twisted untrue statement." Second Objections at 13. P. Martinez contends that she objected only to the timing of an early settlement conference and that only her refusal to attend an in-person discovery conference was based on her financial issues. A review of P. Martinez' transcript of the proceedings shows that Judge Molzen had suggested that a "quick" settlement conference occur immediately before a contemporaneous discovery conference. P. Martinez' Transcript at 6-7. She questioned P. Martinez whether she was aware she had to attend an in-person settlement conference if it was ordered at some point and whether she could afford to do so if she could not afford to attend a discovery conference, and P. Martinez stated that she could. Given that Judge Molzen wanted to hold the settlement conference at the same time as the discovery conference, Judge Molzen's statement is neither untrue nor twisted.

The Court further rejects P. Martinez' contention that questioning her about whether she had savings or other resources to fund a trip to New Mexico to attend an in-person settlement conference was "an invasion of privacy and a humiliation tactic . . . constituting abuse of process . . . [and] without logic or reason." Second Objections at 14. The parties' financial resources are a factor a court may reasonably consider before ordering them to engage in an in-person settlement conference, especially when, as here, the parties have expressed the opinion that settlement is unlikely.

P. Martinez contends that Judge Molzen was precluded from filing the Consolidated JSR because she contends the federal rules provide that P. Martinez must file a JSR and the Defendants had no authority to file the JSR that Judge Molzen requested. Rule 16 provides, however, that the Court will issue its scheduling order after "receiving" the parties' rule 26(f) report and consulting the parties at the scheduling conference, Fed. R. Civ. P. 16(b)(1)(A), (B), and permits the Court to modify almost all of the discovery rules, see Fed. R. Civ. P. 16(b)(3)(B), Fed. R. Civ. P. 26(f)(4)(A)(permitting the Court to excuse the parties from filing a written JSR and to allow them to simply report orally on their plan); Fed. R. Civ. P. 16(c)(2)(P)(permitting the Court to "facilitat[e] in other ways the just, speedy, and inexpensive disposition of the action"). See D.N.M.LR-Civ. 26.5 (permitting the Court to sua sponte "fashion discovery to meet special circumstances"). When Judge Molzen was faced with parties who could not agree to a joint JSR and with a party who refused to meet in person to discuss the issues, she was within her authority to order the Defendants to file their proposed discovery plan and to fashion a consolidated one.

P. Martinez next contends that attorney Colin Hunter, appearing for Latta, had no "authority" to sign off on the JSR he jointly filed with Mr. Simms on May 21, 2010, because Mr. Hunter was not present for the May 5, 2010 meet-and-confer session, and neither Latta nor attorney Linda

Ellison, who were both representing Latta at the May 5, 2010 session, signed the May 21, 2010 JSR they jointly filed. Second Objections at 21-22. P. Martinez contends, without citing any legal authority, that an attorney must have "first-hand" experience of an event before he or she may submit a subsequent document to the Court regarding that event. The Court disagrees. Any attorney that has entered his or her appearance for a client may file any document on behalf of that client, subject only to the requirements that he or she determine "to the best of [his or her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstance," that the document does not violate rule 11. Fed. R. Civ. P. 11(b).

As an additional objection, P. Martinez contends that Latta and Ms. Ellison could not both represent Latta at the meet-and-confer session because that would improperly allow Latta to represent herself both pro se and with counsel. P. Martinez is wrong. Latta's law firm immediately entered its appearance as Latta's counsel, and Latta never appeared pro se. That Latta is also an attorney with her firm and attended the meet-and-confer session in that position did not convert her to pro se status as a defendant.

P. Martinez next objects that Judge Molzen "used her own language and created her own statement regarding Plaintiff's Contentions . . . ." Second Objections at 23. In this section of the Consolidated JSR, P. Martinez' contentions are expressed as follows:

> This suit arises out of a divorce proceeding that P. Martinez alleges resulted in an unfair distribution of property. Plaintiff believes certain property should have been included in the distribution of the marital assets. As Judge Browning noted,
>
>> P. Martinez insists that M. Martinez, represented by his attorney, Ms. Latta, filed a malicious-abuse-of-process claim, filed numerous frivolous motions, engaged in forum-shopping, and lied to judges. P. Martinez also alleges that M. Martinez and Ms. Latta engaged in this conduct with the intent to deplete P. Martinez' resources, to keep her from pursuing her rights in a contract dispute initiated in Oklahoma, and to keep her from engaging in discovery that would

> uncover the assets that she alleges M. Martinez concealed during the divorce proceeding.
>
> In addition to this malicious abuse of process claim against both Defendant Latta and Defendant Martinez, Plaintiff seeks Partitioning and Accounting under New Mexico Law against Defendant Martinez.

Court's Consolidated Joint Status Report and Provisional Discovery Plan at 3.  In P. Martinez' JSR, instead of setting forth her contentions in the section provided, P. Martinez quoted her tape from the May 5, 2010 meet-and-confer session, stating:

> Now my contentions and this is where I would fill it in -- This complaint alleges under the Malicious Abuse of Process [sic] under 1998 NMSC-001 for alleged behavior of Defendant Latta and Martinez in various judicial proceeding [sic] as elaborated in the Complaint as were plead in the specific elements of that cause. Count II Partitioning and Accounting asks the Court under NMSA 42-5-1 (connecting to Count I) under authority of NMSA 40-4-20(a) to divided [sic] alleged undisclosed undivided community property of Plaintiff and Defendant Martinez.

P. Martinez' JSR at 3.  P. Martinez does not contend that Judge Molzen's paraphrasing of her contentions, based on the Court's prior summary of the allegations in her Complaint, is wrong; rather, she believes that her language must be used in a Consolidated JSR, no matter how vague or difficult it is to understand.  The Court concludes that Judge Molzen properly summarized P. Martinez' contentions and finds no error in the Consolidated JSR based upon this argument.

P. Martinez also objects that the Consolidated JSR does not reflect her intent to file a motion for summary judgment.  The Court notes that the Scheduling Order provides for either party to file a motion for summary judgment, see Scheduling Order and Discovery Plan at 2, filed May 21, 2010 (Doc. 103), so the absence in the JSR of P. Martinez' intent to file such a motion is not prejudicial.

P. Martinez objects to the statement in the Consolidated JSR that she "objects to Defendants' proposed JSR and feels that her own (Doc. 95) and the Addendum (Doc. 96) should be adopted by the Court," and suggests that the "bulk of the statemtns [sic] on p. 7 [of the JSR] appear [sic] to be

-17-

ex parte communications." Second Objections at 26. Again, P. Martinez does not contend that the statement in the Consolidated JSR to which she objects is not a true one. It is fully supported in both the documents Judge Molzen reviewed and the discussions at the May 19, 2010 hearing, and by the relief P. Martinez requests in her Objections. See Second Objections at 27 (requesting that documents 99 and 101-103 "be removed from the record," and that Docs. 95 and 96 be "place[d]" as the "legitimate JSR") The Court denies the objection because the statement in the Consolidated JSR is a reasonable summary of P. Martinez' assertions.

**IT IS ORDERED** that the Plaintiff's Objections to: 1. The Scheduling Order and Discovery Plan Provisions Filed May 21, 2010 (D 103)- and 2. To the Clerk's Minutes Filed on May 20, 2010 (D 99) with Brief in Support and Exhibits, filed June 2, 2010 (Doc. 107); and the Plaintiff's Further Objections to: Oral Rulings at Rule 16 Conference and Also Court's Consolidated Joint Status Report and Provisional Discovery Plan filed May 21, 2010 (and Def JSR Doc. 101) with Brief in Support and Exhibits and Affidavits, filed June 2, 2010 (Doc. 108) are overruled. The Court will not strike the Clerk's Minutes filed May 20, 2010 or the Defendants' proposed JSR filed May 21, 2010. The Court will not reconsider or amend the Consolidated JSR or the Scheduling Order, filed May 21, 2010.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Patricia Martinez
Broken Arrow, Oklahoma

      *Plaintiff pro se*

Joshua R. Simms
Albuquerque, New Mexico

    *Attorney for Defendants Michael Martinez and Jean Smith*

Jessica C. Roth
Colin Lambert Hunter
Hunter Law Firm
Albuquerque, New Mexico

--and --

Linda Lillie Ellison
Lynda M Latta
Law Offices of Lynda Latta
Albuquerque, New Mexico

    *Attorneys for Defendant Lynda Latta*

Alfred A. Park
Lawrence M. Marcus
Cadigan & Park, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Hon. Elizabeth Whitefield*

Paul Wiest
Albuquerque, New Mexico

    *Defendant pro se*