IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PATRICIA MARTINEZ**,

    Plaintiff,

v.     No. CIV-09-281 JB/KBM

**MICHAEL MARTINEZ and
LYNDA LATTA**,

    Defendants.

### REPORT AND RECOMMENDATION[1]

**THIS MATTER** comes before me on an Order of reference issued pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), and directing me to "perform any legal analysis required to recommend to the Court an ultimate disposition" of any motions filed in this case[2]. Doc. 67. Before the Court is pro se Plaintiff Patricia Martinez's *Motion to Stay all Further Proceedings*, filed January 14, 2011 [Doc. 126]. P. Martinez has filed an improper notice of appeal of issues in interlocutory orders that either have not been certified for immediate appeal or have not yet been ruled upon, *see* Doc. 127, and contends that the proceedings in this case should be stayed until the Tenth Circuit rules on her appeals. I recommend that the Court deny the motion and allow the case to proceed.

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

[2] Although a motion for a stay is generally not considered to be a dispositive matter that affects the claims or defenses of a litigant, *see* FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A), because the issue before the Court concerns this Court's jurisdiction to proceed, I recommend that the district judge make the ultimate determination whether to grant P. Martinez's motion for a stay.

**I.      Procedural background.**

On March 30, 2010, the Court dismissed "P. Martinez' claims against Wiest and Smith because the facts alleged in her Amended Complaint, taken as true, do not state a cause of action and, even if they did, the statute of limitations would bar those claims." Doc. 81 at 20; *see also* Doc. 124 ("dismiss[ing] Wiest and Smith from the case" because the claims against them have been dismissed). The Court did not direct in either Order, nor did P. Martinez request, that a final judgment should issue as to P. Martinez's claims against these Defendants, nor did the Court expressly determine that "there is no just reason for delay" such that P. Martinez could immediately appeal from those Orders under FED. R. CIV. P. 54(b) and 28 U.S.C. § 1292(b).

On December 21, 2010, the Court entered an Order denying P. Martinez's Objections to the Scheduling Order, Consolidated Joint Status Report, and Discovery Plan Provisions that I entered on May 21, 2010. *See* Doc. 125. The Court has not yet issued rulings on P. Martinez's Objections to my September 1, 2010 Order granting the Defendants' motion for a protective order, *see* Doc. 121.

P. Martinez filed a Notice of Appeal on January 14, 2011, seeking to appeal from the Orders dismissing the claims against Wiest and Smith and dismissing them as Defendants. *See* Doc. 127 at 1. She also states that she is appealing from the December 21, 2010 Order in which the Court denied her Objections found in documents 107, 108, 110, 114, and 115, but she contends only that the Court allegedly did not "specifically address[] all objections on doc 107 and 108" regarding my September 1, 2010 Order (Doc. 121) granting a protective order to the Defendants. As noted above, however, the Court has not yet ruled on P. Martinez's Objections to my September 1, 2010 Order, thus P. Martinez is attempting to appeal from an Order that has not even been issued.

**II.     Analysis.**

It has long been held that "a federal district court and a court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). But "courts of appeals have no jurisdiction to review orders of the district court until there is a 'final decision' from the district court under 28 U.S.C. § 1291," *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990), or unless there is some other statutory or common-law principle that confers appellate subject-matter jurisdiction upon the circuit courts before a final judgment is entered. Jurisdiction under 28 U.S.C. § 1291 generally "depends on the existence of a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (internal quotation marks omitted). "The finality requirement in § 1291 evinces a legislative judgment that restricting appellate review to final decisions prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy." *F.D.I.C. v. McGlamery*, 74 F.3d 218, 221 (10th Cir. 1996).

As a "practical construction" of this rule of finality, there are certain, narrowly limited, types of "collateral" interlocutory orders that are considered to be "final" for purposes of immediate appeal. *See Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). To fall into this small category of decisions, the order must "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand*, 437 U.S. at 468. The most common types of *Cohen* collateral

orders that are immediately appealable are orders denying motions to dismiss based on sovereign or qualified immunity, double jeopardy, or arbitration clauses mandating arbitration instead of litigation -- all of which are based on a defendant's contention that he is entitled to a "right not to be tried" or "immunity from suit." *See Digital Equipment Corp.*, 511 U.S. at 873; *Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 837 (10th Cir. 2003) ("Pursuant to the federal collateral order doctrine, we have subject matter jurisdiction to hear 'appeals of orders denying motions to dismiss where the motions are based on immunity from suit.'").

The Court's Orders (Docs. 81 and 124) dismissing P. Martinez's claims against Wiest and Smith were not based on immunity from suit and they are effectively reviewable on appeal from a final judgment, thus the Orders are not immediately appealable final orders under *Cohen* over which the Tenth Circuit has immediate appellate jurisdiction[3]. *See Digital Equipment Corp*, 511 U.S. at 868 ("[W]e have . . . repeatedly stressed that the 'narrow' [*Cohen*] exception should stay that way and never be allowed to swallow the general rule that a party is entitled to a single appeal, to be

---

[3] If the Orders were considered to be final and immediately appealable under the *Cohen* doctrine, the Court could still maintain jurisdiction over the case if, after holding a hearing, the Court certified the appeal as frivolous or forfeited. *See Stewart*, 915 F.2d at 576-77 (appeal of order denying qualified immunity); *McCauley v. Halliburton Energy Servs, Inc.*, 413 F.3d 1158, 1162 (10th Cir. 2005) (appeal of order refusing to enforce arbitration clause). Such "certification will prevent the divestiture of district court jurisdiction. Appellant may then move [the Tenth Circuit] for a stay pending appeal, asserting that the district court's finding of frivolousness is not supported by the record. If [the Tenth Circuit] determines that the appeal is not frivolous, we will stay the litigation in the district court pending the appeal of the denial of the motion to compel arbitration." *McCauley*, 413 F.3d at 1162. Of course, since P. Martinez is not challenging an appealable collateral order, the Court need not hold such a hearing or find the appeal to be frivolous. *Cf. Stewart*, 915 F.2d at 577 ("Once a notice of appeal *on an appealable issue such as qualified immunity is filed*, the status quo is that the district court has lost jurisdiction to proceed.") (italics added).

deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated.") (citations omitted).  And even if P. Martinez was attempting to appeal from an Order affirming my discovery rulings, the Tenth Circuit "has repeatedly held that discovery orders are not [immediately] appealable under the *Cohen* doctrine" and the Tenth Circuit therefore does not "have jurisdiction to review the challenged discovery order at this stage in the proceedings . . ." *Boughton v. Cotter Corp.*, 10 F.3d 746, 748-49 (10th Cir.  1993).  P. Martinez, therefore, has not invoked the Tenth Circuit's subject-matter appellate jurisdiction over the three Orders that she is attempting to appeal from because they are not "final" immediately appealable orders.  *See Swint v. Chambers County Com'n*, 514 U.S. 35, 43 (1995) (holding that "[a]n erroneous ruling on liability may be reviewed effectively on appeal from final judgment.  Therefore, the order denying the county commission's summary judgment motion was not an appealable collateral order[,]" and the circuit court did not have jurisdiction to consider the appeal).

Nor is there any other statutory basis for the Tenth Circuit's immediate appellate subject-matter jurisdiction over the challenged Orders.  Circuit courts have immediate statutory subject-matter appellate jurisdiction over only three types of interlocutory orders, which are not present in this case.  *See* 28 U.S.C. § 1292(a) (providing for interlocutory appeals of orders involving injunctive relief, receiverships, and admiralty cases).  Otherwise, the circuit courts of appeal have statutory discretionary immediate subject-matter jurisdiction only over appeals from interlocutory civil orders of the federal district courts if the district court, "within ten days after the entry of the [interlocutory] order" requests an interlocutory appeal because the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and [if] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Such application for a discretionary interlocutory appeal "shall not stay

proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." *Id.* Certification of interlocutory appeals under § 1292(b) is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *State of Utah By and Through Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994). Because P. Martinez has never requested, and the Court did not issue, such certification within ten days of the challenged orders, P. Martinez has not invoked the Tenth Circuit's subject-matter jurisdiction under § 1292(b) by filing the improper notice of appeal. *See Hutchinson,* 105 F.3d at 569 (holding that, because the district court "has not entered a judgment certifying this order for appeal under Rule 54(b) . . . we do not have jurisdiction over this appeal under § 1291").

Nothing in the record demonstrates that jurisdiction over this case has been removed from this Court and properly conferred in the Tenth Circuit. *See Swint*, 514 U.S. at 45-47 (setting out the three bases for appellate jurisdiction and holding that, "[i]f courts of appeals had discretion to append to a *Cohen*-authorized appeal from a collateral order further rulings of a kind neither independently appealable nor certified by the district court, then the two-tiered arrangement § 1292(b) mandates would be severely undermined"); *Cobbledick v. United States*, 309 U.S. 323, 325 (1940) ("Congress . . . , by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial administration [and] . . . the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment."); *Hutchinson v. Pfeil*, 105 F.3d 566, 568 (10th Cir. 1997) ("We can address the underlying merits of a lawsuit only if it meets the requirements for appellate jurisdiction outlined in either 28 U.S.C. § 1291 or § 1292.").

"An attempt to appeal a non-final decision of a district court remains just that, an attempt. It is a nullity and does not divest the trial court of its jurisdiction." *Century Laminating, Ltd. v. Montgomery*, 595 F.2d 563, 567 (10th Cir. 1979); *see Griggs*, 459 U.S. at 58 (citing with approval *Ruby v. Sec'y of United States Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc), for the principle that a "notice of appeal from unappealable order does not divest district court of jurisdiction" and holding that "a premature notice of appeal 'shall have no effect' . . . . In short, it is as if no notice of appeal were filed at all. And if no notice of appeal is filed at all, the Court of Appeals lacks jurisdiction to act. It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'"). "The finality requirement of 28 U.S.C. § 1291 must have been satisfied as of the date a notice of appeal is filed." *Century Laminating, Ltd.*, 595 F.2d at 567. Thus, even though the appellate rules of civil procedure now "allow a premature notice of appeal to become effective upon the denial of a Rule 59 motion," *Avila v. Sullivan*, 46 F.3d 1150, 1995 WL 3911, *1 (10th Cir. Jan. 4, 1995), the premise that a notice of appeal filed before entry of a final order does not remove jurisdiction from the district court unless there is another statutory basis for appellate-court jurisdiction is still good law. *See Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1976) ("If the notice of appeal is deficient by reason of . . . reference to a non-appealable order . . . the district court may ignore it and proceed with the case. If the district court is in doubt whether the notice of appeal is valid, it may decline to act further until disposition of the appeal. If the district court proceeds with the case under the mistaken belief that the notice of appeal is inoperative, the complaining party may seek relief from the court of appeals under 28 U.S.C. s 1651 and Rule 21, F.R.A.P.."). The reason that the Court may disregard an improper attempt to appeal from a nonappealable order is that "[o]therwise a litigant could temporarily deprive a court of jurisdiction at any and every critical juncture." *Hodgson v. Mahoney*, 460 F.2d 326, 328 (1st Cir.

7

1972). Because P. Martinez filed a notice of appeal in the absence of a final order and with no other statutory authority to file a notice of appeal, this Court retains jurisdiction and may ignore the notice of appeal. *See Arthur Andersen,* 546 F.2d at 340-41; *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 190 n.17 (5th Cir. 1999) ("We recognize that an appeal from an unappealable order does not divest a district court of subject matter jurisdiction."); *Hentges v. Girl Scouts of the U.S.A* , No. 10-CV-02072-BNB, 2010 WL 3816712, *2 (D. Colo. Sept. 23, 2010) (relying on §§ 1291 and 1292, *Griggs*, *Stewart*, *Arthur Andersen & Co.*, and *Hodgson* to "ignore the notice of appeal and proceed with the case" where the pro se plaintiff attempted to appeal from a non-appealable order dismissing the plaintiff's unrepresented minor children as plaintiffs); *Wheeler v. Am. Heritage Bank*, No. 04cv271 WJ/LFG, 2004 WL 5459803, *1 (D.N.M. Oct. 29, 2004) (noting that it had denied a motion for stay pending appeal because "the notice of appeal filed by Plaintiffs is a nullity, as it purports to appeal from a nonappealable discovery and sanctions order entered by the Magistrate Judge in this case;" finding that it "has jurisdiction to proceed" despite the notice of appeal under § 1291 and *Arthur Andersen & Co.*; and dismissing the case with prejudice as a sanction for failure to comply with discovery orders), *appeal dismissed*, No. 04-2251, 175 Fed. App'x 250 (10th Cir. Apr. 11, 2006) (noting that, before the district judge had ruled on the appellant's objections, the appellant "filed a 'Notice of Appeal' in this court, stating that she was appealing from the magistrate judge's August 17, 2004 order," concluding that "we do not have jurisdiction to consider Wheeler's challenge to the magistrate judge's" order, and dismissing the appeal for lack of jurisdiction).

    I therefore recommend that the Court deny the motion for stay and that the case move forward as scheduled.

                                                /s/ Karen B. Molzen
                                          **UNITED STATES MAGISTRATE JUDGE**