**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

PATRICIA MARTINEZ,

     Plaintiff,

v.                                           No. CIV-09-281 JB/KBM

MICHAEL MARTINEZ and
LYNDA LATTA,

     Defendants.

**<u>ORDER MODIFYING SCHEDULING ORDER</u>**

     **THIS MATTER** comes before me on pro se Plaintiff Patricia Martinez's *Motion for New Scheduling Order to Judge Browning*, filed April 25, 2011 [Doc. 143]. My duty, authority, and jurisdiction to rule on this non-substantive pre-trial matter arises under 28 U.S.C. § 636(b)(1)(A), and P. Martinez cannot usurp that authority by attempting to direct her motion to the attention of the presiding district judge.

     On May 21, 2010, I entered a Scheduling Order allowing discovery to commence in this case and requiring that discovery be completed by November 19, 2010. Doc. 103 at 1. I informed the parties that "discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause." *Id.*; *see* FED. R. CIV. P. 16(b)(4) ("A schedul[ing order] may be modified only for good cause and with the judge's consent."). Unhappy with the Scheduling Order, P. Martinez filed objections. *See* Doc. 107. Because P. Martinez had prematurely submitted discovery requests to the Defendants on May 5, 2010, they filed a motion for a protective order. *See* Doc. 109. Instead of simply re-serving the Defendants with new discovery requests, P. Martinez contended that her premature requests were valid. *See* Doc. 111. I granted the motion for protective order, holding that "Plaintiff's May 5 discovery requests were premature and

in violation of [my April 21, 2010 Scheduling] Order, and the Defendants are not obligated to respond to them." Sept. 1, 2010 Order at 2.  I also held that P. Martinez "should delete [certain] improper information from the interrogatories she submits in the future." *Id.* at 3.  Again, instead of simply serving the Defendants with new discovery requests that complied with the Scheduling Order and Protective Order, P. Martinez objected to the Protective Order.  *See* Doc. 122.  P. Martinez then did nothing toward prosecuting her case, erroneously insisting that she "was unable to properly continue to prosecute this case" until Judge Browning ruled on her objections.  Doc. 150 at 1.

On December 21, 2010, Judge Browning issued his Order denying reconsideration of the May 21, 2010 Scheduling Order and holding that he would not "amend the Consolidated JSR or the Scheduling Order."  Dec. 21, 2010 Order at 18.  Of course, by this date, the discovery deadline had passed.  P. Martinez waited for four months, until all remaining case management deadlines in the Scheduling Order had passed, to file her motion for a new Order, and now insists that good cause exists for extending the discovery and other deadlines solely because Judge Browning did not issue his adverse ruling until after the discovery deadline had passed.

Scheduling Orders are controlling and must be obeyed unless a judge orders otherwise.  *See* Rule 16(b) (requiring entry of a scheduling order and limitations on its modification); D.N.M. LR-Civ. 37.3 ("A party's duty to comply with a discovery order is not stayed by filing an appeal from or objection to the order, unless otherwise ordered.").  As noted by other courts in the Tenth Circuit,

> decisions by a magistrate judge on nondispositive motions are intended to be effective unless overturned by the district judge, just as decisions of a district judge are intended to be effective unless overturned by a circuit court. 12 Wright, Miller & Elliott, FEDERAL PRACTICE & PROCEDURE § 3076.6 at 53 (1993 pocket part).

*Kimbrell v. ADIA, S.A.*, 834 F. Supp. 1313, 1317 (D. Kan. 1993).  The "good cause" requirement in

Rule 16(b)(4) for modifying a scheduling order asks whether the movant could have reasonably met the discovery deadline if the movant had been diligent.  *See* Advisory Committee Notes to 1983 Amendment to FED. R. CIV. P. 16(b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."); *DIRECTV, Inc. v. Penrod* , case No. 03cv054 JB/DJS, 2005 WL 3663514, *2 (D.N.M. Oct. 25, 2005) (applying and quoting the Advisory Committee Notes to the 1983 Amendment of Rule 16(b) and collecting cases from other circuits that apply that standard).

Rule 16(b)(4)'s "good cause" standard is more demanding than the standard for permitting amendment in Rule 15(a)(2), which instructs courts to "freely give leave [to amend a complaint] when justice so requires" but which still does not permit leave to amend "when the party filing the motion has no adequate explanation for the delay." *Martinez v. Target Corp.*, No. 09-2112, 384 Fed. App'x 840, 846, 2010 WL 2616651, *4 & n.5 (10th Cir. 2010) (internal quotation marks omitted). As Judge Browning has previously noted,

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Chaara v. Intel Corp*, No. 05cv278 JB/RLP, 2006 WL 4079030, *5 (D.N.M. May 31, 2006) (quoting *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997)), *aff'd* 245 Fed. App'x 784 (10th Cir. Aug 20, 2007).  Thus, a party who totally disregards a scheduling order – without requesting that the Court stay or extend compliance with the order, in the hope that

another judge will overturn it, does so at her own peril.  Scheduling orders and pretrial conferences are specifically designed to "expedit[e] disposition of the action."  Rule 16(a)(1).  As in this case, which has languished for over a year without P. Martinez conducting any valid discovery, it seriously erodes the timely processing of a case, grinding its movement to a halt, if the parties are allowed to disregard scheduling orders simply because they don't agree with them.

Citing no authority for her premise, P. Martinez contends that it would not be fair to refuse to extend the discovery and other deadlines in this case, pointing out that she moved to stay the proceedings pending her improper interlocutory appeal to the Tenth Circuit.  I note, however, that this motion to stay was not filed until January 14, 2011, *see* Doc. 126, long after the discovery deadline had passed.  P. Martinez could have easily conducted and completed her discovery within the controlling deadline if she had simply submitted her new discovery requests to the Defendants while awaiting Judge Browning's rulings on her objections.  Or she could have filed a motion to extend the deadlines before they expired or to stay the effect of the scheduling order, but she did not do so.  *See generally* FED. R. CIV. P. 6(b)(1)(A),(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time. . . if a request is made before the original time or its extension expires; or [] on motion made after the time has expired if the party failed to act because of excusable neglect.").  P. Martinez has not shown good cause to extend the discovery deadline.

Although it seems clear that P. Martinez's refusal to conduct discovery or otherwise comply with the May 21, 2010 Scheduling Order arises from her erroneous belief that she did not have to obey an order to which she had objected, a plaintiff's "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and

Appellate Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.") (internal quotation marks omitted); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (noting, in pro se case, "we have repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders").

　　　**IT IS ORDERED** that Plaintiff's *Motion for New Scheduling Order* [Doc. 143] is DENIED.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE