IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA MARTINEZ,

    Plaintiff,

v.                                                    No. CIV-09-281 JB/KBM

MICHAEL MARTINEZ and
LYNDA LATTA,

    Defendants.

## ORDER

**THIS MATTER** comes before me on pro se Plaintiff Patricia Martinez's *Motion & Objection to Judge Browning: Notices of Unavailability*, filed April 26, 2011 [Doc. 145]. My duty, authority, and jurisdiction to rule on this non-substantive pre-trial matter arises under 28 U.S.C. § 636(b)(1)(A), and P. Martinez cannot usurp that authority by attempting to direct her motion to the attention of the presiding district judge.

Defendant Michael Martinez's counsel filed a *Notice of Unavailability* for 41 days during April-July 2011, stating that he "respectfully requests that any settings requested be set at other times." Doc. 141. He filed another *Notice of Unavailability* on June 16, 2011. *See* Doc. 155. P. Martinez asks this Court to explain to her its "statement and standing regarding Notices of Unavailability," which she interprets as an attempt to control her schedule and as a "diversion to avoid scheduling and responses" Doc. 145 at 1. She requests that the Court "render [a] finding on the appropriateness" of the Defendant's Notice.[1] Doc. 145 at 2. I interpret her request to be a motion

---

[1] P. Martinez filed her own Notice of Unavailability for twenty-two days in June and July and the first week of September, 2011. *See* Doc. 157. She mistakenly assumes that her notice may extend "potential time allowances for pleading responses." *Id.* If a motion is filed during the time P. Martinez is unavailable and she is unable to timely respond to the motion, she may simply request a stipulated extension of time in which to respond from opposing counsel, *see* D.N.M. LR-Civ.

to strike the Notice.

The Court considers the practice of noticing other parties when counsel or a party will be out of town or otherwise unavailable to be no more than a courteous request that an *in-person* court hearing not be scheduled during that time period if at all possible. Such a notice has no effect on deadlines of any sort or on a party's right to file a motion or his duty to respond to a motion or other document. If the Court sets a hearing on a date a party has stated it or its counsel will not be available, the party may move to vacate or reset the hearing, or move to appear telephonically, or it may obtain substitute counsel to appear on its behalf for that hearing. Insofar as P. Martinez may be requesting that the Court strike the Defendant's Notice, the request will be denied.

P. Martinez must familiarize herself with the rules of federal procedure, including our local rules. She should pay particular attention to D.N.M. LR.-Civ. 10, which proscribes the format of documents submitted for filing.

**IT IS ORDERED** that Plaintiff's *Motion* [Doc. 145] is DENIED.

_____
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

7.4(a), and if counsel will not agree, she may file a motion for an extension of time.