**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PATRICIA MARTINEZ,

      Plaintiff,

vs.                                                                                              No. CIV 09-0281 JB/KBM

MICHAEL MARTINEZ, LYNDA LATTA,
HON. ELIZABETH WHITEFIELD, PAUL
WIEST, and JEAN SMITH,

      Defendants.

**MEMORANDUM OPINION AND ORDER
OVERRULING MOST OBJECTIONS**

**THIS MATTER** comes before the Court on the Plaintiff's Objection to Order Denying Modification of Scheduling Order, filed July 15, 2011 (Doc. 160). Plaintiff Patricia Martinez, proceeding pro se, objects to the Order Modifying Scheduling Order, filed July 6, 2011 (Doc. 158), the Honorable Karen B. Molzen, Chief United States Magistrate Judge, issued denying P. Martinez' Motion for New Scheduling Order to Judge Browning, filed April 25, 2011 (Doc. 143). Having reviewed the Objections *de novo*, the Court finds that the law constrains it from providing the full relief P. Martinez seeks.

Chief Judge Molzen correctly noted that "Scheduling Orders are controlling and must be obeyed unless a judge orders otherwise. See Rule 16(b)(requiring entry of a scheduling order and limitations on its modification)." Order Modifying Scheduling Order at 2. Indeed, the United States District Court for the District of New Mexico local rules warn that "[a] party's duty to comply with a discovery order is not stayed by filing an appeal from or objection to the order, unless otherwise ordered." D.N.M.LR-Civ. 37.3. Here, however, P. Martinez did not seek to stay the proceedings

until January 14, 2011, almost two months *after* the discovery deadline had passed.

Nevertheless, "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Advisory Committee Notes to 1983 Amendment to FED. R. CIV. P. 16(b). Rule 16(b)'s "good cause" standard requires a finding that, even with a party's diligent efforts, the scheduling deadlines could not be met. Here, P. Martinez has vigorously sought to obtain discovery via a joint status report and scheduling order more to her liking. Yet she fails to demonstrate good cause why she could not have earlier obtained the majority of the discovery she now seeks. As Judge Molzen found,

> P. Martinez could have easily conducted and completed her discovery within the controlling deadline if she had simply submitted her new discovery requests to the Defendants while awaiting Judge Browning's rulings on her objections. Or she could have filed a motion to extend the deadlines before they expired or to stay the effect of the scheduling order, but she did not do so. *See generally* FED. R. CIV. P. 6(b)(1)(A),(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made before the original time or its extension expires; or [] on motion made after the time has expired if the party failed to act because of excusable neglect.").

Order Modifying Scheduling Order at 4.

With one exception, the Court agrees that P. Martinez has not shown good cause to modify the scheduling order to extend the long-past discovery deadline. In her Order granting the Defendants' request for a protective order, Chief Judge Molzen held that, in the future, P. Martinez could not obtain discovery of M. Martinez' post-divorce business records. Until the time that the Court set aside that ruling, see Doc. 139 at 6-8, Chief Judge Molzen's order precluded P. Martinez from obtaining discovery of that information even with the exercise of due diligence. The Court will thus authorize P. Martinez to serve discovery requests no later than August 30, 2011, addressed solely to that issue.

P. Martinez' pursuit of the best or ideal discovery plan has been the enemy of the good for

her case.  Rather than taking the opportunity to initiate and conduct the discovery that Chief Judge Molzen has allowed her, P. Martinez has used her valuable discovery time to object to every ruling, to appeal to and seek an extraordinary writ from the United States Court of Appeals for the Tenth Circuit, and to try to disqualify Chief Judge Molzen.  Instead of conducting the discovery she could, she focused on securing the scheduling order she desired, before she did any discovery.  The slowness of the Court's rulings on her objections is not the cause of her problems; the cause of her lack of discovery is that she failed to conduct discovery.  P. Martinez should use her remaining opportunity to conduct discovery to great advantage.

**IT IS ORDERED** that Plaintiff's Objection to Order Denying Modification of Scheduling Order, filed July 15, 2011 (Doc. 160), are overruled in part and sustained in part as set forth in this order.

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Patricia Martinez
Broken Arrow, Oklahoma

      *Plaintiff pro se*

Joshua R. Simms
Albuquerque, New Mexico

      *Attorney for Defendants Michael Martinez and Jean Smith*

Jessica C. Roth
Colin Lambert Hunter
Hunter Law Firm
Albuquerque, New Mexico

--and --

Linda Lillie Ellison
Lynda M. Latta
Law Offices of Lynda Latta
Albuquerque, New Mexico

  *Attorneys for Defendant Lynda Latta*

Alfred A. Park
Lawrence M. Marcus
Cadigan & Park, P.C.
Albuquerque, New Mexico

  *Attorneys for Defendant Hon. Elizabeth Whitefield*

Paul Wiest
Albuquerque, New Mexico

  *Defendant pro se*