**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PATRICIA MARTINEZ,

Plaintiff,

v. No. CIV 09-0281 JB/KBM

MICHAEL MARTINEZ and
LYNDA LATTA,

Defendants.

**MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION**

**THIS MATTER** comes before the Court on pro se Plaintiff Patricia Martinez' Joint Objections to Doc. 168 and 169 Rulings by Judge Molzen, filed September 17, 2011 (Doc. 170)("Objections"). The Court construes Plaintiff Patricia Martinez' filing as a motion for the Court's reconsideration of orders that the Honorable Karen B. Molzen, Chief United States Magistrate Judge, filed, which involved non-dispositive pretrial matters. See 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."); Ashby v. McKenna, 331 F.3d 1148, 1152 (10th Cir. 2003)(noting that "the appropriate means to challenge the [magistrate judge's non-dispositive] order would have been by way of a request for reconsideration rather than objection"). The primary issue is whether Chief Magistrate Judge Molzen's challenged Orders are clearly erroneous or contrary to law.

Despite the Court's instructions on how to properly caption a request for reconsideration

of a magistrate judge's non-dispositive order in its Memorandum Opinion and Order at 1-2, filed March 28, 2011 (Doc. 139), P. Martinez again failed to caption her filing as a "motion," so the Defendants have not filed responses to her "Objection," and no party has requested a hearing. See Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). The Court overrules P. Martinez' objections and will not reconsider Chief Magistrate Judge Molzen's Orders, because the issues P. Martinez raises are moot, and because P. Martinez has failed to show that any of Chief Magistrate Judge Molzen's Orders are clearly erroneous or contrary to law.

**LEGAL STANDARD FOR RECONSIDERING A PRETRIAL ORDER**

The Court may "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Thus, in examining Chief Magistrate Judge Molzen's orders, the Court must "defer to the magistrate judge's ruling unless it [is] clearly erroneous or contrary to law." Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006). "Under the clearly erroneous standard, the reviewing court [must] affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Allen v. Sybase, Inc., 468 F.3d at 658 (alteration in original)(internal quotation marks omitted)(citations omitted).

**ANALYSIS**

After carefully reviewing her objections, the Court concludes that Chief Magistrate Judge Molzen's orders are not "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a). Indeed, the Court believes that Chief Magistrate Judge Molzen's orders appear to be a sound exercise of her discretion. The Court therefore overrules P. Martinez' objections.

## I. THE COURT DOES NOT FIND THE SEPTEMBER 6, 2011 ORDER DENYING A STAY IS CLEAR ERROR OR CONTRARY TO LAW.

Because the United States Court of Appeals for the Tenth Circuit denied P. Martinez's petition for a writ of mandamus on September 2, 2011, see Order Denying Petition for Writ of Mandamus (dated September 2, 2011), filed September 6, 2011 (Doc. 167), Chief Magistrate Judge Molzen entered a text-only Order denying the motion as moot on September 6, 2011, see Order, filed September 15, 2011 (Doc. 168). P. Martinez contends that the ruling is erroneous and that the Court should reinstate her motion for stay because, on September 14, 2011, P. Martinez filed a motion for rehearing en banc in the Tenth Circuit challenging the Court's rule 16 sanctions. The Tenth Circuit denied her motion on September 27, 2011, see Doc. 176, so that issue is moot. Further, because, at the time Chief Magistrate Judge Molzen issued her Order denying the stay as moot, P. Martinez had not filed a motion for rehearing in the Tenth Circuit. It was thus reasonable for Chief Magistrate Judge Molzen to assume that she would not do so, given the fact that mandamus relief is "a drastic remedy, and is to be invoked only in extraordinary circumstances," In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1186 (10th Cir. 2009)(internal quotation marks omitted), which circumstances the Tenth Circuit had already found do not exist in this case. See Order Denying Petition for Writ of Mandamus. The Court therefore overrules P. Martinez' objections and will not reconsider the September 6, 2011 Order.

## II. THE COURT DOES NOT FIND THAT THE SEPTEMBER 15, 2011 ORDER GRANTING P. MARTINEZ' MOTION TO FILE A SURREPLY IS CLEAR ERROR OR CONTRARY TO LAW.

On September 15, 2011, Chief Magistrate Judge Molzen granted P. Martinez' Request for Leave of Court to File Surreply to Defendant's Joint Reply to Plaintiff's Response to Defendant's Motion to Dismiss Pursuant to Rule 41, filed June 10, 2011 (Doc. 154), and ordered P. Martinez to

file her surreply on or before September 29, 2011. See Order, filed September 15, 2011 (Doc. 169). At that time, Chief Magistrate Judge Molzen did not know that P. Martinez had filed her September 14, 2011 petition for rehearing on the denial of the petition for a writ of mandamus, and P. Martinez also had not objected to the Order denying the stay as moot. Nevertheless, P. Martinez contends that it was error for Chief Magistrate Judge Molzen to order her to file a surreply brief when the petition for rehearing was pending, asserting that it was "not proper [for her] to have any involvement with pleadings with this court [and that she did] not wish to involve [herself] or entangle [herself] with this Court which would preclude their review." Objections at 2. P. Martinez is mistaken. Stays are neither automatic nor mandatory when a petition for a writ of mandamus or a petition for rehearing are pending in the Tenth Circuit. Absent the issuance of a stay, district-court orders are effective, and the case continues to move forward concurrently with the mandamus review. Further, P. Martinez' request that her surreply brief "be held in abeyance" and "not be considered relevant unless the Tenth Circuit denies my petition for rehearing," Objections at 2, is also moot, because the petition for rehearing has been denied. In fact, P. Martinez has withdrawn her "In Abeyance Surreply Brief," see Notice of Withdrawal of Doc. 171 In Abeyance Surreply And Remarks, filed September 22, 2011 (Doc. 172), and has timely re-filed her surreply, see Surreply Brief Re: (Doc. 169 Order), filed September 28, 2011 (Doc. 177). The Court therefore overrules P. Martinez' objections and will not reconsider the September 15, 2011 Order

**IT IS ORDERED** that P. Martinez' Joint Objections to Doc. 168 and 169 Rulings by Chief Magistrate Judge Molzen, filed September 17, 2011 (Doc. 170) are overruled.

UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Patricia Martinez
Broken Arrow, Oklahoma

*Plaintiff Pro Se*

Joshua R. Simms
Albuquerque, New Mexico

*Attorney for Defendant Michael Martinez*

Jessica C. Roth
Colin Lambert Hunter
Hunter Law Firm
Albuquerque, New Mexico

*Attorneys for Defendant Lynda Latta*