IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PATRICIA MARTINEZ**,

    Plaintiff,

v.                                                                                           No. CIV-09-281 JB/KBM

**MICHAEL MARTINEZ and
LYNDA LATTA**,

    Defendants.

### REPORT AND RECOMMENDATION[1]

**THIS MATTER** comes before me on an Order of reference issued pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), and directing me to "perform any legal analysis required to recommend to the Court an ultimate disposition" of any motions filed in this case. Doc. 67. Before the Court is the Defendants' *Motion to Dismiss Pursuant to Rule 41*, filed May 12, 2011 (Doc. 148). I recommend denying the motion.

The Defendants' motion is based on pro se Plaintiff Patricia Martinez's failure to prosecute this case for several months while she was waiting for Judge Browning to rule on her numerous objections to almost every Order I have entered, including the May 21, 2010 *Scheduling Order* (Doc. 103), the September 1, 2010 *Order Granting Protective Order* (Doc. 121), and the July 6, 2011 *Order Modifying Scheduling Order* (Doc. 158).

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

In an Order issued March 28, 2011, Judge Browning overruled one portion of my September 1, 2010 protective order and allowed P. Martinez to discover "M. Martinez' post-divorce business records." Doc. 139 at 9. Subsequently, Judge Browning held that P. Martinez had failed "to demonstrate good cause why she could not have earlier obtained the majority of the discovery she now seeks," but amended the Scheduling Order to "authorize P. Martinez to serve discovery requests no later than August 30, 2011, addressed solely to that issue." August 12, 2011 Mem. Op. & Order (Doc. 164) at 2.

> Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits dismissal [is] an appropriate sanction.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations and internal quotation marks omitted; elipsis in original).

The Defendants did not argue until their reply brief that they have been actually prejudiced by P. Martinez's failure to prosecute or that lesser sanctions would not be sufficient. Reply briefs should address only new issues raised in the response brief, and entitlement to dismissal with prejudice under *Ehrenhaus* was not raised as a new issue in P. Martinez's response brief. P. Martinez has not had advance warning that dismissal would be a likely sanction for failing to prosecute her case. Although P. Martinez has clearly, and without any excuse (except for her erroneous beliefs about the effect of her objections on standing Orders[2]), failed to timely prosecute

---

[2] Despite her numerous objections, improper interlocutory appeals, and requests for mandamus relief that have been accompanied by requests for stays, P. Martinez continues to stubbornly insist that *she* "has been the one stalemated to proceed on this case because of the huge

2

her case after May 2010, because the Court permitted P. Martinez to conduct discovery until August 30, 2011 and the docket indicates that she has done so, *see* Doc. 166 (P. Martinez's Certificate of Service of requests for answers to interrogatories and for production of documents directed to Michael Martinez on August 26, 2011), I conclude that the aggravating factors do not outweigh the Court's strong predisposition to resolve cases on their merits. I recommend, therefore, that the Defendants' motion to dismiss for failure to prosecute be denied.

**WHEREFORE**,

I recommend that the Court deny Doc. 148, Defendants' *Motion to Dismiss*.

_____
**UNITED STATES CHIEF MAGISTRATE JUDGE**

---

delays in rulings and desire to move forward," Doc. 149 at 4. As Judge Browning has noted, "[t]he slowness of the Court's rulings on her objections is not the cause of her problems; the cause of her lack of discovery is that she failed to conduct discovery." August 12, 2011 Mem. Op. & Order at 3. But even after this admonition, P. Martinez moved for yet another stay while her petition for mandamus was pending, *see* Doc. 165, and when I denied it as moot after the petition was denied, *see* Doc. 168, and granted her motion to file a surreply regarding the motion to dismiss to move the case forward, *see* Doc. 169, she objected to both Orders because she was going to file a petition for rehearing in the Tenth Circuit two days before the time period for doing so ended, *see* Doc. 170. It seems more and more clear that P. Martinez simply wants to prolong this suit for as long as possible and to cause her ex-husband to have to expend as much money as possible in attorney fees required to respond to her extensive, and usually frivolous, objections, motions, and motions to reconsider.