IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA MARTINEZ,

     Plaintiff,

vs.                                       No. CIV 09-0281 JB/KBM

MICHAEL MARTINEZ and
LYNDA LATTA,

     Defendants.

**AMENDED MEMORANDUM OPINION AND ORDER[1]**

**THIS MATTER** comes before the Court on pro se Plaintiff Patricia Martinez' (i) Objections

to Record - Doc. 196 Order, filed November 23, 2011 (Doc. 201)("Objections to Record");

(ii) Objection to Denial of Motion for Stay of Proceedings - Doc. 196 - Emergency Response

Requested by December 7, 2011 - Two Weeks, filed November 23, 2011 (Doc. 202)("Objection to

Denial of Stay"); and (iii) Motion to Respond to Doc. 202 - Objection to Denial of Motion for Stay

of Proceedings - Doc. 196 - Emergency Response Requested by Dec. 7, 2011 - Two Weeks and

Errata, filed December 9, 2011 (Doc. 210)("Motion").  Once again,[2] the Court construes P.

---

[1]The Court files this Amended Memorandum Opinion and Order to correct an error and change the date on page 10 from January 30, 2011 to January 30, 2012.

[2]This Memorandum Opinion and Order marks at least the third time that the Court has instructed P. Martinez that she should file any "objections" for which she seeks action regarding the Magistrate Judge's orders as motions so that the opposing parties are aware of the request for relief and their right to respond.  See Memorandum Opinion and Order at 1-2, filed October 12, 2011 (Doc. 182)("Oct. 12, 2011 MOO")("Despite the Court's instructions on how to properly caption a request for reconsideration of a magistrate judge's non-dispositive order . . . , P. Martinez again failed to caption her filing as a 'motion' . . . ."); Memorandum Opinion and Order at 2, filed March 28, 2011 (Doc. 139)("Mar. 28, 2011 MOO")("Perhaps because she did not caption her filings as 'motions,' the Defendants have not filed responses to P. Martinez' 'Objections,' and no party has requested a hearing.").

Martinez' filings entitled "Objections" as motions for reconsideration of orders involving nondispositive pretrial matters that the Honorable Karen B. Molzen, Chief United States Magistrate Judge, filed.  See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Ashby v. McKenna, 331 F.3d 1148, 1152 (10th Cir. 2003)(noting that "the appropriate means to challenge the [magistrate judge's non-dispositive] order would have been by way of a request for reconsideration rather than objection").  The primary issue is whether Chief Judge Molzen's Order Denying Motion for Stay and Requiring Briefing of Preliminary Issues, filed November 10, 2011 (Doc. 196)("Order"), is clearly erroneous or contrary to law.  Because P. Martinez did not caption documents 201 or 202 as "motions," the Defendants have not filed responses to her "Objections," and no party has requested a hearing.  See FED. R. CIV. P. 7(b)(1)("A request for a court order must be made by motion.").  The Court overrules P. Martinez' objections and will not reconsider Chief Judge Molzen's Order, because P. Martinez has failed to demonstrate that Chief Judge Molzen's rulings are clearly erroneous or contrary to law.

## LAW REGARDING MAGISTRATE JUDGE'S PRETRIAL ORDERS

"Magistrates may issue orders as to non-dispositive pretrial matters." Phillips v. Beierwaltes, 466 F.3d 1217, 1222 (10th Cir. 2006)(citing 28 U.S.C. § 636(b)(1)(A)).  "A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).  "The district court judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  When examining a magistrate judge's rulings and orders, a district court must "defer to the magistrate judge's ruling unless it [is] clearly erroneous or contrary to law." Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006)(internal

quotation marks omitted).  "Under the clearly erroneous standard, the reviewing court must affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Allen v. Sybase, Inc., 468 F.3d at 658 (alterations omitted)(internal quotation marks omitted).

## ANALYSIS

The Court concludes that Chief Judge Molzen has properly conducted the pretrial proceedings that the Court referred to her.  The Court also finds that Chief Judge Molzen's requirements that the parties brief the state-law issues, and that P. Martinez show cause why the Court should not dismiss her claims, were not clearly erroneous or contrary to the law.  Furthermore, Chief Judge Molzen's denial of P. Martinez' motion for a stay was not clearly erroneous or contrary to the law.

## I.    CHIEF JUDGE MOLZEN HAS PROPERLY CONDUCTED THE PRETRIAL PROCEEDINGS.

Before addressing P. Martinez' arguments, the Court will address some of her complaints and accusations of impropriety against Chief Judge Molzen.  First, contrary to her contention that Chief Judge Molzen's November 10, 2011 "order was not mailed to" her, Objection to Denial of Stay ¶ 1 at 1, the electronic record indicates that the clerk's office mailed the Order to P. Martinez on the same day it was filed.  Second, P. Martinez cites no authority for, and the Court finds none, the proposition that Judge Molzen had a duty to "isolate this Denial Order as the sole issue on her Doc. 196 Order."   Objection to Denial of State ¶ 2, at 1.  Third, the Court finds no authority requiring that a magistrate judge warn the parties regarding any right to object to an order.  The Court notes, however, that the United States Court of Appeals for the Tenth Circuit has held that the firm-waiver rule, under which a party who fails to make a timely objection to the magistrate judge's

order or findings waives review, does not apply when a pro se litigant "has not been informed of the

time period for objecting, and the consequences of failing to object, or . . . the 'interests of justice

require review.'"  Riviera Drilling & Exploration Co. v. Gunnison Energy Corp., 412 F.App'x 89,

92 (10th Cir. 2011)(unpublished)(applying that exception to the firm-waiver rule to a magistrate

judge's order allowing counsel to withdraw).  Finally, the Court finds no "slanderous" or "false

light" statements in Chief Judge Molzen's Order that should be "stricken from the record."

Objections to Record at 5.[3]  P. Martinez refers the Court to footnote 2 Chief Judge Molzen's Report

and Recommendation, in support of her argument.  See Objections to Record at 2.  Although the

Court did not adopt footnote 2 in its Nov. 15, 2011 MOO, the Court does not find that this footnote

supports P. Martinez' assertions that Chief Judge Molzen has made any statements that are

---

[3]In support of her argument that Chief Judge Molzen has prejudged her case, P. Martinez
found it necessary to "remind the Court," Objections to Record ¶¶ 8-9, at 3,  that it did not adopt
footnote 2 of Chief Judge Molzen's Report and Recommendation, filed October 12, 2011 (Doc.
183), in which Chief Judge Molzen stated:

> It seems more and more clear that P. Martinez simply wants to prolong this suit for
> as long as possible and to cause her ex-husband to have to expend as much money
> as possible in attorney fees required to respond to her extensive, and usually
> frivolous, objections, motions, and motions to reconsider.

Report and Recommendation at 2 n.2.  Although the Court did not adopt this footnote, because it
was not "necessary for the disposition of this motion," Memorandum Opinion and Order at 2, filed
November 15, 2011 (Doc. 199)("Nov. 15, 2011 MOO"), the Supreme Court of the United States has
embraced Judge Molzen's position that frivolous interlocutory appeals are harassing, costly, and
time-consuming. See Flanagan v. United States, 465 U.S. 259, 263-264 (1984)("The final judgment
rule serves several important interests. . . .  It reduces the ability of litigants to harass opponents and
to clog the courts through a succession of costly and time-consuming appeals."). P. Martinez filed
an appeal before the Court entered a final judgment, and the Tenth Circuit dismissed the appeal
because the Court had not entered final judgment and because there was no basis for an interlocutory
appeal. See Martinez v. Martinez, No. 11-2004, Tenth Circuit Order, filed January 24, 2011 (Doc.
132)("Except in certain circumstances that do not appear to be present here, this court's appellate
jurisdiction is limited to review of final judgments.").

slanderous.

As to P. Martinez's continuing assertions that the Court must respond, as counsel for "respondents" or as respondents, to her "notices" regarding her petitions for writs of certiorari filed after the Tenth Circuit denied her two petitions for writs of mandamus, Objections to the Record ¶ 5, at 2,[4] the Court notes that the Tenth Circuit did not request that the Court enter an appearance as a respondent to those petitions or to file response briefs to her petitions.  The Tenth Circuit styled the name of her case as "In re Martinez" in its orders.  In re Martinez, No. 11-2174, Tenth Circuit Order, filed September 27, 2011 (Doc. 176); In re Martinez, No. 11-2174, Tenth Circuit Order, filed September 6, 2011 (Doc. 167).  Accordingly, the Court will not respond to her petitions for a writ of certiorari, because the Court is not a party to those petitions.

## II.   IT WAS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW FOR CHIEF JUDGE MOLZEN TO REQUIRE THE PARTIES TO BRIEF STATE-LAW LEGAL ISSUES.

P. Martinez contends that Chief Judge Molzen's Order "exceeded the scope of her authority" and that Chief Judge Molzen is "act[ing] like a party in interest."  Objections to Record ¶ 3, at 1-2. The Court disagrees.  Chief Judge Molzen noted that this case has a lengthy and tangled procedural and factual history, and that there are pending before her competing motions to compel and for protective orders.  See Order at 3.  She also noted that P. Martinez has made "global request[s] for discovery [that] would affect scores of third-parties and require production of hundreds of

_____

[4]P. Martinez also sent a letter to the Court and Chief Judge Molzen.  See Letter to the Court and Chief Judge Molzen from Patricia Martinez, filed November 18, 2011 (Doc. 200)("P. Martinez Letter").  In her Letter, P. Martinez informed the Court and Chief Judge Molzen that her appeal to the Supreme Court had been "re-titled" to include the United States District Court for the District of New Mexico as Respondent.  See P. Martinez Letter at 1.  P. Martinez included with her Letter a Waiver form and Notice form from the Supreme Court captioning her appeal as "Patricia Martinez (Petitioner) v. United States District Court for the District of New Mexico (Respondents)."  P. Martinez Letter at 3.

documents that were created over a period of twelve years." Order at 3. In an attempt to ascertain some basic facts important to determining the proper scope of discovery in this case, and to determine how state laws would properly apply to P. Martinez's claims and right to discovery, Chief Judge Molzen asked the parties to contemporaneously brief several state-law legal issues. Contrary to P. Martinez's assertions, see Objections to Denial of Stay ¶¶ 6-7, at 2-3; Objections to Record ¶ 11, at 3-4, Chief Judge Molzen has not threatened to dismiss P. Martinez's case or to grant summary judgment in the Defendants' favor; nor has she already drawn legal conclusions regarding the merits. Chief Judge Molzen has straightforwardly required the parties to brief legal issues that will affect discovery orders, and that also could properly result in recommendations to the Court for judgment or dismissal. See Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit . . . ."); Fed. R. Civ. P. 56(f) (providing that, after giving the parties "notice and a reasonable time to respond," the court may independently "grant summary judgment for a nonmovant;" may grant summary judgment "on grounds not raised by a party;" or may "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute"). Chief Judge Molzen ordered P. Martinez to show cause why her claims should not be dismissed based on P. Martinez' own statements before the Tenth Circuit that she cannot prove her claims without the discovery that the Court denied. See Order at 11. A judge does not "advocate" for a party when she sua sponte discusses or requests briefing on legal issues, or even invites a party to file a summary-judgment motion. See Fed. R. Civ. P. 56(f) & Commentary to 2010 Amendment ("In many cases it may prove useful first to invite a motion; the invited motion will automatically trigger the regular procedure of subdivision (c)."); Salt Lake

Tribune Publ'g Co., LLC v. Mgmt. Planning, Inc., 454 F.3d 1128, 1134 (10th Cir. 2006)("When proceeding under diversity jurisdiction, federal courts have the duty to apply state law as announced by the state's highest court.")(internal quotation marks omitted).  Magistrate judges also frequently issue orders to show cause why a complaint or claim should not be dismissed.  See United States v. Prado-Diaz, 434 F.App'x 763, (10th Cir. 2011)(unpublished)("The motion was referred to a magistrate judge . . . who sua sponte issued an order directing Prado-Diaz to show cause why his [28 U.S.C.] § 2255 motion should be dismissed as untimely . . . ."); Hynoski v. Harmston, 409 F.App'x 231, 233 (10th Cir. 2011)(unpublished)("Discerning several flaws in the complaint, the magistrate judge issued an order to show cause why the case should not be dismissed sua sponte.").

         The Court concludes that it was not contrary to law or clearly erroneous for Chief Judge Molzen to require the parties to brief issues of state law that will assist her in making rulings related to what discovery is relevant to P. Martinez' state-law claims under New Mexico law, as well as in making recommendations to the Court.  See SEC v. Merrill Scott & Assoc., 600 F.3d 1262, 1271 (10th Cir. 2010)("The district court has broad discretion over the control of discovery . . . .")(internal quotation marks omitted); Fed. R. Civ. P. 16 (c)(2)(P)(permitting a court to "facilitat[e] in other ways the just, speedy, and inexpensive disposition of the action"); D.N.M.LR-Civ. 26.5 (permitting the Court to sua sponte "fashion discovery to meet special circumstances").

         Finally, P. Martinez objects to the length of time in which she was given to brief the legal issues.  Chief Judge Molzen gave the parties twenty-five days, or until December 5, 2011, to file contemporaneous briefs.  P. Martinez had stated she would be "unavailable" from October 25, 2011 until December 10, 2011, because she was having eye surgery on one eye during the week of November 11, 2011, and her "doctor said he would like to allow this timing for a final post operative

checkup." Order at 12; Notice of Unavailability, filed October 24, 2011 (Doc. 185).  Accordingly,

Chief Judge Molzen ordered:

> If P. Martinez cannot meet this [December 5, 2011] deadline, she must file a written request for extension of time, accompanied by a signed doctor's statement affirming that she should not read or use a computer before or after her eye surgery and that designates a specific period of time in which it would be medically unsafe or inadvisable to do so.

Order at 12.

P. Martinez then filed a document entitled Response to Deadline Date Imposition of Doc. 196 on December 5, 2011, the date her briefs were due.  See Doc. 204.  She attached a statement that apparently is from her primary-care physician, stating that P. Martinez' right eye "required stitching" that would not be removed until mid December and that she would have surgery on her left eye for a cataract at an unspecified date.  See Letter to the Court from Dr. Laura Bilbruck at 1 (undated), filed December 5, 2011 (Doc. 204)("Bilbruck Letter").  Her primary care doctor states that she advised P. Martinez "not to strain her vision by attempting to do computer work until the surgeries are complete" and new eyeglasses are prescribed, "hopefully by mid or end January."  Bilbruck Letter at 1.  Although P. Martinez has filed eight motions or other documents in this case since her surgery, as well as writing letters to counsel, by dictating them to her legal assistant, she states:  "I cannot fully brief or research any of these issues at this time because of health issues."  Objections to Record ¶ 14, at 4.  The Court nevertheless finds that P. Martinez has substantially complied with the dictates of Chief Judge Molzen's order requiring verification of health issues necessitating an extension of time to file the briefing that has been ordered.

## III.   IT WAS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW FOR CHIEF JUDGE MOLZEN TO DENY P. MARTINEZ' MOTION FOR STAY.

Chief Judge Molzen denied P. Martinez's motion for a stay pending resolution of her two

petitions for certiorari,  "[b]ecause the odds that the very busy Supreme Court will take certiorari on the issues that Martinez raises are quite slim, and because this case needs to move forward . . . ." Order at 2-3.  Citing no legal authority either in her original motion for stay, see Motion to Stay Proceedings, filed October 24, 2011 (Doc. 184), P. Martinez argues that, "because of the major effect that a ruling of the Supreme Court would have on my case, reversing the discovery preclusions and sanctions entered by this court . . . [,] a stay should have been granted."  Objections to Denial of Stay ¶ 4, at 1-2.

This case has been pending for almost three years.  The rules of federal procedure are intended to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  Granting stays while the Supreme Court determines whether it will accept a petition for a writ of certiorari on the denial of a petition for a writ of mandamus or every time a party files one does not facilitate the goal of securing a speedy determination of an action.  The Court agrees with Chief Judge Molzen in that it would be surprised if the Supreme Court used its extremely limited discretionary docket to address the interlocutory appeal.  It was neither contrary to law nor clearly erroneous for Judge Molzen to deny P. Martinez's request for stay.

**IT IS ORDERED** that Plaintiff Patricia Martinez': (i) Objections to Record - Doc. 196 Order, filed November 23, 2011 (Doc. 201), is overruled; (ii) Objection to Denial of Motion for Stay of Proceedings - Doc. 196 - Emergency Response Requested by December 7, 2011 - Two Weeks, filed November 23, 2011 (Doc. 202), is overruled; and (iii) Motion to Respond to Doc. 202 - Objection to Denial of Motion for Stay of Proceedings - Doc. 196 - Emergency Response Requested by Dec. 7, 2011 - Two Weeks and Errata, filed December 9, 2011 (Doc. 210), is denied.  The Court will grant P. Martinez' request in her Response to Deadline Date Imposition of Doc. 196, filed

December 5, 2011 (Doc. 204), for an extension and allow P. Martinez until January 30, 2012 to file her brief, as the Honorable Judge Karen B. Molzen, Chief United States Magistrate Judge, required in her Order Denying Motion for Stay and Requiring Briefing of Preliminary Issues, filed November 10, 2011 (Doc. 196).

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Patricia Martinez
Broken Arrow, Oklahoma

     *Plaintiff pro se*

Joshua R. Simms
Albuquerque, New Mexico

     *Attorney for Defendant Michael Martinez*

Colin Lambert Hunter
Hunter Law Firm
Albuquerque, New Mexico

     *Attorney for Defendant Lynda Latta*