IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA MARTINEZ,

    Plaintiff,

v.                              No. CIV-09-281 JB/KBM

MICHAEL MARTINEZ and
LYNDA LATTA,

    Defendants.

## ORDER REQUIRING FILING OF MEDICAL AFFIDAVITS

THIS MATTER comes before me on Patricia Martinez's *Medical Notice*, filed March 21, 2012 (Doc. 217), and on my November 10, 2011 Order establishing a briefing schedule for issues critical to the discovery process.

In my November 10 Order, I noted:

> In her response to M. Martinez's motion for protective order, P. Martinez states that she will be having unspecified "eye surgery" on an unspecified day during the week of November 11, which she states would "preclude study [and] preparation." Doc. 179 at 11. In her "notice of unavailability" she states that she will be "unavailable" until December 10, 2011 because her "doctor said he would like to allow this timing for a final post operative checkup." Doc. 185 at 1. But the fact that a doctor does not schedule a final post-operative checkup until a month after a surgical procedure says nothing about whether it would be medically safe or inadvisable for that person to read and use a computer before that time. I will set a deadline for all briefs described above to be filed by Monday, December 5, 2011. If P. Martinez cannot meet this deadline, she must file a written request for extension of time, accompanied by a signed doctor's statement affirming that she should not read or use a computer before or after her eye surgery and that designates a specific period of time in which it would be medically unsafe or inadvisable to do so.

Doc.196 at 12.

Ms. Martinez did not file timely briefs in response to that Order, nor did she file a motion for an extension of time in which to file her briefs. Instead, she filed a *Response to Deadline Date*

*Imposition of Doc. 196* on December 5, the date her briefs were due. See Doc. 204. In that response, she mischaracterized the November 10 Order as one simply requiring a doctor's report with "a prediction of a date I could resume activities." Doc. 204 at 1. And instead of attaching a statement from her eye surgeon who has personal, expert medical knowledge of her eye's condition, Ms. Martinez attached an undated statement that apparently is from her primary-care physician, stating that Martinez's right eye "required stitching" that would not be removed until mid December; that she would have surgery on the left eye for a cataract at an unspecified date; and that the family physician advised Ms. Martinez "not to strain her vision by attempting to do computer work until the surgeries are complete" and new eyeglasses are prescribed, "hopefully by mid or end January." Doc. 204, Att. 1 (undated and unsworn statement by Laura Billbruck, M.D.). The statement does not say that reading or using a computer at all or for only limited periods of time is medically unsafe or inadvisable; or that Ms. Martinez could not safely or comfortably read with her left eye by using a stronger eyeglass prescription. Ms. Martinez simply declared, "I will notify the Court when I can resume legal activities." Doc. 204, Att. 2 (Affidavit of Patricia Martinez executed December 2, 2011).

Despite her professed inability to conduct sufficient legal research and prepare response briefs to my November 10, 2011 Order, Ms. Martinez filed a 5-page *Objections to Record*, Doc. 201; and a 4-page *Objection to Denial of Motion for Stay of Proceedings*, (Doc. 202) on November 23, 2011; and she prepared and filed a *Motion to Respond to Doc. 202* (Doc. 210), on December 9, 2011. She further prepared and filed an *Application for Stay* pending disposition of her petition for a writ of certiorari in the Supreme Court of the United States on December 13, 2011, which the Supreme Court denied on December 19, 2011. *See Martinez v. U.S. Dist. Ct.*, Sup. Ct. No. 11-7027

(Dec. 19, 2011).

Judge Browning denied reconsideration of my November 11, 2011 Order, but construed Ms. Martinez's *Response to Deadline Date* as a motion for extension of time in which to file the briefs required by that Order. Judge Browning stated,

> Although P. Martinez has filed eight motions or other documents in this case since her surgery, as well as writing letters to counsel, by dictating them to her legal assistant, she states: "I cannot fully brief or research any of these issues at this time because of health issues." Objections to Record ¶ 14, at 4. The Court nevertheless finds that P. Martinez has substantially complied with the dictates of Chief Judge Molzen's order requiring verification of health issues necessitating an extension of time to file the briefing that has been ordered.

December 30, 2011 Memorandum Opinion and Order at 8 (Doc. 213). Judge Browning stated that he "will grant P. Martinez' request in her Response to Deadline Date Imposition of Doc. 196, filed December 5, 2011 (Doc. 204), for an extension and allow P. Martinez until January 30, 2012 to file her brief." *Id.* at 9-10.

But Ms. Martinez did not comply with that Order and file her responsive briefs by January 30. Instead, she filed another *Affidavit-Notice of Medical Condition*, *see* Doc. 215, and a *Notice of Medical Condition*, *see* Doc. 214 (both prepared on January 26, 2012, the day after surgery on her left eye), in which she criticized and corrected what she perceives as Judge Browning's "incorrect presumptions" and misconstruction of her *Response to Deadline*, stating "Plaintiff did not file any Motion to extend time or pen a request in any way." Doc. 214 at 1-2. She noted that Dr. Billbruck had stated only that she hoped Ms. Martinez could resume legal work by the middle or end of January, but that Ms. Martinez had explicitly informed the court that "I said, 'I will not resume computer activities or unnecessary reading until after the surgeries are completed and healing is confirmed. When this is confirmed, I will notify the Court when I can resume legal activities.'" *Id.*

at 1. Ms. Martinez stated that, contrary to Judge Browning's construction of her filings, "[t]he Court should take judicial notice that there was no such 'request'" for an extension of time in which to file her briefs. *Id.* She concluded her *Notice* with the statements, "Plaintiff's first response was not a Motion to Extend. Neither is this. This is simply another updated Notice of Medical Condition, as was Doc. 204." Doc. 214 at 2.

In her January 26, 2012 Affidavit, Ms. Martinez reiterated that she had never requested an extension of time in which to file her briefs, and stated that she still had some "glaring" in her right eye, and that an examination on January 26 showed that she had developed "a condition called capsular sclerosis." Doc. 215 at 1. She stated that, after her left eye healed, her doctor would remove the cells causing the glaring. *Id.* She then stated, "I have had limited legal abilities in some pleadings through dictation, but I will not yet resume the work of briefing, research, and computer work until all vision issues are resolved. I will advise the Court when this occurs." *Id.* Ms. Martinez was scheduled for a second follow-up appointment on February 2, 2012. *See id.* Att. 1 at 1. Her post-operative instructions, however, placed no limits on her ability to read or otherwise use her eyes. *See id.* at 2. And nowhere in her Affidavit did Ms. Martinez swear that she could not see well enough to read with her right eye or that she had been advised not to read with that eye.

On January 9, 2012, the United States Supreme Court summarily denied Ms. Martinez's petition for a writ of certiorari. *See Martinez v. U.S. Dist. Ct.*, No. 11-7027, 132 S. Ct. 1076, 181 L.Ed.2d 753, 80 BNA USLW 3396 (Jan. 9, 2012). On February 3, 2012, the day after her second follow-up appointment, Ms. Martinez filed a *Petition for Rehearing*, which the Court denied on March 19, 2012. On March 19, 2012, Ms. Martinez had a surgical proceeding to remove the capsular sclerosis in her right eye by a different eye surgeon in Dallas, Texas, and filed her third

*Medical Notice/Verified Affidavit.  See* Doc. 217 at 1.  She states that she will have a follow up appointment on her right eye in three weeks, at which time the surgeon will perform a similar surgery on her left eye.  *See id.*  She states that she has been warned that she may have some "floaters" as a side effect, but that she will "update and advise the Court after receiving the final results as soon as she receives the medical reports."  *Id.*

      Ms. Martinez has never complied with my November 11, 2011 Order requiring her to submit a "signed doctor's statement affirming that she should not read or use a computer before or after her eye surgery and that designates a specific period of time in which it would be medically unsafe or inadvisable to do so."  I accept Ms. Martinez's request to take judicial notice that she willfully ignored my November 10, 2011 Order requiring her to file a motion for an extension of time in which to file the responsive briefs if she was medically unable to prepare them.  Certainly, Ms. Martinez has seen clearly enough to aggressively pursue her petition for certiorari.  And I take notice that at least one website for eye surgeons who perform cataract surgery indicates that there usually is "no recuperation" necessary after removal of capsular sclerosis cells.  *See* http://www.eyelaserclinic.co.za/procedures/cataracts ("In some cases, the posterior capsule that supports the IOL becomes cloudy several months or years after the initial cataract removal.  This is called an 'after cataract' or Capsular Sclerosis.  If this occurs and blurs your vision, an opening in the centre of the membrane will be made with the Yag laser.  This procedure, called a posterior capsulotomy, is painless and takes about 15 minutes and requires no recuperation.").  Of course, I do not know whether Ms. Martinez had YAG surgery to remove those cells, but I have been given no medical reason by any expert to think that Ms. Martinez cannot or should not read.  Therefore, I will issue an order, compliance with which should fully inform me regarding Ms. Martinez's

medical capabilities and the course of action I should take regarding the discovery issues.

**IT IS ORDERED** that Ms. Martinez shall immediately fax a copy of this Order to her two eye surgeons, sign a medical waiver for release of medical information, and request the surgeons to comply with this Order.  Within two weeks of the filing of this Order, Ms. Martinez shall fax to the Court, at telephone number 505-348-2294, a dated affidavit **that has been prepared and signed by her current opthamologic surgeon who has examined her eyes and performed the surgical procedure to remove the capsular sclerosis (and not by Ms. Martinez or her assistant)** that:  (i) states that the surgeon has read this Order; (ii) fully informs the Court of Ms. Martinez's current condition; (iii) informs the Court of the medical advice he/she has previously given Ms. Martinez regarding reading or performing computer work both before and after the March 19, 2011 surgery; and (iv) states his/her medical opinion regarding whether it is currently medically unsafe or inadvisable for Ms. Martinez to read and perform computer work.  If her surgeon believes that it is not medically advisable for Ms. Martinez to read, the surgeon (v) shall inform the Court of a specific period of time within which he/she expects her to be safely able to do so.

In addition, Ms. Martinez shall submit to the Court, within two weeks of the filing of this Order, a dated and signed affidavit from her prior eye surgeon who performed her first surgeries and follow-up appointments (not prepared by Ms. Martinez or her agent), that (i) states that he/she has read this Order; (ii) sets out the advice he/she gave Ms. Martinez regarding reading and using a computer with either eye after her November 9, 2011 surgery and follow-up appointments and (iii) gives his/her opinion whether Ms. Martinez could safely read and perform computer work during the month following  Judge Browning's Order of December 30, 2011, and when, if during that month, she regained that ability.  Failure to timely comply with this Order will result in a waiver

of the right to file briefs responding the November 10, 2011 Order.

**IT IS SO ORDERED.**

**DATED THIS 29th day of March, 2012.**

_____
**UNITED STATES CHIEF MAGISTRATE JUDGE**