# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PATRICIA MARTINEZ,

       Plaintiff,

vs.                                                                          No. CIV 09-0281 JB/KBM

MICHAEL MARTINEZ and
LYNDA LATTA,

       Defendants.

### MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION AND DENYING STAY

**THIS MATTER** comes before the Court on pro se Plaintiff Patricia Martinez': (i) Objection to Doc 219 -- Order Requiring Filing of Medical Affidavits, filed April 11, 2012 (Doc. 225)("Objection"); and (ii) Combined Motion to Stay Proceedings to Judge Molzen and Browning -- Petition for Writ of Mandamus/and Prohibition -- 10th Circuit, filed April 16, 2012 (Doc. 227)("Motion for Stay").  The Court construes Plaintiff Patricia Martinez' Objection as a motion for the Court's reconsideration of an order that the Honorable Karen B. Molzen, Chief United States Magistrate Judge, filed, which involved nondispositive pretrial matters.  See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Ashby v. McKenna, 331 F.3d 1148, 1152 (10th Cir. 2003)(noting that "the appropriate means to challenge the [magistrate judge's nondispositive] order would have been by way of a request for reconsideration rather than objection").  The primary issues are: (i) whether Chief Magistrate Judge Molzen's Order Requiring Filing of Medical Affidavits, filed March 29, 2012 (Doc. 219)("March 29, 2012 Order") is clearly erroneous or contrary to law; and (ii) whether P. Martinez is entitled to a stay of proceedings.  Perhaps because, for at least the fourth time, P. Martinez did not caption her Objection as a "motion," in violation of the Federal

Rules of Civil Procedure and the Court's instructions, the Defendants have not filed responses to her "Objection," and no party has requested a hearing.[1]  See Fed. R. Civ. P. 7(b)(1)("A request for a court order must be made by motion.").  The Court overrules P. Martinez' Objection and will not reconsider Chief Magistrate Judge Molzen's March 29, 2012 Order, because P. Martinez has failed to show that the March 29, 2012 Order is clearly erroneous or contrary to law.  The Court will deny the Motion for Stay, because it is moot.

## LEGAL STANDARD FOR RECONSIDERING A PRETRIAL ORDER

The Court may "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  The Court may "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  Thus, in examining Chief Magistrate Judge Molzen's rulings and orders, the Court must "defer to the magistrate judge's ruling unless it [is] clearly erroneous or contrary to law. . . . Under the clearly erroneous standard, the reviewing court must affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006)(alteration in original)(citations omitted)(internal quotation marks omitted).

## PROCEDURAL BACKGROUND

---

[1]The Court has repeatedly instructed P. Martinez that she should caption any document for which she requests a ruling as a motion, see Amended Memorandum Opinion and Order at 1 n.1, filed December 30, 2011 (Doc. 213)("Dec. 30, 2011 MOO"); Memorandum Opinion and Order at 1-2, filed October 12, 2011 (Doc. 182)("Oct. 12, 2011 MOO")("Despite the Court's instructions on how to properly caption a request for reconsideration of a magistrate judge's non-dispositive order . . . , P. Martinez again failed to caption her filing as a 'motion' . . . ."); Memorandum Opinion and Order at 2, filed March 28, 2011 (Doc. 139)("Mar. 28, 2011 MOO")("Perhaps because she did not caption her filings as 'motions,' the Defendants have not filed responses to P. Martinez' 'Objections,' and no party has requested a hearing."), but she continues to refuse to follow the rules of procedure or the Court's instructions.

On November 10, 2011, Chief Magistrate Judge Molzen established a briefing schedule on some issues important to the discovery process that required P. Martinez to file her responsive briefs by Monday, December 5, 2011.  See Nov. 10, 2011 Order at 12 (Doc. 196).  Chief Magistrate Judge Molzen instructed P. Martinez that, if she could not meet the deadline, she was required to "file a written request for extension of time, accompanied by a signed doctor's statement affirming that she should not read or use a computer before or after her eye surgery and that designates a specific period of time in which it would be medically unsafe or inadvisable to do so."  Nov. 10, 2011 Order at 12.[2]  Chief Magistrate Judge Molzen sets out the subsequent procedural posture of this case in her March 29, 2012 Order, noting that P. Martinez also failed to comply with a briefing deadline that the Court set in its Amended Memorandum Opinion and Order issued December 30, 2011.  Chief Magistrate Judge Molzen then issued rulings intended to assist her in determining whether P. Martinez' failure to comply with the second briefing schedule should be excused:

> Ms. Martinez did not file timely briefs in response to that [November 10, 2011] Order, nor did she file a motion for an extension of time in which to file her briefs. Instead, she filed a *Response to Deadline Date Imposition of Doc. 196* on December 5, the date her briefs were due. *See* Doc. 204. In that response, she mischaracterized the November 10 Order as one simply requiring a doctor's report with "a prediction of a date I could resume activities." Doc. 204 at 1. And instead of attaching a statement from her eye surgeon who has personal, expert medical knowledge of her eye's condition, Ms. Martinez attached an undated statement that apparently is from her primary-care physician, stating that Martinez's right eye "required stitching" that would not be removed until mid December; that she would have surgery on the left eye for a cataract at an unspecified date; and that the family physician advised Ms. Martinez "not to strain her vision by attempting to do computer work until the surgeries are complete" and new eyeglasses are prescribed, "hopefully by mid or end January."  Doc. 204, Att. 1 (undated and unsworn

---

[2]In its Dec. 30, 2011 MOO, the Court found that P. Martinez had substantially complied with Chief Magistrate Judge Molzen's Nov. 10, 2011 Order when P. Martinez filed a letter from her primary care doctor, Dr. Laura Bilbruck, explaining that she had advised P. Martinez not to strain her vision "by attempting to do computer work until the surgeries are complete" and new eyeglasses prescribed.  Dec. 30, 2011 MOO at 8.

statement by Laura Billbruck, M.D.).  The statement does not say that reading or using a computer at all or for only limited periods of time is medically unsafe or inadvisable; or that Ms. Martinez could not safely or comfortably read with her left eye by using a stronger eyeglass prescription.  Ms. Martinez simply declared, "I will notify the Court when I can resume legal activities." Doc. 204, Att. 2 (Affidavit of Patricia Martinez executed December 2, 2011).

Despite her professed inability to conduct sufficient legal research and prepare response briefs to my November 10, 2011 Order, Ms. Martinez filed a 5-page *Objections to Record*, Doc. 201; and a 4-page *Objection to Denial of Motion for Stay of Proceedings*, (Doc. 202) on November 23, 2011; and she prepared and filed a *Motion to Respond to Doc. 202* (Doc. 210), on December 9, 2011.  She further prepared and filed an *Application for Stay* pending disposition of her petition for a writ of certiorari in the Supreme Court of the United States on December 13, 2011, which the Supreme Court denied on December 19, 2011.  *See Martinez v. U.S. Dist. Ct.*, Sup. Ct. No. 11-7027 (Dec. 19, 2011).

Judge Browning denied reconsideration of my November 11, 2011 Order, but construed Ms. Martinez's *Response to Deadline Date* as a motion for extension of time in which to file the briefs required by that Order.  Judge Browning stated,

> Although P. Martinez has filed eight motions or other documents in this case since her surgery, as well as writing letters to counsel, by dictating them to her legal assistant, she states: "I cannot fully brief or research any of these issues at this time because of health issues." Objections to Record ¶ 14, at 4.  The Court nevertheless finds that P. Martinez has substantially complied with the dictates of Chief Judge Molzen's order requiring verification of health issues necessitating an extension of time to file the briefing that has been ordered.

December 30, 2011 Memorandum Opinion and Order at 8 (Doc. 213).  Judge Browning stated that he "will grant P. Martinez' request in her Response to Deadline Date Imposition of Doc. 196, filed December 5, 2011 (Doc. 204), for an extension and allow P. Martinez until January 30, 2012 to file her brief." *Id.* at 9-10.

But Ms. Martinez did not comply with that Order and file her responsive briefs by January 30.  Instead, she filed another *Affidavit-Notice of Medical Condition*, *see* Doc. 215, and a *Notice of Medical Condition*, *see* Doc. 214 (both prepared on January 26, 2012, the day after surgery on her left eye), in which she criticized and corrected what she perceives as Judge Browning's "incorrect presumptions" and misconstruction of her *Response to Deadline*, stating "Plaintiff did not file any Motion to extend time or pen a request in any way." Doc. 214 at 1-2. She noted that Dr. Billbruck had stated only that she hoped Ms. Martinez could resume legal work by the middle or end of January, but that Ms. Martinez had explicitly informed the court that "I said, 'I will not resume computer activities or

unnecessary reading until after the surgeries are completed and healing is confirmed. When this is confirmed, I will notify the Court when I can resume legal activities.'" *Id.* at 1. Ms. Martinez stated that, contrary to Judge Browning's construction of her filings, "[t]he Court should take judicial notice that there was no such 'request'" for an extension of time in which to file her briefs. *Id.* She concluded her *Notice* with the statements, "Plaintiff's first response was not a Motion to Extend. Neither is this. This is simply another updated Notice of Medical Condition, as was Doc. 204." Doc. 214 at 2.

In her January 26, 2012 Affidavit, Ms. Martinez reiterated that she had never requested an extension of time in which to file her briefs, and stated that she still had some "glaring" in her right eye, and that an examination on January 26 showed that she had developed "a condition called capsular sclerosis." Doc. 215 at 1. She stated that, after her left eye healed, her doctor would remove the cells causing the glaring. *Id.* She then stated, "I have had limited legal abilities in some pleadings through dictation, but I will not yet resume the work of briefing, research, and computer work until all vision issues are resolved. I will advise the Court when this occurs." *Id.* Ms. Martinez was scheduled for a second follow-up appointment on February 2, 2012. *See id.* Att. 1 at 1. Her post-operative instructions, however, placed no limits on her ability to read or otherwise use her eyes. *See id.* at 2. And nowhere in her Affidavit did Ms. Martinez swear that she could not see well enough to read with her right eye or that she had been advised not to read with that eye.

On January 9, 2012, the United States Supreme Court summarily denied Ms. Martinez's petition for a writ of certiorari. *See Martinez v. U.S. Dist. Ct.*, No. 11-7027, 132 S. Ct. 1076, 181 L. Ed. 2d 753, 80 BNA USLW 3396 (Jan. 9, 2012). On February 3, 2012, the day after her second follow-up appointment, Ms. Martinez filed a *Petition for Rehearing*, which the Court denied on March 19, 2012. On March 19, 2012, Ms. Martinez had a surgical proceeding to remove the capsular sclerosis in her right eye by a different eye surgeon in Dallas, Texas, and filed her third *Medical Notice/Verified Affidavit. See* Doc. 217 at 1. She states that she will have a follow up appointment on her right eye in three weeks, at which time the surgeon will perform a similar surgery on her left eye. *See id.* She states that she has been warned that she may have some "floaters" as a side effect, but that she will "update and advise the Court after receiving the final results as soon as she receives the medical reports." *Id.*

Ms. Martinez has never complied with my November 11, 2011 Order requiring her to submit a "signed doctor's statement affirming that she should not read or use a computer before or after her eye surgery and that designates a specific period of time in which it would be medically unsafe or inadvisable to do so." I accept Ms. Martinez's request to take judicial notice that she willfully ignored my November 10, 2011 Order requiring her to file a motion for an extension of time in which to file the responsive briefs if she was medically unable to prepare them. Certainly, Ms. Martinez has seen clearly enough to aggressively pursue her petition

for certiorari.  And I take notice that at least one website for eye surgeons who perform cataract surgery indicates that there usually is "no recuperation" necessary after removal of capsular sclerosis cells.  *See* http://www.eyelaserclinic.co.za/procedures/cataracts ("In some cases, the posterior capsule that supports the IOL becomes cloudy several months or years after the initial cataract removal. This is called an 'after cataract' or Capsular Sclerosis. If this occurs and blurs your vision, an opening in the centre of the membrane will be made with the Yag laser. This procedure, called a posterior capsulotomy, is painless and takes about 15 minutes and requires no recuperation.").  Of course, I do not know whether Ms. Martinez had YAG surgery to remove those cells, but I have been given no medical reason by any expert to think that Ms. Martinez cannot or should not read.  Therefore, I will issue an order, compliance with which should fully inform me regarding Ms. Martinez's medical capabilities and the course of action I should take regarding the discovery issues.

March 29, 2012 Order at 2-5.[3]  Chief Magistrate Judge Molzen then ordered P. Martinez to

fax a copy of this Order to her two eye surgeons, sign a medical waiver for release of medical information, and request the surgeons to comply with this Order.  Within two weeks of the filing of this Order, Ms. Martinez shall fax to the Court, at telephone number 505-348-2294, a dated affidavit **that has been prepared and signed by her current opthamologic surgeon who has examined her eyes and performed the surgical procedure to remove the capsular sclerosis (and not by Ms. Martinez or her assistant)** that: (i) states that the surgeon has read this Order; (ii) fully informs the Court of Ms. Martinez's current condition; (iii) informs the Court of the medical advice he/she has previously given Ms. Martinez regarding reading or performing computer work both before and after the March 19, 2011 surgery; and (iv) states his/her medical opinion regarding whether it is currently medically unsafe or inadvisable for Ms. Martinez to read and perform computer work.  If her surgeon believes that it is not medically advisable for Ms. Martinez to read, the surgeon (v) shall inform the Court of a specific period of time within which he/she expects her to be safely able to do so.

In addition, Ms. Martinez shall submit to the Court, within two weeks of the filing of this Order, a dated and signed affidavit from her prior eye surgeon who performed her first surgeries and follow-up appointments (not prepared by Ms.

_____

[3]YAG is the "[a]bbreviation and acronym for yttrium-aluminum-garnet." Stedman's Medical Dictionary 2161 (28th ed. 2006).  A YAG laser is used to perform a YAG posterior capulotomy to correct clouding on the lens of the eye after cataract surgery.  See WebMD, YAG Laser Posterior Capulotomy for Cataracts, http://www.webmd.com/eye-health/cataracts/ndyag-laser-posterior-capsulotomy-for-cataracts (last visited May 18, 2012).

Martinez or her agent), that (i) states that he/she has read this Order; (ii) sets out the advice he/she gave Ms. Martinez regarding reading and using a computer with either eye after her November 9, 2011 surgery and follow-up appointments and (iii) gives his/her opinion whether Ms. Martinez could safely read and perform computer work during the month following Judge Browning's Order of December 30, 2011, and when, if during that month, she regained that ability.  Failure to timely comply with this Order will result in a waiver of the right to file briefs responding to the November 10, 2011 Order.

March 29, 2012 Order at 5-6 (emphasis original).

On April 11, 2012, P. Martinez filed her twenty-page Objection to the March 29, 2012 Order. She attached another affidavit setting out her perceptions regarding her medical condition and ability to read, stating that she had "progressed substantially" since her March 19, 2012, surgery, and "am now able to read and continue my legal work."  Verified Affidavit of Patricia Martinez Regarding Present Health and Ability to Pursue Legal Work at 31-32 (dated April 10, 2012), filed April 11, 2012 (Doc. 225)("Martinez Health Aff.").  P. Martinez also sent a letter to the Court asking the Court to "indicate to Judge Molzen that on the basis of my objection I will not be furnishing the medical affidavits she requested."  Letter from Patricia Martinez to the Honorable James O. Browning (dated April 11, 2012), filed April 11, 2012 (Doc. 226)("April 11, 2012 Letter").  On the same day, she also filed a four-page affidavit, with attachments, that refers to and incorporates pages 12-15 of her Objection.  See Verified Affidavit of Patricia Martinez Regarding Genuine Disputes Regarding Claims and Defenses in Partitioning and Malicious Abuse of Process Claims (dated April 10, 2012), filed April 11, 2012 (Doc. 224)("Martinez Claims Affidavit").  In addition, on April 11, 2012, P. Martinez filed in the United States Court of Appeals for the Tenth Circuit a thirty-two-page Petition for Writ of Mandamus and Petition for a Writ of Prohibition to the United States District of New Mexico with 127 pages of attachments.  See Doc. 229-1.  Five days later, P. Martinez filed her motion for a stay, complaining  that the Court had "waited two and a half months to respond to

[her] motion to stay in the Doc. 137 motion," and asking "that this Motion be answered within fifteen days," "giving particular reasons they will not grant a stay."  Motion for Stay at 2.

## ANALYSIS

After carefully reviewing her objections, the Court concludes that Chief Magistrate Judge Molzen's March 29, 2012 Order is not "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a).  The Court therefore overrules P. Martinez' objection.  Because it is moot, the Court will deny P. Martinez' motion for stay.

## I.      THE COURT FINDS THE MARCH 29, 2012 ORDER TO BE NEITHER CLEARLY ERRONEOUS NOR CONTRARY TO LAW.

P. Martinez first contends that the March 29, 2012 Order is clearly erroneous, because it does not include language notifying P. Martinez that she had a right to object that had to be filed within 14 days of the filing of the March 29, 2012 Order.  See Objection ¶ 4, at 2.  The Court has previously instructed P. Martinez that there is no error in this failure.  See December 30, 2011 MOO at 3.  P. Martinez characterizes this failure as a violation of her due-process rights and speculates that Chief Magistrate Judge Molzen had a nefarious motive and was attempting to trick P. Martinez into believing that "submission to this Order [is] obligatory."  Objection ¶ 4, at 2.  P. Martinez is aware of her right to object to any order that a Magistrate Judge issues, as she has objected to almost every order Chief Magistrate Judge Molzen has issued, and P. Martinez timely took advantage of her right to do so in this instance.  P. Martinez' due-process rights have not been violated.  Further, the federal rules do not mandate that Chief Magistrate Judge Molzen include the language regarding the right to file objections to a nondispositive pretrial order.  See Fed. R. Civ. P. 72(a).  As the Court noted in its December 30, 2011 MOO at 3, the only consequence of a Magistrate Judge's failure to include the language notifying a pro-se party of the time period in which he/she has a right to object

is that the "firm waiver rule" does not apply.  Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005).

P. Martinez next contends that her medical condition "is in no way relevant or material to the case here at bar," and that, by referring to the medical information regarding recovery after YAG surgery in questioning P. Martinez' numerous affidavits stating that she will not comply with the Court's briefing schedule because she has not "confirmed healing," Chief Magistrate Judge Molzen has improperly received "expert testimony."  Objection ¶¶ 5-6, at 2-3.  P. Martinez, however, put her medical condition at issue when she gave the medical condition, "health issues," and "health restrictions" as a justification for failing to comply with the November 10, 2011, and December 30, 2011, briefing schedules.  See, e.g. Objection ¶ 18, at 11.  Further, Chief Magistrate Judge Molzen did not "receive expert testimony"; she merely noted an inconsistency between: (i) the legal work P. Martinez was doing in the Supreme Court of the United States and in other filings, and P. Martinez' medical orders, which did not place any restrictions on P. Martinez' ability to read, combined with what the medical literature indicates about expected recovery times for capsular surgery; and (ii) P. Martinez' affidavits.  Chief Magistrate Judge Molzen made it clear that, because of those inconsistencies, she needed to be informed of the exact nature and extent of P. Martinez' medical condition from P. Martinez' physicians, who are the experts on P. Martinez' condition, so that Chief Magistrate Judge Molzen could determine a reasonable course of action regarding the discovery and briefing issues.  This case is now three years old and has progressed little.  P. Martinez has referenced her medical conditions as a reason to continue to delay progress and her affidavits have provided little specificity about a time-frame in which to get this case back on track.  See Dec. 30, 2011 MOO at 8 (noting that P. Martinez' primary care doctor advised P. Martinez not to strain her eyes and that she might have new eyeglasses in January).  The Court gave P. Martinez

until the end of January, when from the information before it, P. Martinez would likely have recovered from her surgery, and P. Martinez did not comply with the Court's January 30, 2012 deadline.  In the meantime, however, P. Martinez has continued to make other filings, including objections, affidavits, in the Tenth Circuit and in the Supreme Court.

P. Martinez next contends that, because the Court concluded that P Martinez "substantially complied with the dictates of Chief Magistrate Judge Molzen's order requiring verification of health issues," by submitting the undated statement from her family physician, Dec. 30, 2011 MOO at 8, and because she "updated" the Court on her medical condition in subsequent personal affidavits as a "courtesy to the court," P. Martinez had no other obligations to the Court.  Objections at 4-5.  She contends that ordering her to provide physician affidavits, therefore, contradicts and "flaunts" the December 30, 2011 MOO.  Objection ¶¶ 8-9, 14-16, at 4-5.  P. Martinez' argument, however, does not reflect that P. Martinez also criticized and corrected the Court's "incorrect presumptions" and misconstruction of her Response to the November 30, 2011 briefing deadline.  Notice of Medical Condition at 1-2, filed January 30, 2012 (Doc. 214).  It is true that the Court found that P. Martinez "substantially complied" and excused her failure to fully comply with Chief Magistrate Judge Molzen's November 10, 2011 Order in the December 30, 2011 MOO.  Rather than contradicting or flaunting the December 30, 2011 MOO, however, Chief Magistrate Judge Molzen is trying to decide how now to reasonably deal with P. Martinez' failure to comply with the Court's December 30, 2011 MOO given P. Martinez' insistence that the Court misconstrued P. Martinez' Response to Deadline Date Imposition of Doc. 196, filed December 5, 2011 (Doc. 204), and her statements that "Plaintiff did not file any Motion to extend time or pen a request in any way," and "[t]he Court should take judicial notice that there was no such 'request'" for an extension of time, Notice of Medical Condition at 1-2.  The Court finds that these statements indicate that P. Martinez

-10-

intentionally did not file a motion for extension of time as the November 10, 2011 Order required. P. Martinez confirms her refusal to file or move for an extension in her Objection, although she attempts to justify her decision by contending that she did not know when she would be able to resume her legal work.  P. Martinez asserts that, "Plaintiff in her evoked judicial notice was affirming that she . . . had never requested a Motion to Extend" and that

> Plaintiff's statement was a correction of Judge Browning's Order, when he mistakenly said that he was granting the Plaintiff's motion to extend.  Judicial notice was evoked for the reason that the Court . . . could not come in later and say Plaintiff violated any Orders, which is exactly what J. Molzen is attempting to do in her present order.

Objection ¶ 17(a), at 9-10.

What P. Martinez fails to appreciate is that, by informing the Court that she was <u>not</u> filing a motion for an extension of time to comply with the December 30, 2011 Order and would <u>not</u> submit briefing until she told the Court that she was ready to do so, she has violated the Court's order in its Dec. 30, 2011 MOO.  <u>See</u> Notice of Medical Condition at 1 ("Plaintiff will advise the Court when all of these physical issues are properly resolved.  Plaintiff's first response was not a Motion to Extend, neither is this.").  Because P. Martinez failed to comply with the Court's briefing deadlines associated with discovery and refused to file motions for extensions of time, Chief Magistrate Judge Molzen might have good grounds to summarily sanction her behavior and could have ruled that P. Martinez waived her right to brief the discovery issues.  <u>See</u> Fed. R. Civ. P. 16(f)(1)(C) (providing that, "on its own, the court may issue any just orders . . . if a party . . . fails to obey a scheduling or other pretrial order"); <u>Olcott v. Del. Flood Co.</u>, 76 F.3d 1538, 1555 (10th Cir. 1996)(noting that the sanctions provisions in both rule 37(b) and rule 16(f) "grant district courts substantial discretion to craft their orders to serve the interests of justice," and "were designed to enforce compliance with the applicable procedural rules at different stages of federal court

-11-

litigation"); In re Baker, 744 F.2d 1438, 1440 (10th Cir. 1984)(en banc)(noting that rule 16 was amended to provide sanctions in part because "the management of cases from the time of filing the complaint until the beginning of trial had become unacceptably long," and that rule 16's "spirit, intent and purpose is clearly designed to be broadly remedial, allowing courts to actively manage the preparation of cases for trial").  See also Roadway Express, Inc. v. Piper, 447 U.S. 752, 765 (1980)(noting that a court has an "inherent power" to "levy sanctions in response to abusive litigation practices").

Chief Magistrate Judge Molzen had both the statutory authority and the inherent authority to determine whether P. Martinez' refusal to comply with the basic requirements of litigation, like briefing discovery issues and filing motions for an extension of time if the party is unable to comply with an order, was done in bad faith, evincing "a glaring disregard and disrespect for the court's orders" that is sanctionable by harsher measures.  Beilue v. Int'l Bhd. of Teamsters, Local No. 492, 13 F.App'x 810, 814 (10th Cir. 2001)(unpublished).  It is significant that, after both this Court and the Tenth Circuit denied her motions for stays and while P. Martinez insisted that her eyes were not sufficiently healed to permit her to timely brief the discovery issues, P. Martinez was able to dictate and file two Objections and a Motion for Response in this Court, see Objections to Record, filed November 23, 2011 (Doc. 201); Objection to Denial of Motion for Stay of Proceedings -- Doc. 196 -- Emergency Response Requested by Dec. 7, 2011 -- Two Weeks, filed November 23, 2011 (Doc. 202); Motion to Respond to Doc. 202 - Objection to Denial of Motion for Stay of Proceedings -- Doc. 196 -- Emergency Response Requested by Dec. 7, 2011 -- Two Weeks, filed December 9, 2011 (Doc. 210), and to extensively brief issues for her unsuccessful petition for stay and motion for

reconsideration in the Supreme Court.[4]  Chief Magistrate Judge Molzen patiently gave P. Martinez an opportunity to justify her failure to comply with the Court's order by submitting expert testimony from her physicians to support her assertions that her medical condition precluded her from complying.

P. Martinez next contends that the March 29, 2012 Order, which requires her either to support her claims of medical disability with treating physician affidavits or to waive the right to submit untimely briefs, violates her right to physician/patient confidentiality, citing the New Mexico rules of evidence and "rule 1-026(B)(1)" of the Federal Rules of Civil Procedure.  Objection ¶ 10, at 6.  Those rules do not apply to this set of facts, because the Defendants have not sought P. Martinez' medical records.  Even if they applied, P. Martinez waived at least some of her rights to confidentiality by putting her medical condition at issue as an excuse for refusing to comply with orders, and she also waived that right by submitting into the record some of her physicians' orders, and her version of some of the surgeons' advice and statements.  See, e.g., Pre-Op Eyelid Instructions at 3,  filed January 30, 2012 (Doc. 215); Post-Operation Instructions at 4, filed January 30, 2012 (Doc. 215); Medical Notice/Verified Affidavit at 1, filed March 21, 2012 (Doc. 217). Further, P. Martinez was given a choice -- either support her claims of medical disability with affidavits from the physicians who performed her surgeries and examinations, or waive the right to request permission to file an untimely brief.  She has chosen the latter course of action.  The Court, therefore, concludes that P. Martinez may not file, and the Court will not consider, any briefs

---

[4]P. Martinez complains that Chief Magistrate Judge Molzen did not recognize that P. Martinez sent a cover letter with her documents filed in this Court, stating that she had dictated them to her assistant.  See Objection ¶ 17(d)-(e), at 10.  She further states that her assistant, Tanya Tyson, assisted her with the filings in the Supreme Court.  It is unclear why P. Martinez did not request the same research and typing assistance from Tyson for the briefs responsive to the November 10, 2011 and December 30, 2011 Orders.

regarding the discovery issues set forth in the November 10, 2011 Order that were due on January

30, 2012.

      P. Martinez' contentions that the March 29, 2012 Order violates her First Amendment rights

or a "14th Amendment privacy immunity," <u>see</u> Objection ¶ 10, at 6, 15-16, are not legally sound

under the circumstances.  A court does not have to give a party notice before issuing an order, and

P. Martinez cites no legal authority indicating that such a right exists -- constitutional or otherwise.

Rule 403 of the Federal Rules of Evidence, which provides for the exclusion of relevant evidence

<u>at trial</u> under certain circumstances, does not apply to a court's pretrial order requiring a party to

support her assertion that her medical condition precludes her compliance with a briefing schedule.

Similarly, the cases that P. Martinez cites on pages 16 and 17 of her Objection, which all relate to

the meaning of "relevant evidence," its admissibility, and the "burden of proof," Objection at 16-17,

are irrelevant to a court's authority to order a party to support her excuse for failing to comply with

a briefing order.  The cases P. Martinez cites regarding a <u>nonparty's</u> First Amendment associational

rights and the right of a <u>party</u> to discover them in formal discovery are likewise inapplicable.  <u>See</u>

Objection at 18.  P. Martinez did not "lose" her First Amendment rights because of the requirements

the March 29, 2012 Order imposed, so the cases she cites regarding First Amendment injury and the

"unconstitutional conditions doctrine"[5] are also inapplicable.  Objection at 19.

      The Court further rejects P. Martinez' suggestion that, if she is not permitted to file untimely

---

    [5]<u>See</u> <u>KT & G Corp. v. Att'y Gen. of Okla.</u>, 535 F.3d 1114, 1136 (10th Cir. 2008)("[T]he focus of the unconstitutional conditions doctrine is on whether a governmental entity is denying a benefit to [a plaintiff] that [the plaintiff] could obtain by giving up [his or her] freedom of speech, or is penalizing [the plaintiff] for refusing to give up [his or her] First Amendment rights."); <u>Worrell v. Henry</u>, 219 F.3d 1197, 1205 (10th Cir. 2000)(finding that the "modern 'unconstitutional conditions doctrine'" prevents the government from denying "a benefit to a person on a basis that infringes his constitutionally protected freedom of speech even if he has no entitlement to that benefit").

briefs because she refuses to comply with the March 29, 2012 Order, it would be a violation of her "due process right to be heard." Objection at 19.  P. Martinez was given almost three months to file responsive briefs on the discovery issues, but she steadfastly refused to file responsive briefs or even motions for extensions of time.  She could have hired an attorney or paralegal to research and brief the discrete discovery issues, or requested Tyson's assistance, if she was unable to brief the issues herself.  Instead she has filed numerous motions and objections and affidavits in this Court, including the twenty-page Objection, and the petition for mandamus in the Tenth Circuit.  After she admittedly regained her ability to resume her legal work, P. Martinez could have chosen to move for an extension of time and file the responsive briefs, but she did not do so.  The Court does not agree with P. Martinez' argument that the issuance of the March 29, 2012 Order violated her constitutional rights.

P. Martinez objects to the part of the March 29, 2012 Order requiring her to submit to the Court "a dated affidavit **that has been prepared and signed by her current opthamologic surgeon who has examined her eyes and performed the surgical procedure to remove the capsular sclerosis (and not by Ms. Martinez or her assistant**)," March 29, 2012 Order at 6 (emphasis original), contending that the words 'not by Ms. Martinez or her assistant' "violates my and my assistant's 1st amendment right to access the courts." Objection at 20.  This contention lacks a sound basis in the law and in the facts of this case.  The March 29, 2012 Order in no way precludes P. Martinez or her assistant from filing affidavits in this case -- it requires only the physicians to prepare their own affidavits.  In short, P. Martinez' arguments are not sound.

## II.    THE MOTION FOR STAY IS MOOT.

P. Martinez requests that the Court stay these proceedings pending the resolution of her thirty-two page petition for a writ of mandamus/writ of prohibition that she filed in the Tenth Circuit

on April 11, 2012.  The Court takes judicial notice that the Tenth Circuit denied her petition on the merits on May 1, 2012.  See In re Martinez, No. 12-2059 (10th Cir. May 1, 2012)(order denying petition).  Thus, the motion for a stay is moot.  Although P. Martinez has filed a motion for reconsideration en banc of the denial of her petition, see Motion -- Notice of Improper Filing District Court Docket Date -- Petition for Re-Hearing En Banc -- Erroneous Postal Date/Docket Entry, filed May 21, 2012 (Doc. 232), the Court will not grant the stay.  As the Tenth Circuit and this Court have previously advised P. Martinez, see Memorandum Opinion and Order Denying Reconsideration at 3, filed October 12, 2011 (Doc. 187), mandamus relief is "a drastic remedy, and is to be invoked only in extraordinary circumstances," In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1186 (10th Cir. 2009)(internal quotation marks omitted), and the denial of her petition demonstrates that those extraordinary circumstances do not exist.  The Court also has affirmed the denial of P. Martinez' requests for stays because the

> rules of federal procedure are intended to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Granting stays while the Supreme Court determines whether it will accept a petition for a writ of certiorari on the denial of a petition for a writ of mandamus or every time a party files one does not facilitate the goal of securing a speedy determination of an action.

December 30, 2011 MOO at 9.  In response to this statement, P. Martinez contends that she is, nonetheless, entitled to a stay, and blames the protracted delay in this case on the Court, contending that "[a] total of one year and six months out of the [] total of two and a half years of pending time was spent waiting for Judge Browning's rulings."  Objection ¶ 9, at 5-6.  P. Martinez appears to believe that her case should take priority over the hundreds of other civil and criminal cases on the Court's docket, and that the Court should prioritize her case to give her an immediate response.  Granting a stay every time P. Martinez is unhappy with an order could result in this case existing in perpetuity.  P. Martinez -- unlike most other litigants -- cannot accept an adverse decision of any

sort, regardless how minor the decision, hence she appeals everything.  Neither the Court nor the

case can come to a halt when she appeals every decision.  The Court will deny the request for stay

and will not reconsider its ruling even though P. Martinez has filed a motion for reconsideration in

the Tenth Circuit.  The Court will also not grant a stay if P. Martinez files a petition for a writ of

certiorari in the Supreme Court.

**IT IS ORDERED** that Plaintiff Patricia Martinez': (i) Objection to Doc 219 -- Order

Requiring Filing of Medical Affidavits, filed April 11, 2012 (Doc. 225) is overruled, and the Court

will not permit her to file untimely responsive briefs to the November 10, 2011 Order; and

(ii) Combined Motion to Stay Proceedings to Judge Molzen and Browning -- Petition for Writ of

Mandamus/and Prohibition -- 10th Circuit, filed April 16, 2012 (Doc. 227), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Patricia Martinez
Broken Arrow, Oklahoma

      *Plaintiff Pro Se*

Joshua R. Simms
Albuquerque, New Mexico

      *Attorney for Defendant Michael Martinez*

Colin Lambert Hunter
Jessica C. Roth
Hunter Law Firm
Albuquerque, New Mexico

      *Attorneys for Defendant Lynda Latta*