IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA MARTINEZ,

    Plaintiff,

v.                                                       CIV 09-0281 JB/KBM

MICHAEL MARTINEZ and
LYNDA LATTA,

    Defendants.

## ORDER OVERRULING OBJECTIONS

**THIS MATTER** came before Court on the pro se Plaintiff's "Objections for the Record – Entry of Doc. 250 and Sealing of Document," filed July 3, 2012 *(Doc. 255)*. Having reviewed the objections, the Court finds them wholly without merit.

Because Plaintiff Martinez has asserted on several occasions that she has not received documents filed by the Court, I personally instructed the Clerk's Office staff to send her a copy of Document 238 by certified mail on June 26, 2012. Indeed, a staff note on that date to the electronic file stated:

> (Court only) ***Staff notes: Discovery Order and Report and Recommendation 238 sent to Patricia Martinez c/o T. Tyson, P.O. Box 563, Broken Arrow, OK, 74013 via certified mail, return receipt requested - tracking #7003 1010 0005 0068 6025 (dmw) (Entered: 06/26/2012)

Docket Entry of June 26, 2012 (access limited to "Court Only"). I had requested the use of certified mail because Document 238 is my proposed findings and recommended disposition that Plaintiff Martinez' remaining claims be dismissed with prejudice, and I wanted to assure that she had the opportunity to file a timely response.

The United States Postal Service returned the unclaimed certified mail on August 2, 2012, and it was received by the Clerk's Office on August 8, 2012.  On that date, Clerk's Office staff scanned the returned envelope and filed it with the following staff note:

> (Court Only)  Mail Returned as Undeliverable re 238 REPORT AND RECOMMENDATIONS re 180 MOTION to Compel filed by Patricia Martinez. Mail sent to Patricia Martinez via certified mail (dmw)

*Document 250* (scanned envelope and staff note before access level was modified).  Staff notes are generally not available to the case participants because they are simply administrative advisements of information usually of little concerns to the parties and requiring no action on their part.  To notify the parties whenever such staff notes are generated would clog their e-mail with insignificant Notices of Electronic Filing ("NEF").

Shortly thereafter, Plaintiff Martinez faxed a copy of the public docket sheet and "not[ed] that Doc. 250 was skipped." *See Doc. 255* at 2.  The fax, which was e-filed the date it was received, provided in part:

> I am perplexed as to why the number Doc. 250 has been skipped?  I guess my concern would be that an entry would be made, that had not been filed timely, would be slipped in with an earlier date as if it had not been filed formerly. . . .  Please adjust these numbers to reflect the proper sequence (249,250) and avoid this appearance of impropriety.

*Doc. 254* at 1 (e-filed August 10, 2012).  In fact, however, the number had not been "skipped."  Instead, that document was only available for viewing by court staff as per our usual procedures noted above.

When Ms. Wheeler notified me of Plaintiff Martinez' concerns expressed in the fax and sought guidance from me, I requested that she modify the access level for Document 250 for

availability to the general public so that anyone could see from the docket sheet that there had been no impropriety. Hence, the addition of the phrase to the staff note – "Modified access level on 8/13/2012 (dmw). (Entered: 08/08/2012)" which accurately reflects the handling of the document. Thus, absolutely no impropriety has occurred.

I would note that our Clerk's Office staff, especially Ms. Wheeler, has gone out of their way to assure Plaintiff Martinez that her case is being handled using our routine procedures and with the same care given to all litigants. It is Plaintiff's unfounded suspicions to the contrary have inundated this case file with the need for unnecessary explanations, for duplicitous filings, and significant expenditure of court time and resources in processing the voluminous case file.

Wherefore,

IT IS ORDERED that Plaintiff's Objections *(Doc. 255)* are **overruled**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE