IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA MARTINEZ,

    Plaintiff,

vs.                                                                              No. CIV 09-0281 JB/KBM

MICHAEL MARTINEZ and
LYNDA LATTA,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
RECONSIDERATION AND STAY**

**THIS MATTER** comes before the Court on pro se Plaintiff Patricia Martinez': (i) Combined Motion to Stay Proceedings to Judge Browning and Magistrate Molzen, filed June 8, 2012 (Doc. 234)("Motion for Stay"); and (ii) Motion to Reconsider Memorandum Opinion and Order Denying Reconsideration and Denying Stay, filed June 8, 2012 (Doc. 235)("Motion to Reconsider"). P. Martinez seeks another stay pending the resolution of her petition for a writ of certiorari filed in the Supreme Court of the United States. See Motion for Stay at 1-2. The United States Court of Appeals for the Tenth Circuit has already determined that P. Martinez' underlying petition for a writ of mandamus is without merit and has denied her motion for reconsideration en banc. This situation is not one of those "extraordinary circumstances" justifying mandamus relief. In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1186 (10th Cir. 2009)(internal quotation marks omitted). Further, P. Martinez' petition for a writ of certiorari does not raise any of the "compelling reasons" listed in U.S. Supreme Court Rule 10(a), (b), or (c), but rather, asserts error based on P. Martinez' allegations of "erroneous factual findings or the misapplication of a properly stated rule of law," which are "rarely granted." U.S. Supreme Court Rule 10. As the Court has already

informed P. Martinez, see Memorandum Opinion and Order at 17, filed May 28, 2012 (Doc. 233)("May 28, 2012 MOO"), it will deny the motion for stay.

P. Martinez' Motion to Reconsider the Court's May 28, 2012 MOO denying reconsideration repeats her prior arguments. See, e.g. Motion to Reconsider at 15-18 (stating that P. Martinez "does not agree with the District Court Judge's statements that her (Plaintiff's) arguments are not legally sound and continues to assert her arguments" in her previous motion). The Court therefore declines to adopt: (i) P. Martinez' continuing accusations that the Court has "twisted" or "fabricated" or made "untrue" statements of fact, or that it has "lifted . . . statements out of context," and "defamed" her; (ii) her unsupported legal assertions that the Court made "erroneous" analyses and applied erroneous legal standards; (iii) her erroneous conclusion that the Court "fabricated" a new "briefing schedule" in its Amended Memorandum Opinion and Order, filed December 30, 2011 (Doc. 213)("December 30, 2011 MOO"), because she never moved for an extension of time in which to file a timely brief; and (iv) her false conclusions that "there were no valid imposed deadlines to break" and she "did not fail to meet deadlines." Motion to Reconsider at 2-5, 12-15.

The Court does not find sound P. Martinez' contention that she "did not realize that [the December 30, 2011 MOO established] a deadline date" of January 30, 2012 for briefing. Motion to Reconsider at 10. The Court did not put her in a "rebellious light and malign her credibility,"[1]

---

[1] P. Martinez has, however, resented the Court's guidance on some procedural issues. For example, in response the Court's repeated instructions that she should file her requests for reconsideration of a Magistrate Judge's nonsubstantive pre-trial order and her objections to a Magistrate Judge's Report and Recommendations in the form of a motion, as required by Federal Rule of Civil Procedure 7(b)(1)("A request for a court order must be made by motion."); Ashby v. McKenna, 331 F.3d 1148, 1152 (10th Cir. 2003), P. Martinez opens her brief by informing the Court that she "cannot be mandated to follow an instruction that is not backed up by the Federal Rules of Civil Procedure" as she interprets them. Motion to Reconsider at 1-2 (informing the Court that, "until there is a specific law pointed to her (and not an observation by a circuit judge as a possible reason a plaintiff's objections were not regarded), she will continue to couch her Objections as

Motion to Reconsider at 12, and the Court has not set out to do either. The Court assures P. Martinez that it does not "anger" the Court for a party to appeal from rulings. Motion to Reconsider at 14. As the Court has repeatedly instructed P. Martinez, however, appeals are generally properly taken after the Court has entered a final judgment in a case.

      P. Martinez continues to mischaracterize orders. The Honorable Karen B. Molzen, Chief United States Magistrate, did not, in her Order Requiring Filing of Medical Affidavits, filed March 29, 2011 (Doc. 219)("March 29, 2011 Order"), "demand an Affidavit attesting to the truth of [P. Martinez'] affidavit," nor did it require P. Martinez to obtain her medical records and give them to the Court. The March 29, 2011 Order's requirements are clear and unambiguous. Nor did Chief Judge Molzen, in the Order Denying Motion for Stay and Requiring Briefing of Preliminary Issues, filed November 10, 2011 (Doc. 196)("November 10, 2011 Order"), require P. Martinez to "attach all of her evidence" supporting her claims, Motion to Reconsider at 20, to a response brief showing cause why,

> based on her statements made to the Tenth Circuit Court of Appeals, all of her claims should not be dismissed because she does not have, and cannot obtain, sufficient evidence to establish that the real properties and businesses that are the subject of this lawsuit were purchased or created with community funds during the parties' marriage or that Latta and M. Martinez are liable for the tort of malicious prosecution.

November 10, 2011 Order at 12.

      P. Martinez' new arguments contending that the judges presiding over her case have committed "fraud on the court" and violated the Federal Crime Act, 18 U.S.C. § 1001, by allegedly making "twisted false statements" and arriving at their rulings, see Motion to Reconsider at 21-23, lack a sound basis in the law or in the facts, and are not in accordance with fact or reality. Likewise, her arguments based on the "plain error rule," Motion to Reconsider at 23, are also without any basis

---

Objections according to law.").

in law or fact.

**IT IS ORDERED** that Plaintiff Patricia Martinez': (i) Combined Motion to Stay Proceedings to Judge Browning and Magistrate Molzen, filed June 8, 2012 (Doc. 234), is denied; and (ii) Motion to Reconsider Memorandum Opinion and Order Denying Reconsideration and Denying Stay, filed June 8, 2012 (Doc. 235), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Patricia Martinez
Broken Arrow, Oklahoma

    *Plaintiff pro se*

Joshua R. Simms
Albuquerque, New Mexico

    *Attorney for Defendant Michael Martinez*

Colin Lambert Hunter
Hunter Law Firm
Albuquerque, New Mexico

    *Attorney for Defendant Lynda Latta*