IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA MARTINEZ,

        Plaintiff,

vs.                                                      CIVIL NO.   09-281 JB/LFG

MICHAEL MARTINEZ and
LYNDA LATTA,

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION
## TO REVIEW AND DISCLOSE

THIS MATTER is before the Court on Plaintiff Patricia Martinez's ("Martinez") "Motion to Review and Disclose--Judicial Canon of Ethics" [Doc. 262].  For the reasons hereafter stated, the motion is DENIED.

The thrust of Martinez's motion is to require the undersigned Magistrate Judge to conduct some type of investigation which Martinez deems necessary, and to report to her whether the referral Magistrate Judge should remain on the case or recuse.  The basis of her motion is as follows: "In recent conversations Plaintiff mentioned your substitution to others and it was suggested that there may be a conflict of interests [sic] for you to oversee this case as a magistrate." [Doc. 262 at 2]. Martinez fails to identify any conflicts or show cause why she believes it would be inappropriate for the undersigned to remain on the case.

### Analysis

There is no procedural rule that compels a judge to respond to a party's request for discovery.  Unlike parties, a judge need not answer interrogatories, appear for a deposition, respond to requests for admission or produce documents requested by a party.  Thus, to the extent Martinez

construes her motion as a request to compel the undersigned Magistrate Judge to respond to her inquiries, inspect documents or provide answers, the rules do not contemplate requiring a judge to provide information in response to a party's request or discovery motion.

Alternatively, the Court might construe Martinez's *pro se* motion as a request for recusal. *See, e.g.,* Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992) (*pro se* litigant's pleadings must be liberally construed). *See also* Roman-Nose v. New Mexico Dep't of Human Servs., 967 F.2d 435, 436-37 (10th Cir. 1992) (a plaintiff's *pro se* characterization of claims is not dispositive). To the extent the Court construes this motion as a request for recusal, it is denied for the following reasons.

Unlike state court practice where a party may file a peremptory challenge to excuse a judge, *see, e.g.*, NMSA 1978, § 38-3-9 (1985), federal law provides no automatic disqualification provision. Even the statute providing disqualification of a federal judge for bias or prejudice, 28 U.S.C. § 144, does not command automatic disqualification upon the filing of a motion. United States v. Bray, 546 F.2d 851, 857 (10th Cir. 1976); Hall v. Burkett, 391 F. Supp. 237, 240 (W.D. Okla. 1975). Rather, to prevail under § 144, a litigant must file a timely and sufficient affidavit establishing that the judge has a personal bias or prejudice. Hinman v. Rogers, 831 F.2d 937, 938 (10th Cir. 1987). When an affidavit to disqualify is filed, the judge for whom the disqualification is sought must pass on the sufficiency of the affidavit, compliance with the statute, and timeliness of the request. Hall, 391 F. Supp. at 240.

In this case, Martinez supplied no affidavit and no information to support recusal, save for unidentified conversations that Martinez had with others who suggested that there may be some conflicts. Thus, the undersigned Magistrate Judge is left to guess as to the nature of the conversations or the basis for allegations of a conflict. It is for that reason that § 144 imposes "[a]

2

substantial burden on the moving party to demonstrate the judge is not impartial." Hinman, 831 F.2d at 939.  For example, "conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." Id.  Moreover, bias and prejudice, to the extent they are established, must stem from an extra-judicial source. In re American Reddi-Mix, Inc., 14 F.3d 1497, 1501 (10th Cir.), *cert. denied,* 513 U.S. 818 (1994), and not from a litigant's dissatisfaction with a judge's rulings.  Adverse rulings simply do not constitute grounds for disqualification. Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997).  Here, Martinez's vague reference to discussions with unknown individuals which might suggest conflicts do not satisfy the requirements of 28 U.S.C. § 144.

In every case, a judge is required to determine whether he or she should be disqualified under an alternate statute, 28 U.S.C. § 455.  This statute requires a judge to disqualify himself or herself in various enumerated circumstances outlined under § 455(b).  None of the enumerated circumstances listed in the statute, to the undersigned's knowledge, exist in this case.  Thus, § 455 is inapplicable.

Additionally, a judge must disqualify himself or herself in any proceedings in which his/her impartiality might reasonably be questioned.  28 U.S.C. § 455(a).  In this case, the undersigned does not know or, to his knowledge, has never met or had dealings with Martinez, personally or professionally.  He does not know any of the parties in this litigation, and is unaware of any factual predicate that exists to substantiate an inference that his impartiality might be questioned.

For the foregoing reasons, Martinez's motion [Doc. 262] is DENIED.

IT IS SO ORDERED.

                                       *Lorenzo F. Garcia*
                                       Lorenzo F. Garcia
                                       United States Magistrate Judge