IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA MARTINEZ,

        Plaintiff,

vs.                                   CIVIL NO.   09-281 JB/LFG

MICHAEL MARTINEZ
and LYNDA LATTA,

        Defendants.

## REPORT AND RECOMMENDATIONS[1]

THIS MATTER is before the Court pursuant to an Order of Reference [Doc. Nos. 277, 279]. On June 26, 2012, Chief Magistrate Judge Molzen, who was originally assigned as the referral judge in this matter, issued a Report and Recommendation, proposing that Martinez's amended complaint and all claims be dismissed with prejudice. [Doc. 238.] Martinez was allowed fourteen (14) days to file objections.

At that time, Martinez also had pending two motions, one to reconsider a previous ruling; and a second, to request a stay. [Doc. Nos. 234, 235.] However, before the District Court ruled on these two motions, Martinez filed numerous new pleadings, letters, and notices, as summarized below.[2] On August 21, 2012, the Honorable James O. Browning, issued a Memorandum Opinion

---

[1]Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed. *See, e.g.*, Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004) ("firm waiver" rule followed in Tenth Circuit holds that a party who fails to object to magistrate judge's findings and recommendations in timely manner waives appellate review of both factual and legal questions).

[2]Due to the number of pleadings Martinez filed, the Court discusses only the more significant ones.

and Order Denying Reconsideration and Stay. [Doc. 258.]   From August 21, 2012 through September 25, 2012, Martinez filed a new barrage of paper, including thirteen (14) pleadings, *e.g.,* motions, letters, notices, "*errata*," and requests, some of which require no action and most of which the Court already resolved. [Doc. Nos. 260, 262, 263, 264, 265, 266, 267,[3] 268, 271, 273, 274, 278, 280, 284.]

In accord with the Court's Order or Reference [Doc. Nos. 277, 279], the undersigned Magistrate Judge sets out the following analysis in support of the recommendation that all pending motions and requests Martinez submitted be denied.  This Report and Recommendation addresses Documents 243 ("partial objection"), 244 (motion for response to Doc. 235), 265 (motion to reconsider), 266 (motion clarifying), 267 (notice of withdrawal and motion to stay), 274 (motion to extend briefing), 278 (motion for reconsideration of referral to undersigned magistrate judge), 280 (*"errata"*), and 284 (motion to reconsider Court's amended Order of Reference).  The District Court will enter a separate Order addressing Chief Magistrate Judge's Report and Recommendation [Doc. 235], along with Martinez's objections of record [Doc. Nos. 243, 246, 247.]

## Background

This lawsuit originated from Martinez's dissatisfaction with proceedings, rulings and determinations arising out of domestic relations litigation in a State District Court. [*See* Doc. 3 (Amended Complaint); Doc. 68, at 2 (Report and Recommendation).]   As a result of her dissatisfaction, Martinez filed the present federal lawsuit against her husband. [Doc. 1.] On April 8, 2009, Martinez amended her complaint to include allegations of wrongdoing against her husband,

---

[3]Martinez identifies Docket No. 267 as a notice withdrawing Docket Nos. 260, 263, and 264, but in addition, as a request that the Court stay its ruling on the Report and Recommendation, entered June 26, 2012 [Doc. 238].

her husband's attorney, the state district court trial judge, and various court officers and witnesses who participated in the domestic relations matters. [Doc. 3.] To date, Martinez's federal lawsuit has been in litigation for over 2½ years with over 275 pleadings, motions, reports, orders, and rulings. Martinez filed the vast majority of the pleadings. This litigation is marked with a constant deluge of pleadings, letters, facsimiles, requests, notices and objections, that have imposed significant costs, burdens and hardships on opposing parties and taxed the Court's judicial resources.

On December 14, 2009, the Honorable James O. Browning referred this case to Chief Magistrate Judge Karen B. Molzen for recommended findings and final disposition. [Doc. 67.] On December 22, 2009, after a careful and thorough evaluation of pending motions, the Chief Magistrate Judge recommended that the action be dismissed for lack of jurisdiction under abstention principles. [Doc. 68, at 3.] Martinez filed objections. [Doc. 69.]

On March 30, 2010, the District Court adopted in part and rejected in part the Chief Magistrate Judge's recommendations. [Doc. 81.] The District Court concluded that Martinez "properly states a claim for malicious abuse of process against [former husband] M. Martinez and Ms. Latta, and states a claim for a partition and accounting against M. Martinez." The Court further concluded that Martinez's amended complaint did not state a claim against Judge Whitefield, Smith, or Wiest. [Id. at 48.] On December 20, 2010, the Court entered a separate Memorandum and Opinion dismissing Defendants Paul Wiest and Jean Smith. [Doc. 124.] Martinez's federal litigation proceeded against Michael Martinez and Lynda Latta.

On December 21, 2010, Judge Browning entered a Memorandum Opinion and Order Denying Reconsideration [Doc. 125], and overruling Martinez's objections to discovery rulings and discovery procedures. On January 14, 2011, even though the case was still pending, Martinez filed a notice of appeal [Doc. 127] seeking Tenth Circuit review of the District Court's December 20 and

3

21, 2010 decisions [Doc. Nos. 124 and 125].  On March 17, 2011, the Tenth Circuit Court of Appeals abated Martinez's appeal [Doc. 136], and on April 19, 2011, the Tenth Circuit dismissed Martinez's appeal for lack of appellate jurisdiction. [Doc. 142.]

On May 12, 2011, Defendants filed a joint motion to dismiss pursuant to Fed.R.Civ.P. 41(b) for lack of prosecution by Martinez. [Doc. 148.] The motion was briefed, but while that motion was pending, Martinez again sought Circuit intervention, this time filing a petition for an extraordinary writ, a writ of mandamus. [Doc. 161, attachment.]

On July 15, 2011, the Tenth Circuit docketed Martinez's "petition for extraordinary writ (mandamus)" [Doc. 161], in which she argued, *inter alia*, that Magistrate Judge Molzen was unable to issue impartial rulings after District Judge Browning overruled in part the earlier Report and Recommendation of dismissal.  Martinez asked that the Tenth Circuit direct Judge Molzen to disqualify herself for bias and impartiality.  [Doc. 161, attachment.] In July and August 2011, the Tenth Circuit denied Martinez's original petition [Doc. 162], as well as a second petition for rehearing [Doc. 163].  On September 6, 2011, the Tenth Circuit denied yet another petition for mandamus which she filed concerning discovery rulings. [Doc. 167.]

On October 12, 2011, Chief Magistrate Judge Molzen issued another Report and Recommendation proposing that Defendants' joint motion to dismiss for lack of prosecution be denied. [Doc. 183.] On November 15, 2011, the District Court adopted that recommendation.  [Doc. 199.]

Martinez filed a new wave of motions, letters, and objections related to discovery disputes. [Doc. Nos. 200-204, 210-11.]  On December 30, 2011, Judge Browning, after construing Martinez's multiple objections as requests for reconsideration, overruled them and denied the requests. [Doc. 213.] Judge Browning concluded, in part, that Judge Molzen's earlier denial of Martinez's request

4

for a stay was neither contrary to law nor clearly erroneous.  Judge Browning allowed continued briefing on certain issues. [Doc. 213.]

Martinez again sought to appeal in the Tenth Circuit, but on May 1, 2012, the Circuit denied her request for mandamus relief and for writ of prohibition.  The Tenth Circuit summarized Martinez's requests for relief as follows:

> She seeks an order from this court:  (1) vacating a November 2011 order by the magistrate judge; (2) removing the magistrate and district court judges from her case due to bias; and (3) prohibiting the magistrate and district court judges from interfering with her discovery rights.

[Doc. 230.] The Court of Appeals concluded that Martinez did not establish the right to the relief she sought.

On May 28, 2012, Judge Browning issued a Memorandum Opinion and Order overruling Martinez's objections and denying her request for stay. [Doc. 233.]  The Court explained that it would deny her request for stay and would not reconsider that ruling.  In so ruling, the Court observed:

> P. Martinez appears to believe that her case should take priority over the hundreds of other civil and criminal cases on the Court's docket, and that the Court should prioritize her case to give her an immediate response.  Granting a stay every time P. Martinez is unhappy with an order could result in this case existing in perpetuity. P. Martinez -- unlike most other litigants -- cannot accept an adverse decision of any sort, regardless how minor the decision, hence she appeals everything. Neither the Court nor the case can come to a halt when she appeals every decision.

[Doc. 233, at 16-17.]

Notwithstanding the Court's careful analysis and ruling, Martinez filed yet another petition for writ of certiorari with the United States Supreme Court [Doc. 236], and a new motion to stay [Doc. 234], as well as a motion for reconsideration [Doc. 235].  On June 26, 2012, Chief Magistrate

5

Judge Molzen filed a Discovery Order and Report and Recommendation. [Doc. 238.] Her Discovery Order granted Defendant's motion for extension of time to provide relevant records and denied Martinez's motion to compel.  The Chief Magistrate Judge made detailed and extensive findings, proposing that the Court dismiss all of Martinez's claims, with prejudice. [Doc. 238.] That Report and Recommendation is still pending before the District Court.

Subsequent to the filing of this recommendation, Martinez filed a motion to strike the Report and Recommendation [Doc. 239] and a motion for extension of time to file a response to the Report and Recommendation [Doc. 240].  Judge Molzen denied Martinez's motion to strike the Report and Recommendation and granted the request to extend the time limit for filing objections or a motion for reconsideration until July 17, 2012. [Doc. 242.]

On July 13, 2002, Martinez filed a pleading identified a "Partial Objection to Doc. 242 and Response to Deadline – Doc. 240." [Doc. 243.] The pleading appears to be a motion for reconsideration[4] that has not yet been addressed.

On July 17, 2012, Martinez filed a new pleading entitled "Motion for Response to Doc. 235– Plaintiff's Motion for Reconsideration – or in the Alternative Leave to Respond to Extend Time to File Objections to Doc. 242 Ten Days After Doc. 235 Response." [Doc. 244.] In this pleading, Martinez set a deadline for the Court to decide her earlier motion.  She states –

---

[4]The District Court Judge advised Martinez that the pleadings she identifies as "objections" are actually attempted motions for reconsideration and that she should identify them as such so that responses, as needed, can be filed.  *See, e.g.,* Doc. 258, at 2 n.1 (". . . , in response [to] the Court's repeated instructions that [Martinez] should file her requests for reconsideration of a Magistrate Judge's nonsubstantive pre-trial order and her objections to a Magistrate Judge's Report and Recommendations in the form of a motion, as required by Federal Rule of Civil Procedure 7(b)(1)('A request for a court order must be made by motion.'); Ashby v. McKenna, 331 F.3d 1148, 1152 (10th Cir. 2003).)" Martinez frequently disagrees and insists on filing what she characterizes as objections.

> Because these issues directly relate to my ability to fairly brief major issues related to the Objection to J.Molzen's Doc. 242 denial of my Motion to Strike (not due until July 26, 2012), and which right was preserved in my Doc. 243 Objection. [sic] Even though Plaintiff, in the above quoted paragraph has already 'invited' the Court to review and reconsider all of the evidence she offered . . . .' Plaintiff thought it wise to render a formal Motion. Plaintiff here asks this Court, because all material has been before it for over two weeks, and because my ability to fully and fairly respond by July 26, 2012 would obviously affect my substantial rights to respond . . . . [sic.] Plaintiff asks that the District Court Judge respond to this no later than July 20, 2012, which response affords a very narrow time limit to brief the responses.
>
> In the alternative, if this Court cannot meet that timeline, then Plaintiff respectfully requests leave to file Objection to Denial of Motion to Strike due by July 26, 2012 ten days after J. Browning would respond to my Doc. 235 Motion for Reconsideration of Memorandum Order and Opinion [sic] (his Doc. 233).

[Doc. 244, at 2-3.] Apart from the novelty of imposing deadlines on the Court, her pleading does not succinctly state what relief she seeks other than a demand that the District Court issue a "response."

On July 24, 2012, Martinez filed "Objection 2/Motion to Strike/Order/Report and Recommendation." [Doc. 246.] This 32-page pleading, including exhibits and improper single spacing at times, attempts to resurrect issues previously decided and seeks to object to the Report and Recommendation [Doc. 238] a week after the deadline imposed by the Court, *i.e.,* July 17, 2012. [Doc. 242.] On July 24, 2012, Martinez also filed a supporting affidavit, including about 40 pages of exhibits. [Doc. 247.] The out-of-time "objection 2" and affidavit were not filed with the Court's permission. Even though untimely, the Court will consider the objections.

In early August 2012, Martinez filed a new Petition for Writ of Mandamus in the Tenth Circuit [Doc. 249], as well as various letters, facsimiles, objections and other requests to the District

Court. [Doc. Nos. 251, 252, 253, 254, 255.] On August 28, 2012, the Tenth Circuit denied the Petition for Writ of Mandamus and her motion to abate. [Doc. 261.]

On August 21, 2012, District Court Judge Browning issued a Memorandum Opinion and Order Denying Reconsideration and Stay [Doc. 258], in response to Martinez's combined motion to stay proceedings [Doc. 234] and her motion to reconsider the Court's decision denying reconsideration and stay [Doc. 235].

On August 22, 2012, Chief Magistrate Judge Molzen recused from this case, and the undersigned Magistrate Judge was assigned as the referral judge in this action. [Doc. 259.]

From August 27 to August 30, 2012, Martinez filed a new onslaught of motions that she later withdrew. [Doc. 267.] Unfazed by Judge Browning's repeated denials of her requests for reconsideration and to stay, on September 4 and 5, 2012, Martinez filed a Motion to Reconsider [Doc. 265] Judge Browning's August 21, 2012 decision [Doc. 258], and a "Motion Clarifying Supplementation to Partial Objections to Doc. 242 and Response to Deadline-Doc. 240." [Doc. 266] In more repetitive pleadings filed September 5 and September 19, 2012, Martinez filed a notice of incomplete briefing regarding a motion to clarify and a motion to extend briefing time for "Doc. 266 Issues." [Doc. Nos. 267, 273, 274.]

On September 24, 2012, Martinez filed a new motion asking Judge Browning to reconsider his Order referring the case to the undersigned Magistrate Judge. [Doc. 278.]

## Analysis

I.    **(a) Partial Objection to Doc. 242 Order and Response to Deadline Doc. 240 [Doc. 243];
      (b) Motion for Response to Doc. 235 – Motion for Reconsideration – or in the Alternative Leave to Respond to Extend Time to File Objections to Doc. 242 Ten Days after doc. 235 Response [Doc. 244];
      (c) Motion Clarifying Supplementation to Partial Objections to Doc. 242 and Response to Deadline – Doc. 240 [Doc. 266];
      (d) Motion to Extend Briefing Time for Doc. 266 Issues [Doc. 274].**

8

**(e) Motion to Reconsider Memorandum Opinion and Order Doc. 258 [Doc. 265]; and (f) Motion to Stay [Doc. 267].**

**A.   Partial Objection [Doc. 243]**

It is difficult to ascertain what relief Martinez seeks in her rambling partial objection.  For example, she writes –

> Even though, basically at this time, I am responding and objecting in a limited way to J. Molzen's deadline demand to respond to her Doc. 238, I intend to extensively brief my objection to the denial of the Motion to Strike by July 26, 2012, as mentioned on p.6, par 3.  At this time I am dealing only with the Motion for Extension of time and Order stating I must comply by July 17, 2012.  But because the Motion to Strike underpins the Extension deadline given, without full briefing, I would like to just touch on the topic of my Motion to Strike and address certain necessary points.

[Doc. 243, at 1-2.] Martinez further states–

> Plaintiff invites the Defendants to respond, if they feel the need [sic] an invitation.   WHEREFORE, premises considered, Plaintiff respectfully asks the District Court Judge Browning to review those objections and arguments alleging her constitutional right to jury, deferring his response until Plaintiff files a fully briefed and timely allowed, Objection to denial of Motion to Strike by July 26, 2012 and his review of same.

[Id. at 10-11.]

Martinez argues, in part, that Judge Molzen was without authority to rule on Martinez's motion to strike the Discovery Order and Report and Recommendation. [Doc. 243, at 2-3.] Martinez contends that Judge Browning was required to resolve her motion to strike, that Judge Molzen's Order denying the motion consisted of a "usurpation of authority," and that the Magistrate Judge inappropriately granted the Motion for Extension of Time, allowing two days to compile a response. [Id.]

The Court construes Martinez's motion as one to reconsider Chief Judge Molzen's July 10, 2012 decision.  However, the Federal Rules of Civil Procedure do not recognize a motion for reconsideration.  Ysais v. Richardson, 603 F.3d 1175, 1178 n.2 (10th Cir.), *cert. denied*, 131 S.Ct. 163 (2010).  Rather, a party subject to an adverse ruling may file a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief under Rule 60(b).  Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992).  Both Rules 59 and 60 provide avenues of relief when a court misapprehends the facts, misapplies the law or misunderstands the party's argument.

Such is not the case here.  Martinez's motion fails to demonstrate that the Court misunderstood the facts or that its application of the law was improper.  "Grounds warranting a [Rule 59(e) ] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., --- F.3d ----, 2012 WL 3590862, *13 (10th Cir. Aug. 22, 2012) (internal citations omitted).

While Martinez's partial objection or motion to reconsider Magistrate Judge Molzen's decision may evidence dissatisfaction with the ruling, Martinez presents no evidence to justify Rule 59 relief.  There was no intervening change in the law and no new evidence not previously available when briefing was presented.  Nor does the Court find clear legal error or agree that Chief Magistrate Judge Molzen's prior order resulted in manifest injustice.

Stated differently, Martinez's disagreement with the Court's ruling does not convince this Court that the Chief Judge's analysis was erroneous or improper.  As no relief is available under Rule 59, the Court now considers Martinez's request under Fed. R. Civ. P. 60(b).

"Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances."

Beugler v. Burlington N. & Santa Fe Ry. Co., 490 F.3d 1224, 1229 (10th Cir. 2007) (internal

quotation marks omitted).  Rule 60(b) provides in pertinent part that a court may relieve a party from

an order for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2)

newly discovered evidence that, with reasonable diligence, could not have been discovered in time

to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment

has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed

or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies

relief.  Fed.R.Civ.P. 60(b).

Martinez failed to show entitlement to relief under any provision of Rule 60(b).  Moreover,

neither a Rule 59 nor a Rule 60 motion for reconsideration is an appropriate vehicle to reargue an

issue previously addressed by the courts.  Servants of the Paraclete v. Does, 204 F.3d 1005, 1012

(10th Cir. 2000).  Many of the arguments raised by Martinez were already analyzed and rejected by

the Court.

For the reasons stated above, the Court recommends that Martinez's motion for

reconsideration [Doc. 143] be denied or alternatively, that the "partial objection" be overruled and

denied.  To the extent that this pleading also seeks relief to allow additional briefing on the motion

to strike, the Report and Recommendation, or any other ruling/pleading, the Court recommends

denying Martinez's request as all matters are fully briefed.

**B.** **Motion for Response** **[Doc. 244]**

In Martinez's motion for response to Doc. 235 (Martinez's motion for reconsideration), or

for leave to respond to extend time to file objections to Judge Molzen's denial of the motion to

strike, Martinez primarily asks the District Court to enter a decision on her motion for reconsideration. [Doc. 244.]  On August 21, 2012, the District Court denied Martinez's motion for reconsideration. [Doc. 258.]  Therefore, because the motion for response from the Court is now moot, the undersigned Magistrate Judge recommends that Document 244 be denied as moot.

Martinez's motion for response [Doc. 244] also asks, in the alternative, for leave to respond to file objections to Judge Molzen's decision denying the motion to strike.  Martinez's exact terminology is a request for leave to file "Objection to Denial of Motion to Strike due by July 26, 2012 ten days after J. Browning would respond to my Doc. 235 Motion for Reconsideration of Memorandum Order and Opinion (his Doc. 233)." [Doc. 244, at 3.]

Judge Browning issued a decision denying the motion to reconsider, and ten days have already passed from that date.  Because the matter is moot and also because the Court concludes that all matters concerning these pleadings have been fully briefed, the Court recommends that Martinez's motion for response or for leave to respond [Doc. 244] be denied in its entirety.

### C.  <u>Motion Clarifying Supplementation to Partial Objection</u> [Doc. 266]

In this motion, Martinez observes that since the filing of her original partial objection [Doc. 243], some of the issues have become moot.  Thus, she attempts to modify and clarify her requests. [Doc. 266.]

Essentially, Martinez devotes part of this pleading to rehashing her objection to the Court's earlier ruling on the motion to strike.  She then states that Judge Browning overruled her arguments in the August 21, 2012 decision denying the motion to reconsider. [Doc. 266, at 3.] Martinez argues that until Judge Browning overruled Martinez's arguments on August 12, 2012, Judge Molzen lacked authority to rule on the motion to strike.  This Court disagrees and finds no basis in law to support Martinez's position.

Martinez also notes that on July 24, 2012, she filed an affidavit and objections to Judge Molzen's Report and Recommendation that the entire case be dismissed. She asks that those pleadings be considered and reviewed. Martinez's motion clarifying [Doc. 266, at 6] also appears to seek permission once again to supplement her objections to the Report and Recommendation.

The Court recommends denying the motion clarifying and denying any request to file supplemental objections to Judge Molzen's Report and Recommendation, proposing that all of Martinez's claims be dismissed. This Court considers that matter fully briefed and ready for resolution. No additional objections may be filed.

### D.   <u>Motion to Extend Briefing Time for Doc. 266 Issues</u> [Doc. 274]

Martinez's motion to extend briefing time relates to a request that she be allowed to time to submit additional objections to the Magistrate Judge's Report and Recommendation proposing dismissal of the litigation. She states – "Until Plaintiff be given the opportunity to supplement her objections, a ruling should be deferred on Doc. 238 [Report and Recommendation] until after J. Browning rules on Doc. 266 [Martinez's motion clarifying] and Plaintiff then be given a fair opportunity to address those rulings and include them as supplemental and in addition to her Doc. 246 Objection 2 and Doc. 247 to be considered before the Doc. 238 adoption or overrule." [Doc. 274, at 5.]

The Court recommends denying Martinez's second or third request to file supplemental objections to those already filed. This matter is fully briefed and no further pleadings are necessary. Chief Magistrate Judge Molzen filed her Report and Recommendation on June 26, 2012 [Doc. 238], almost three months ago. On July 13, 2012, Martinez filed what she characterized as a partial objection. To the extent that the partial objection challenges the Report and Recommendation, it will be considered in the Court's *de novo* review of the Report and Recommendation. In addition,

13

Martinez's more extensive objections set forth in Document 246 ("Objection 2"), along with her affidavit and exhibits, will be considered.  Thus, there is no need for additional objections or supplementation of earlier objections.  The Court recommends denial of Martinez's motion to extend briefing time [Doc. 266].

### E.      Motion to Reconsider Memorandum Opinion and Order Doc. 258 [Doc. 265]

On September 4, 2012, Martinez filed a motion to reconsider Judge Browning's decision denying her earlier motion to reconsider and motion to stay.  Martinez argues that Judge Browning made statements in the decision [Doc. 258] that were "untrue and unsound and not backed by the record" with respect to related Tenth Circuit proceedings in this matter.  Martinez further claims that the District Court Judge "only speculated regarding his opinion of a denial of my yet unheard Supreme Court case . . . ." [Doc. 265, at 1.]

Martinez's narrative does not address reconsideration.  She quibbles with Judge Browning's language concerning motions for reconsideration, arguing that there is no "distinct Federal Rule" "couching a requirement that a Plaintiff, when objecting to a ruling from a magistrate [judge], must file a Motion for Reconsideration . . . ." [Id. at 4.] She "rebuts" Judge Browning's "remarks" that she was "in violation of the Federal Rules of Civil Procedure" by identifying pleadings as objections rather than motions for reconsideration. [Id. at 5.] Martinez objects to an entire footnote of Judge Browning's in his August 21, 2012 decision.  She further states:

> It seems that J. Browning is attempting to fabricate as many violations as possible for the excuse to dismiss my case for violations.  Even though J. Browning has denied my Motion to Reconsider, this denial can still be appealed as an interlocutory order requesting a Writ of Mandamus on the basis of an abuse of discretion and clear error, usurpation of authority and misapplication of the law. Until J. Browning responds to this Motion to Reconsider, Plaintiff will not be able to couch all of her objections wherein she asserts error and contests his Denial of the Motion to Reconsider.

[Doc. 265, at 6.]

A significant portion of her objections is primarily devoted to invective and *ad hominem* attacks on the judges assigned to this case and Martinez's view that the Court manipulates its analysis with the intent to dismiss her lawsuit.  Not only does Martinez complain of Judge Browning's decision and his reasoning, she repeatedly takes issue with Judge Molzen's previous rulings.  Martinez rehashes arguments and repeatedly attempts to resurrect failed claims.  While she observes that she could state more in response to Judge Browning's ruling, she says "the bulk of the arguments will be saved for later." [Doc. 265, at 9.]

Martinez expressly states that Judge Browning's alleged failure to consider certain evidence she presented "demonstrates this Courts' eagerness to unfairly dismiss this case against me by fabricating language to assert false violations against me so that it can dismiss this case and support and help the Defendants." [Doc. 265, at 10.] Disrespect of this nature should not be tolerated in any judicial forum.  While Martinez is free to believe any thing she chooses, a litigant's conduct and pleadings are subject to precise rules and Martinez's conduct is violative of rules that govern court pleadings and procedures.  This case is well beyond the target date for resolving cases under this District's Expense and Delay Reduction Plan, and the greatest cause for delay is Martinez' unchecked, relentless abuse of the court process. Martinez has been fairly heard on a repeated basis, notwithstanding the repetitive nature of her rambling, and at times, nonsensical pleadings.   The Court cautions Martinez that she risks court-imposed sanctions under Fed.R.Civ.P. 16 and the Court's inherent authority, should she continue with her abusive practices and frivolous motions.

The problem with Martinez's position in this latest motion for reconsideration is that once again, she fails to demonstrate any of the grounds that would support reconsideration under Rules 59(e) or 60(b).  Martinez did not provide evidence or argument of an intervening change in the

15

controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice to justify reconsideration under Rule 59(e).  The same is true with respect to Rule 60(b).  Martinez made no showing as to any of the grounds for Rule 60(b) reconsideration.  Indeed, she fails to demonstrate the type of exceptional or extraordinary circumstances that would support granting a Rule 60(b) motion.

Attached to Martinez's motion to reconsider is a Petition for Writ of Mandamus and Petition for Writ of Prohibition to the Tenth Circuit.  The attachment appears incomplete, but the Court can only assume that Martinez recently presented a petition to the Tenth Circuit, similar to the many unsuccessful pleadings she already filed in the Tenth Circuit**.**

Based on Martinez's failure to provide grounds sufficient to justify reconsideration under either Rule 59(e) or Rule 60(b), the Court recommends that the motion for reconsideration [Doc. 265] be denied.

## F.      Motion to Stay [Doc. 267]

Martinez's motion to stay is part of another pleading that withdraws some of her earlier motions.  [Doc. 267.]  She asks the Court for a stay on deciding Judge Molzen's Report and Recommendation proposing dismissal of her claims.  This request repeats earlier argument or requests that the Court has denied.

Martinez states that she "should be given an opportunity to review the Order response and make further objections and arguments to be considered that attach to the Doc. 238 Order from J. Molzen.  Regardless of what J. Browning decides, favorable or not, Plaintiff has a right to review this response and offer her objections, not just to this Court before his Doc. 238 ruling, but that Plaintiff has the ability to preserve her objection to an appellate court." [Doc. 267, at 5.] It is true

that Martinez may file objections to Reports and Recommendations, but only if she presents them within the time frame established by the Court.

To the extent that Martinez claims she is entitled to submit additional objections to the Report and Recommendation [Doc. 238], she is mistaken. Her objections are before the Court, and she has no right to submit successive and endless objections. The matter is fully briefed and ready for resolution. Thus, the Court recommends that Martinez's motion to stay [Doc. 267] be denied.

II. **Motion for Reconsideration of Judge Browning's Order of Reference to Undersigned Magistrate Judge [Doc. 278]; "Errata" [Doc. 280]; and Motion for Reconsideration of Amended Order of Reference [Doc. 284]**

A. **Motion for Reconsideration of Order of Reference [Doc. 278]**

Martinez argues that the Order of Reference should not have been made in this case because of Martinez's request for a jury. She claims there is no authority for a "bench judge" to make findings of fact or to issue recommendations once Martinez requested a jury. Martinez further argues that Judge Browning may not refer this case to a magistrate judge because there are still pending motions before the District Court Judge. Martinez's third reason is based on her interpretation of "law of the case." She contends that it would be improper for the undersigned Magistrate Judge to review this case and make recommendations that relate to the District Judge's decisions.

Martinez's view notwithstanding, a jury demand does not preclude a court from exercising its authority. For example, a pending jury demand does not preclude a court from issuing a pretrial summary judgment. *See* Sullivan v. DeRamcy, 2010 WL 2331178, *1 (E.D.Tex. June 9, 2010) ("mere fact of a jury demand does not convey an absolute right to trial by jury[;]" "the right to trial by jury does not prevent a court from granting summary judgment.") (unpublished) (*citing*

Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007).   Moreover, the Court has authority to manage its docket.  If the court concludes that the issuance of an Order of Reference can better assist it to manage its docket and provide the efficient, effective and economical disposition of cases, a jury demand would not trump the court's case management authority.  *See, e.g.* Yates v. Arkin, 242 F. App'x 478, 481-82 (10th Cir. May 22, 2007) ("the district judge designated the magistrate judge to conduct pretrial proceedings and submit proposed findings of fact and recommendations for rulings on dispositive motions-something entirely consistent with the statutory scheme.").  *See also* Clark v. Poulton, 963 F.2d 1361, 1366 (10th Cir.) (recognizing need for "maximum flexibility" in district court referrals to magistrate judges), *cert. denied*, 113 S.Ct. 635 (1992).

Martinez misapprehends the law and the rules of civil procedure.  It is true that the Court must liberally construe a *pro se* Plaintiff's pleadings.  *See* Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, this rule of liberal construction stops at the point where the Court would be required to serve as a party's advocate or advisor.  Vos v. Turley, 2012 WL 3871715, at *1 n.1 (10th Cir. Sept. 7, 2012) (unpublished).  *See* Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (court construes *pro se* submissions liberally; however, court does not act as a party's advocate).  *See also* Nielsen v. Price, 17 F.3d 1276, 1277 ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'").  Stated differently, the Court has no obligation to advise a *pro se* party about the law or the rules of civil procedure; indeed, the Court is precluded from doing so.

For the above-stated reasons, the Court recommends that the motion for reconsideration of the Order of Reference [Doc. 278] be denied as Martinez identified no grounds that would support reconsideration of the District Court's Order of Reference.

B.      *"Errata"* [Doc. 280]

18

Martinez sometimes files pleadings almost daily.  During the preparation of this Report and Recommendation, she filed a pleading entitled "errata."  Martinez clarifies that she intended to insert the word "objections" next to the word "motion" in the motion to reconsider Order of Reference.  The pleading is unnecessary and meaningless.  To the extent that it seeks relief, the Court recommends denying Martinez's *"Errata"* [Doc. 280].

### C.    Motion to Reconsider Amended Order of Reference [Doc. 284]

The District Court amended its original Order of Reference as to the undersigned Magistrate Judge for one purpose – to correct the Magistrate Judge's title.  This minor correction does not allow Martinez to re-file her earlier motion to reconsider [Doc. 278] or to amend and supplement that pleading.  Therefore, the Court recommends denying Martinez's (second) motion to reconsider Order of Reference. [Doc. 284].

### Objections

Pursuant to this Circuit's firm waiver rule, failure to timely file objections (*see supra* at p. 1 n.1), precludes any appellate review.  While Martinez has an opportunity to file timely objections to this Report and Recommendation, the Court cautions her against filing partial objections or a series of separate objections.  Martinez's objections should be contained in a single pleading and should succinctly express her positions to specific portions of this Report and Recommendation. The filing of objections to this Report and Recommendation is not an opportunity for Martinez to rehash her disagreement with earlier decisions or other reports and recommendations.

The Court also advises Martinez that she must follow the Federal Rules of Civil Procedure and the Local Rules for the District of New Mexico with respect to character pitch, line spacing and margins.  D.N.M. LR-Civ 10.1.  The Court observes that Martinez frequently and inappropriately uses single-spacing in her pleadings.  Her pleadings should be submitted in the proper form.

The Court finally observes that as of late, Martinez is using a non-lawyer assistant to sign pleadings and papers. [*See* Doc. Nos. 248, 271, 281.] This is improper.

**Recommendations**

For the reasons set out above, the Court recommends that the following motions and requests be denied.  To the extent that some of these pending pleadings are construed as objections, the Court recommends that the objections be overruled and denied.

IT IS THEREFORE recommended that Martinez's –

(1) Partial Objection to Doc. 242 Order and Response to Deadline Doc. 240 [Doc. 243] be overruled and/or denied;

(2) Motion for Response to Doc. 235 – Motion for Reconsideration – or in the Alternative Leave to Respond to Extend Time to File Objections to Doc. 242 Ten Days after doc. 235 Response [Doc. 244] be denied;

(3) Motion Clarifying Supplementation to Partial Objections to Doc. 242 and Response to Deadline – Doc. 240 [Doc. 266] be denied;

(4) Motion to Extend Briefing Time for Doc. 266 Issues [Doc. 274] be denied;

(5) Motion to Reconsider Memorandum Opinion and Order Doc. 258 [Doc. 265] be denied;

(6) Motion for Stay of Ruling on Doc. 238 Order [Doc. 267] be denied;

(7) Motion to Reconsider Order of Reference [Doc. 278] be denied;

(8) *"Errata"* [Doc. 280] be denied; and

(9) Motion to Reconsider Amended Order of Reference [Doc. 284] be denied.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

21