IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA MARTINEZ,

        Plaintiff,

vs.                                  CIVIL NO.   09-281 JB/LFG

MICHAEL MARTINEZ and
LYNDA LATTA,

        Defendants.

## MEMORANDUM AND ORDER
## DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION

THIS MATTER is before the Court on Plaintiff Patricia Martinez's ("Martinez") "Motion and Affidavit in Support of Disqualification of Magistrate J. Lorenzo F. Garcia - Based on Bias and Prejudice and Impartiality," filed October 3, 2012 [Doc. 294]. In seeking disqualification of the undersigned Magistrate Judge, Martinez invokes 28 U.S.C. § 144. No response is necessary to the motion.

**Legal Standard**

Title 28 U.S.C. § 144 provides a procedure to remove a judge for bias or prejudice. The statute does not command automatic disqualification of a judge. On the contrary, the decision to recuse is committed to the sound discretion of the judge. Hinman v. Rogers, 831 F.2d 937, 938 (10th Cir. 1987).

> There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." Hinman, 831 F.2d at 939. The statute is not intended to give litigants veto power over sitting judges. Nichols v. Alley, 71 F. 3d 347, 351 (10th Cir. 1955).

Green v. York, 2006 WL 1488851, * 3 (D. Colo. May 25, 2006) (unpublished). Moreover, under § 144, an affidavit filed in support of recusal is strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 144 requires the party seeking to disqualify a judge to timely file a sufficient affidavit demonstrating that the judge before whom the matter is pending has a personal bias or prejudice either against her or in favor of the adverse party. The affidavit must state facts and reasons for the belief that bias or prejudice exists, and is to be filed not less than ten days before the beginning of the term at which the proceeding is to be heard. A party may file only one affidavit. 28 U.S.C. § 144.

When a party files an affidavit to disqualify under § 144, the judge sought to be disqualified must first pass on its sufficiency, compliance with the statute, and timeliness of the filing. Hall v. Burkette, 391 F. Supp. 237, 240 (W.D. Okla. 1975). To warrant disqualification, the movant must show bias and prejudice that is personal, extra judicial, and identified by "facts of time, place, persons, occasion, and circumstances." Hinman, 831 F.2d at 939. In other words, a litigant's dissatisfaction or upset with a judge's performance or rulings on a particular case is insufficient to justify disqualification under the statute. Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997). In addition, "conclusions, rumors, beliefs, and opinions are not sufficient to form a basis for disqualification." Hinman, 831 F.2d at 939.

### Discussion

Martinez's included an affidavit with her motion that consists of one sentence:

> Comes now Patricia Martinez, Pro Se and herewith states that her statements made in her Motion and Affidavit are made in good faith

>and true to the best of her knowledge and can be supported by the record.

[Doc. 294, at 20, Affidavit.] Martinez's affidavit purports to adopt by reference an 18-page motion replete with her reiteration and interpretation of statutory provisions and case law, along with Martinez's opinions, contentions, conclusions and argument. Neither the motion itself nor the scant affidavit satisfies the requirements of 28 U.S.C. § 144. Clearly, nothing in the purported affidavit sets out any "personal or extra judicial" bias or prejudice supported by facts of time, place, persons, or circumstances. *See* Hinman, 831 F.2d at 939. The motion, which Martinez "incorporated by reference" relates only to her dissatisfaction with the undersigned Magistrate Judge's performance or rulings in this case.

In attempting to detail the parade of horribles that she asserts began on September 26, 2012, Martinez recites that the Magistrate Judge "rendered recommended dismissal against Plaintiff and briefed his recommended findings and opinions in his Doc. 284." [Doc. 294, at 3.] Martinez contends that the Report and Recommendation [Doc. 284] is improper because it is "not in the scope of J. Garcia to review Plaintiff's pending objections to another magistrate's work . . . ." [Doc. 294 at 4]; that the undersigned Magistrate Judge as well as the trial judge "ignored Plaintiff's allegations of impropriety;" and that the Magistrate Judge filed a 21-page report, notwithstanding Martinez's concerns that the trial judge had issued an Order of Reference. [Id.] Finally, Martinez also asserts that her concerns prompted her to file a petition for a writ of mandamus with the Tenth Circuit Court of Appeals. That petition, Court of Appeals No. 12-2158, is pending.[1]

---

[1]The pending petition for a writ of mandamus is only the most recent of Martinez's attempts to have the Court of Appeals issue an extraordinary writ. In the last few months, she filed four prior applications – Nos. 11-2145 (7/15/2011); 11-2174 (8/26/11); 12-2059 (4/11/12); and 12-2125 (8/6/12). The Circuit denied each of these petitions.

Again, such allegations do not demonstrate any evidence of "personal or extra judicial" bias. All of Martinez's complaints evince her disagreement with rulings related to this litigation.[2] Martinez further alleges that "Magistrate [Judge] Garcia ignored [her] allegations," acted "without the proper scope of authority," "took on a tone" that Plaintiff's request "was possibly challenging him," demonstrated his "impartiality" [sic] by making negative findings and rulings against Plaintiff before the cycle of pleadings was ripe," and "usurped his role of Magistrate [Judge] by performing the job of a District Court judge." [Doc. 294, at 3, 4, 7, 8.] None of these allegations demonstrate prohibited bias or partiality. Even if Martinez could show that the undersigned Magistrate Judge's tone was stern, disapproving, or critical, her motion for disqualification would fail. *See, e.g.,* Hargrave v. Chief Asian, LLC, 2012 WL 1573632, at *4 (10th Cir. May 7, 2012) (unpublished) ("[A] judge's ordinary efforts at courtroom administration, even if stern and short-tempered, are immune from charges of bias and partiality." . . ."[C]ritical, disapproving, or hostile, remarks usually will not support a bias charge.") (*citing* United States v. Nickl, 427 F.3d 1286, 1298 (10th Cir. 2005) (quotation marks omitted). Here, it bears repeating that nothing in the motion speaks to any "extra judicial or personal" conduct; none of Martinez's contentions show alleged bias or prejudice unrelated to rulings in the instant case.

In sum, the entirety of Martinez's motion concerns her allegations about the Magistrate Judge's performance or rulings in this case. Such allegations concerning dissatisfaction are

---

[2]For purposes of clarity, Martinez is mistaken that the undersigned Magistrate Judge "recommended dismissal against Plaintiff." This Magistrate Judge's Report and Recommendation [Doc. 284] recommends denial of various repetitive and frivolous motions or pleadings Martinez filed. However, there is a pending Report and Recommendation issued by the previously assigned Magistrate Judge, who recommended dismissal of the entire case [Doc. 238]. As stated before, that Report and Recommendation will be reviewed by the District Court Judge, along with Martinez's already-filed objections [Doc. Nos. 243, 246].

4

insufficient to form a basis for disqualification. As stated previously, adverse rulings do not constitute grounds for disqualification. *See* Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); Nickl, 427 F.3d at 1298 ("[A]dverse rulings cannot in themselves form the appropriate grounds for disqualification.") (quotation omitted).

The Court determines that the motion should be denied, as Martinez's Affidavit is deficient; her motion seeking to flesh out the basis for her request for disqualification demonstrates simple dissatisfaction with the judge's performance and rulings in this case; and Martinez failed to show any extra judicial or personal bias or other condition arising under 28 U.S.C. § 144 that could compel disqualification.

IT IS THEREFORE ORDERED that Martinez's Motion [Doc. 294] is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge