IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA MARTINEZ,

        Plaintiff,

v.   No. CIV 09-0281 JB/LFG

MICHAEL MARTINEZ and
LYNDA LATTA,

        Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Report and Recommendation, filed Sept. 26, 2012 (Doc. 284)("R&R"); and (ii) the Plaintiff's Objections to J. Garcia's Doc. 284 Report and Recommendations, filed Oct. 15, 2012 (Doc. 304)("Objections"). The primary issue is whether the Court should adopt the Honorable Lorenzo F. Garcia, United States Magistrate Judge's recommendation to deny Plaintiff Patricia Martinez' following motions:[1] (i) Partial Objection to Doc. 242 and Response to Deadline -- Doc. 240, filed July 13, 2012 (Doc. 243); (ii) Motion for Response to Doc. 235 -- Plaintiff's Motion for Reconsideration -- or in the Alternative Leave to Respond to Extend Time to File Objections to Doc. 242 Ten days After Doc. 235 Response, filed July 17, 2012 (Doc. 244); (iii) Motion to Reconsider Memorandum Opinion and Order Doc. 258, filed Sept. 4, 2012 (Doc. 265); (iv) Motion -- Clarifying Supplementation to Partial Objections to Doc. 242 and Response to Deadline -- Doc. 240, filed Sept. 5, 2012 (Doc. 266); (v) Notice of Withdrawal of Doc. 260, Doc. 263 and Doc. 264 and

---

[1] Although P. Martinez does not identify all of these pleadings as motions or requests, the Court construes the "objections" and "errata," as motions for reconsideration or requests.

Motion for Stay of Ruling on Doc. 238 Order and Report and Recommendation for Dismissal, filed Sept. 5, 2012 (Doc. 267); (vi) Motion to Extend Briefing Time for Doc. 266 Issues and Memorandum in Support, filed Sept. 19, 2012 (Doc. 275); Motion to Reconsider Doc. 277 Order of Reference Relating to . . . . . [sic] Pro Se Cases . . . [sic], filed Sept. 24, 2012 (Doc. 278); (vii) Errata -- Motion to Reconsider Doc. 277 Order of Reference . . . . . . . . [sic] Pro Se Cases . . .[sic], filed Sept. 25, 2012 (Doc. 280); and (viii) Motion to Reconsider Amended Doc. 279 Order of Reference . . . . . . . . . [sic] Pro Se Cases . . . [sic], filed Sept. 25, 2012 (Doc. 282).   The Court will adopt Judge Garcia's Recommendation and deny all P. Martinez' requests in this document.

## PROCEDURAL BACKGROUND

On September 21, 2012, the Court referred this matter to the Judge Garcia for proposed findings and a recommended disposition.  See Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases, and Immigration Habeas Corpus Proceedings, filed Sept. 21, 2012 (Doc. 277).   On September 25, 2012, the Court amended the order of reference to correct an error.  See Amended Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases, and Immigration Habeas Corpus Proceedings, filed Sept. 25, 2012 (Doc. 279)("Order of Reference"). The Order of Reference directed Judge Garcia to conduct hearings, if warranted, and to perform the legal analysis required to recommend to the Court an ultimate disposition of the case in accordance with 28 U.S.C. § 636(b)(1)(B).  See Order of Reference at 1.

P. Martinez timely filed objections to Magistrate Judge Garcia's R&R.  See Objections at 1.  When resolving objections to a magistrate judge's proposal: "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected

to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C). Rule 72(b) does not require the district court to make specific findings, but rather to conduct a de novo review of the record. See Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).

P. Martinez objects to almost the entirety of Judge Garcia's R&R, including the summary of the background of the case and the proposed recommendations. Thus, the Court conducted a de novo review of the R&R so as to consider all objections. In conducting the de novo review, the Court considered P. Martinez' objections, exhibits, the record, all pleadings at issue, including pleadings that P. Martinez filed after Judge Garcia issued the R&R, such as P. Martinez' Reply to Motion to Extend Time (My Doc. 274) for Doc. 266 Issues and Memorandum in Support, filed Oct. 17, 2012 (Doc. 305), and the pertinent law.

## ANALYSIS

Judge Garcia admonished Martinez that she must "succinctly express her positions to specific portions" of the R&R and that the opportunity to file objections was not occasion for P. Martinez to rehash her disagreement with earlier decisions, or other reports and recommendations. See R&R at 19. Notwithstanding Judge Garcia's admonition, a significant portion of P.

Martinez' objections consists of P. Martinez' unspecific and unsupported disagreement with Judge Garcia's R&R, as well as her dissatisfaction with the Court's earlier decisions.

The Court determines that P. Martinez did not make <u>specific</u> written objections to Judge's R&R, as the law requires.  <u>See</u> <u>United States v. One Parcel of Real Estate, with Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa Okla.</u>, 73 F.3d 1057, 1059-60 (10th Cir.)("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."), <u>cert. denied</u>, 519 U.S. 909 (1996).  Instead, P. Martinez offers analogies characterizing the magistrate judges earlier and currently involved in this case as "first and second wives," and likened her claims to disputes among children, parents and grandparents.  Objections at 25-26.  The point of her analogy is unclear.  She attaches exhibits that are already part of the record or have no apparent bearing on Judge Garcia's findings.  P. Martinez' disagreement with the R&R is insufficient.   P. Martinez does not advance a sound legal basis to support a decision by this Court to reject or modify any portion of Judge Garcia's R&R.

P. Martinez' objections fall into three categories: (i) misunderstanding of law and federal procedure; (ii) irrelevant arguments concerning various matters, including other Court rulings and recommendations, the underlying divorce, and the merits of P. Martinez' complaint;  and (iii) unsupported arguments or analogies.  The Court focuses on examples of each of these objections, although none of the objections persuade the Court that it should reject or modify Judge Garcia's R&R.

## I.   P. MARTINEZ' OBJECTIONS DISPLAY FUNDAMENTAL MISUNDERSTANDINGS OF LAW AND PROCEDURE.

P. Martinez repeatedly objects that the Judge Garcia had no authority to issue the R&R. This argument does not have a sound basis in the facts of the case or in the applicable law. See, e.g., 28 U.S.C. § 636(b)(1)(B). Part of P. Martinez' argument rests on an incorrect assumption that Judge Garcia is reviewing another Magistrate Judge's earlier work, i.e., the Honorable Karen B. Molzen, Chief Magistrate Judge's recommendations.[2] Judge Garcia did not and will not review Chief Judge Molzen's recommendations. Instead, Judge Garcia recommends denial of nine pleadings that P. Martinez filed, including requests for reconsideration, motions for extensions and stays, and motion for clarification. None of Judge Garcia's recommendations pertain to Chief Judge Molzen's pending recommendation of dismissal, see Discovery Order and Report and Recommendation, filed June 26, 2012 (Doc. 238). The Court will address in a separate Memorandum Opinion and Order all of Martinez' objections to Chief Judge Molzen's recommendation to dismiss all of Martinez' claims, with prejudice. See Motion to Strike Doc 238 [sic], filed July 3, 2012 (Doc. 239); Motion to Extend Time to Respond to Doc. 238, filed July 3, 2012 (Doc. 240); Verified Affidavit to Defend -- Supporting Objection 2 -- Re: Doc. 238, filed July 24, 2012 (Doc. 247); Notice of Withdrawal of Doc. 260, Doc. 263 and Doc. 264 and Motion

---

[2] Chief Judge Molzen was initially the referred magistrate judge, and the Court issued an order of reference requesting that she issue a report and recommendation. See Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases, and Immigration Habeas Corpus Proceedings, filed Dec. 11, 2009 (Doc. 66); *Amended* Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases, and Immigration Habeas Corpus Proceedings, filed Dec. 14, 2009 (Doc. 67). After much diligent work, Judge Molzen recused when she joined a community service board of directors on which Defendant Lynda Latta also serves. See Order of Recusal at 1-2, filed Aug. 22, 2012 (Doc. 259). Upon her recusal, Judge Garcia was assigned as the referral magistrate. See Order of Reference at 1.

for Stay of Ruling on Doc. 238 Order and Report and Recommendation for Dismissal, filed Sept. 5, 2012 (Doc. 267); Amended -- Verified Affidavit to Defend -- Supporting Objections 2 -- Re: Doc. 238 -- (Doc. 247) -- Memorandum in Support, filed Nov. 13, 2012 (Doc. 311).

In addition, this Court makes the final decisions as to all of Judge Garcia's recommendations; in other words, contrary to P. Martinez' argument, Judge Garcia does not review Judge Molzen's rulings. Judge Garcia has not stepped into the shoes of the Court by ruling on P. Martinez' objections, rather, as the magistrate judge to which this matter has been referred, Judge Garcia is empowered to rule on motions filed in this matter, in accordance with 28 U.S.C. § 636(b), even if those motions pertain to previous orders which Chief Judge Molzen issued. In this capacity, Judge Garcia's R&R is not a de novo ruling on P. Martinez' objections to the Discovery Order and Report and Recommendation, or Order Denying Motion for Stay and Requiring Briefing of Preliminary Issues, filed Nov. 10, 2011 (Doc. 196). This Court will make a dispositive ruling on those orders, pursuant to Fed. R. Civ. P. 72(b)(3).

In sum, P. Martinez is mistaken that Judge Garcia is reviewing the R&R that another magistrate judge prepared. P. Martinez is also mistaken that Judge Garcia lacked authority to issue the R&R discussed in this opinion. The Court referred this matter to Judge Garcia for analysis and also to make recommendations regarding the ultimate disposition of this case. See 28 U.S.C. § 636(b)(1)(B)("[A] judge may designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for disposition."). Judge Garcia did not overstep his authority in issuing the R&R; it contains neither unauthorized nor "inappropriate" findings. Objections at 3, 14. The Court overrules P. Martinez' objections. See Objections at 1-3, 14.

P. Martinez argues that the Court should strike Judge Garcia's R&R. This Court properly referred this case for findings and recommendations to Judge Garcia. See 28 U.S.C. § 636(b)(1)(B). There is no sound basis to strike his R&R. The Court overrules her objection.

P. Martinez contends that two magistrate judges should never be assigned to the same case, where one magistrate recuses, as was true here, and another is subsequently assigned. P. Martinez argues that the seriatim assignment of two magistrate judges in one case creates a "double record," and that such assignment leads to "interwoven" pleadings or rulings. Objections at 3. The argument lacks the sound basis in the facts of this case and the applicable law. Further, P. Martinez misunderstands federal practice and procedure. In early 2009, when P. Martinez filed this lawsuit and pursuant to the district's Expense and Delay Reduction Plan promulgated under the authority of the Civil Justice Reform Act, 28 U.S.C. §§ 471-482, the Court assigned both a presiding district court judge and a referral magistrate judge to the case. The presiding judge is responsible for the disposition of the case and rules on potentially dispositive motions, while the assigned magistrate judge generally handles case management, scheduling, and discovery-related motions. A district judge may elect to refer motions or the entire case to the referral magistrate judge for analysis and recommendations, as was done in this case. See, e.g., Yates v. Arkin, 242 F. App'x 478, 481-82 (10th Cir. May 22, 2007)(unpublished)[3]("[T]he district judge designated the

---

[3] Yates v. Arkin is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Yates v. Arkin has persuasive value with respect to a material issue, and will assist the Court in its disposition of this memorandum

magistrate judge to conduct pretrial proceedings and submit proposed findings of fact and recommendations for rulings on dispositive motions -- something entirely consistent with the statutory scheme."). If a magistrate judge recuses because of a conflict, another magistrate judge is assigned to the case. Reassignment is standard federal practice in this district. The practice is appropriate and does not create a "double record." The Court overrules P. Martinez's objections.

P. Martinez next argues that the "case of the law doctrine" [sic] prohibits one magistrate judge from reviewing "a record from another magistrate [judge] . . . ." Objections at 3, 5, 22-24. P. Martinez meant to refer to the law-of-the-case doctrine. The doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16 (1988). The law-of-the-case doctrine is "only a rule of practice in the courts and not a limit on their power." McIlravy v. Kerr-McGee Coal Corp., 204 F.3d 1031, 1035 (10th Cir. 2000)(secondary quotations omitted). P. Martinez does not identify any relevant rulings that became "law of the case" in this proceeding, nor identifies any portion of Judge Garcia's R&R that implicates this doctrine. Her references to "case of the law" have no bearing on the Court's de novo review of Judge Garcia's R&R. The Court overrules P. Martinez' objections.

---

opinion and order.

P. Martinez mistakenly believes that summary judgment motions or rulings have been filed in this case or are about to be filed. For example, she contends that she "evokes FRCP 56(f) regarding premature summary judgments" and further argues that Judge Garcia's R&R violates Martinez' Seventh Amendment right to a jury trial. Objections at 2. See Partial Affidavit at 2-3, filed Oct. 15, 2012 (Doc. 304-1). No party filed a summary judgment motion in this federal litigation, and the time for filing case or claim dispositive motions long ago expired. See Scheduling Order and Discovery Plan, filed May 25, 2010 (Doc. 104); Memorandum Opinion and Order Overruling Most Objections at 1-3, filed Aug. 12, 2011 (Doc. 164). The Court did not issue rulings under rule 56 of the Federal Rules of Civil Procedure, and, at this late date, the Court does not authorize the out-of-time filing of any rule 56 motions. Thus, there is no basis for P. Martinez to submit a rule 56(d) affidavit requesting additional discovery to respond to a summary judgment motion. In addition, Judge Garcia's R&R does not address the merits of P. Martinez' litigation, and she provides no support for her position that the Court violated her "jury demand rights." Objections at 2. A jury demand in a case does not preclude a pretrial determination that a complaint lacks merit and is subject to dismissal. See, e.g., Sullivan v. DeRamcy, 2010 WL 2331178, *1 (E.D. Tex. June 9, 2010)("The mere fact of a jury demand does not convey an absolute right to trial by jury[;]" "the right to trial by jury does not prevent a court from granting summary judgment.")(unpublished)(citing Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007)). The Court overrules P. Martinez' objections.

P. Martinez also suspects that the "District Court might issue a summary judgment Order sua sponte without notice and state there were not genuine issues of dispute, and not allow Plaintiff an opportunity to defend." Objections at 11. P. Martinez explains that, for this reason, she

submitted her affidavit and objections to Chief Judge Molzen's Discovery Order and Report and Recommendation. Martinez' suspicions are unfounded. The Court does not issue summary judgment sua sponte without notice.[4]

Chief Judge Molzen Discovery Order and Report and Recommendation's proposes dismissal of P. Martinez' claims. P. Martinez was placed on notice of the recommendation and permitted to file objections, which she did. The Court will address the Discovery Order and Report and Recommendation and P. Martinez' objections in a separately issued decision. P. Martinez' speculation about summary judgment has no bearing on Judge Garcia's R&R. The Court overrules any objections as they might relate to Judge Garcia's R&R.

P. Martinez sets forth the following statement: "PLAINTIFF WILL EXPECT THE COURT TO ALLOW THE DEFENDANTS TO RESPOND TO THESE OBJECTIONS WITHIN 14 DAYS AS THE RULES DICTATE (FRCP 72(b)(2))." Objections at 13. The statement is unclear, but in any case, is irrelevant to Judge Garcia's R&R. The Defendants had the same fourteen day period to file objections to the R&R. See R&R at 1 n.1. The deadline for the Defendants to file objections expired.

---

[4] In an Order entered November 10, 2011, Chief Judge Molzen asked for briefing on certain legal issues. She referred to summary judgment in that Order by noting that "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence . . . ." Order Denying Motions for Stay and Requiring Briefing of Preliminary Issues at 1. That order stated that, while the Court could enter summary judgment, it would provide notice to a losing party and allow that party to present all pertinent evidence. See Order Denying Motions for Stay and Requiring Briefing of Preliminary Issues at 1.

## II. THE COURT WILL OVERRULE IRRELEVANT OBJECTIONS AND REJECT ARGUMENTS CONCERNING OTHER MATTERS.

For purposes of "background," P. Martinez attaches state law pleadings as exhibits that "explain some of the history involving M. Martinez and my suits." Objections at 4. She discusses the state law proceedings in some detail. E.g., "M. Martinez filed a suit for Malicious Abuse of Process in J. Hulen's state court against me." Objections at 4. "M. Martinez has refused to furnish discovery information . . . since the divorce proceeding in 1998." Objections at 4. "Exhibit B reflect[s] that then there were six different stonewalled times Plaintiff attempted to receive the tax records over those years . . . ." Objections at 4. None of this "background" information pertains to the Court's de novo review of Judge's Garcia's R&R in this litigation. The Court disregards this background, history, and related exhibits, and overrules objections to the extent they might relate to Judge Garcia's R&R.

P. Martinez argues that Judge Garcia did not mention P. Martinez having to wait "one and one-half years for various discovery rulings." Objections at 5-6. That P. Martinez may have waited for certain rulings from judges in this litigation sheds no light on the Court's de novo review of Judge Garcia's R&R. P. Martinez was not entitled to any ruling within a specified amount of time. P. Martinez further asserts that Judge Garcia failed to "point out" that she "had eye surgery in November 2011 and that there were complications due to negligence." Objections at 4. P. Martinez attached an affidavit, previously provided to the Court, verifying her health condition. Her health condition or Judge Garcia's failure to mention is not relevant to the de novo review of the Judge Garcia's R&R. The Court overrules P. Martinez' objections.

P. Martinez also recounts docket entries dating back to July 20, 2009, when summons allegedly were served in this case. She complains that Chief Judge Molzen recommended

- 11 -

dismissal of her case on December 22, 2009, but that this Court delayed in ruling on her objections until March 30, 2010. She sets forth other complaints about the Court's delay in ruling on P. Martinez' objections to Judge Molzen's decisions. See Objections at 8-9. Again, none of this discussion about delays in the case or the reason for delay is relevant to the Court's de novo review of Judge Garcia's R&R. The Court overrules P. Martinez' objections.

P. Martinez discusses Chief Judge Molzen's R&R recommending dismissal and emphasizes her affidavit in which P. Martinez attempts to dispute Chief Judge Molzen's findings. See Objections at 10-11. The Court will address P. Martinez' objections to Chief Judge Molzen's Discovery Order and Report and Recommendation in a separately issued decision. P. Martinez' discussion of Chief Judge Molzen's recommendations has no bearing on the Court's de novo review of Judge Garcia's R&R. The Court overrules P. Martinez' objections.

P. Martinez continues to assert that "all proper briefing time that would include [certain] issues are [sic] still not yet ripe for review" with respect to her objections to Judge Molzen's Discovery Order and Report and Recommendation. Objections at 17-18. P. Martinez asks this Court to extend the time to supplement her objections to Chief Judge Molzen's Discovery Order and Report and Recommendation or earlier decisions. The Court denies the request to supplement P. Martinez' objections to Chief Judge Molzen's Discovery Order and Report and Recommendation, or to extend briefing time in relation to any other recommendation, decision, or motion. As Judge Garcia accurately stated, Judge Molzen's Discovery Order and Report and Recommendation is fully briefed and ready for resolution. To the extent that P. Martinez takes issue with Judge Garcia's R&R and his summary of her objections or motions to reconsider, the Court overrules the objections.

## III.  THE COURT WILL OVERRULE OTHER OBJECTIONS, AND DECLINE TO ADOPT UNSUPPORTED ARGUMENTS AND ANALOGIES.

P. Martinez argues that Judge Garcia is biased and prejudiced against her, made "derogatory insinuations against Plaintiff," and evinced "unmistakable hatred" against her. Objections at 21-22.  The Court finds no sound basis for P. Martinez' assertion of Judge Garcia's alleged bias or prejudice against her, and, therefore, overrules those objections.

P. Martinez mentions that she filed a notice of "incomplete briefing" with respect to certain requests and further states that the briefing cycle is not complete.  Objections at 19.  The pertinent rules of civil procedure do not provide for, or expressly authorize or mention, the filing of a "notice of incomplete briefing," even though P. Martinez has filed such pleadings in this case. The Court determines that all matters are fully briefed in this case, both with respect to Judge Chief Molzen's Discovery Order and Report and Recommendation and Judge Garcia's R&R.  The Court overrules Martinez' objections that request additional briefing time as to any motion.

On page 25 of her objections, P. Martinez sets out an "illustration" demonstrating why two magistrate judges should not be assigned to the same case.  This argument is one that P. Martinez made at the beginning of her objections.  In the attempted analogy, P. Martinez likens the assignment of judges to members of a family unit.  For example, she states:

> In a legal case the husband is the District Court Judge, the wife, the Magistrate [Judge], supporting and recommending, but with no final authority, the children are the parties.  The marriage issues in recommendations and orders and final orders to the children's motions, pleadings and objections.  In a marriage it is monogamous and in our legal system, it too should be mongamous [sic].
>
> Let's say the children are unhappy with the way their parents issue their recommendations and orders and final orders.  They can then go to the grandparents and ask them to decide if they have felt that their children, who are the parents in the case, treated their grandchildren unfairly.  If so, the grandparents

>would have the authority to change the disposition or they could agree with the former disposition by their children, the child's parents.
>
>In this case, Judge Molzen is the first wife.  She has recused herself, but she has left certain issues (fruit) from this marriage which are living -- (even though the marriage is severed), to be decided by her husband. . . .

Objections at 25-26.  P. Martinez proceeds for pages with this illustration, but the illustration provides no basis to challenge Judge Garcia's R&R and sheds no light on the Court's de novo review of that R&R.  Indeed, the illustration or analogy is not apt to the federal judge's situation, and the Court disregards it in making its decision.

In conclusion, P. Martinez' objections are without merit, and provide no sound basis for the Court to reject or modify Judge Garcia's R&R, proposing denial of P. Martinez' motions and requests.  The Court therefore adopts Judge Garcia's R&R.

**IT IS ORDERED** that: (i) the Court adopts Magistrate Judge's Report and Recommendation, filed Sept. 26, 2012 (Doc. 284); and (ii) the Court overrules Plaintiff Patricia Marinez' Objections to J. Garcia's Doc. 284 Report and Recommendations, filed Oct. 15, 2012 (Doc. 304): (i) Partial Objection to Doc. 242 and Response to Deadline -- Doc. 240, filed July 13, 2012 (Doc. 243); (ii) Motion for Response to Doc. 235 -- Plaintiff's Motion for Reconsideration -- or in the Alternative Leave to Respond to Extend Time to File Objections to Doc. 242 Ten days After Doc. 235 Response, filed July 17, 2012 (Doc. 244); (iii) Motion to Reconsider Memorandum Opinion and Order Doc. 258, filed Sept. 4, 2012 (Doc. 265); (iv) Motion - Clarifying Supplementation to Partial Objections to Doc. 242 and Response to Deadline -- Doc. 240, filed Sept. 5, 2012 (Doc. 266); (v) Notice of Withdrawal of Doc. 260, Doc. 263 and Doc. 264 and Motion for Stay of Ruling on Doc. 238 Order and Report and Recommendation for Dismissal, filed Sept. 5, 2012 (Doc. 267); (vi) Motion to Extend Briefing Time for Doc. 266 Issues and

Memorandum in Support, filed Sept. 19, 2012 (Doc. 275); Motion to Reconsider Doc. 277 Order of Reference Relating to . . . . . [sic] Pro Se Cases . . . [sic], filed Sept. 24, 2012 (Doc. 278); (vii) Errata -- Motion to Reconsider Doc. 277 Order of Reference . . . . . . . . [sic] Pro Se Cases . . .[sic], filed Sept. 25, 2012 (Doc. 280); and (viii) Motion to Reconsider Amended Doc. 279 Order of Reference . . . . . . . . . [sic] Pro Se Cases . . . [sic], filed Sept. 25, 2012 (Doc. 282).

_____
UNITED STATES DISTRICT COURT

*Parties and Counsel:*

Patricia Martinez
Broken Arrow, Oklahoma

    *Plaintiff pro se*

Joshua R. Simms
Albuquerque, New Mexico

    *Attorney for Defendant Michael Martinez*

Colin Lambert Hunter
Hunter Law Firm
Albuquerque, New Mexico

    *Attorney for Defendant Lynda Latta*