## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PATRICIA MARTINEZ,

     Plaintiff,

v.                                       No. CIV 09-0281 JB/LFG

MICHAEL MARTINEZ, an individual,
LYNDA LATTA, an individual, JUDGE
ELIZABETH WHITEFIELD, individually
And in her official capacity, PAUL WEIST,
an Individual, and JEAN SMITH, an individual,

     Defendants.

## MEMORANDUM OPINION AND ORDER VACATING IN PART
## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Partial Objection to Doc.

242 and Response to Deadline -- Doc. 240, filed July 13, 2012 (Doc. 243)("Partial Obj."); (ii) the

Objection 2 -- Motion to Strike/Order/Report and Recommendation, filed July 24, 2012 (Doc.

246)("2nd Obj."); (iii) the Motion -- Clarifying Supplementation to Partial Objections to Doc.

242 and Response to Deadline -- Doc. 240, filed Sept. 5, 2012 (Doc. 266)("3rd Obj."); (iv) the

Magistrate Judge's Report and Recommendation, filed September 26, 2012 (Doc. 284)("R&R");

(v) the Plaintiff's Objections to J. Garcia's Doc. 284 Report and Recommendations, filed

October 15, 2012 (Doc. 304)("Objections to R&R"); and (vi) the Court's Memorandum Opinion

and Order Adopting Magistrate Judge's Report and Recommendation, filed February 14, 2013

(Doc. 316)("Feb. 14 MOO").   The primary issues are: (i) whether the Court should reconsider

the Honorable Karen B. Molzen, Chief United States Magistrate Judge's Order, filed July 10,

2012 (Doc. 242)("Molzen Order"), granting Plaintiff Patricia Martinez an extension of one week

to file objections to Chief Judge Molzen's Discovery Order and Report and Recommendation,

filed June 26, 2012 (Doc. 238)("MSJ R&R"); (ii) whether the Court should reconsider Chief Judge Molzen's denial of P. Martinez's Motion to Strike Doc. 238, filed July 3, 2012 (Doc. 239)("Motion to Strike"); (iii) whether the Court should vacate its Feb. 14 MOO, adopting the Honorable Lorenzo F. Garcia, United States Magistrate Judge's recommendation that the Court deny                                    the                                    following motions: (i) the Partial Obj.; (ii) Motion for Response to Doc. 235 -- Plaintiff's Motion for Reconsideration -- or in the Alternative Leave to Respond to Extend Time to File Objections to Doc. 242 Ten Days After Doc. 235 Response, filed July 17, 2012 (Doc. 244)("Motion to Rule on Doc. 235"); (iii) the 2nd Obj.; (iv) the Motion to Reconsider Memorandum Opinion and Order Doc. 258, filed Sept. 4, 2012 (Doc. 265)("Motion to Reconsider Doc. 258"); (v) the 3rd Obj.; (vi) Notice of Withdrawal of Doc. 260, Doc. 263 and Doc. 264 and Motion for Stay of Ruling on Doc. 238 Order and Report and Recommendation for Dismissal, filed Sept. 5, 2012 (Doc. 267)("Motion for Stay on MSJ"); (vii) the Motion to Extend Briefing Time for Doc. 266 Issues and Memorandum in Support, filed September 29, 2012 (Doc. 274)("Clarification -- Motion for Extension"); (viii) Motion to Reconsider Doc. 277 Order of Reference Relating to . . . . . [sic] Pro Se Cases . . . [sic], filed September 24, 2012 (Doc. 278)("Motion to Reconsider Doc. 277"); (ix) Errata -- Motion to Reconsider Doc. 277 Order of Reference . . . . . . . . [sic] Pro Se Cases . . .[sic], filed September 25, 2012 (Doc. 280)("Errata -- 277 Reconsideration"); and (vii) Motion to Reconsider Amended Doc. 279 Order of Reference . . . . . . . . [sic] Pro Se Cases . . . [sic], filed September 25, 2012 (Doc. 282)("Motion to Reconsider Doc. 279").[1]   The Court has carefully

---

[1] Although P. Martinez does not identify all of these pleadings as motions or requests, the Court construes the "objections" and "errata" as motions for reconsideration.

reconsidered some of the legal standards the Court used in adopting the R&R will re-analyze some of the motions and objections using different standards, and the Court vacates the February 14, 2013 MOO in part. The Court will not reconsider the Molzen Order. The Court will, however, sustain P. Martinez' objection that Judge Garcia did not have authority to rule on her objections to the Molzen Order. In sum, although the Court is vacating in part its Feb. 14 MOO, the result is the same for P. Martinez.

## PROCEDURAL BACKGROUND

On December 11, 2009, the Court referred this matter to the then Judge Molzen for proposed findings and a recommended disposition.[2] See Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases, and Immigration Habeas Corpus Proceedings, filed December 11, 2009 (Doc. 66). On December 14, 2009, the Court amended the Order of Reference to correct an error. See Amended Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases, and Immigration Habeas Corpus Proceedings, filed December 14, 2009 (Doc. 67). The Order of Reference directed Judge Molzen to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court, in accordance with 28 U.S.C. § 636(b)(1)(B), an ultimate disposition of the case.

On June 26, 2012, Chief Judge Molzen issued a Discovery Order and Report and Recommendation (Doc. 238)("MSJ R&R"), recommending that the Court grant summary

---

[2] Chief Judge Molzen became the Chief United States Magistrate Judge for the District of New Mexico on April 1, 2011. See Scott Sandlin, Former Scientist is New Chief U.S. Magistrate Judge for N.M., Albuquerque Journal (May 3, 2011), available at http://www.abqjournal.com/news/state/032321560101newsstate05-03-11.htm.

judgment in favor of the Defendants Michael Martinez and Lynda Latta.  MSJ R&R at 1.[3]  In

response, P. Martinez filed the Motion to Strike, asserting that the MSJ R&R should be struck

under rule 12(f) of the Federal Rules of Civil Procedure, and P. Martinez requested additional

time to file objections to the MSJ R&R.  See Motion to Strike at 1; Motion to Extend Time to

Respond to Doc. 238, filed July 3, 2012 (Doc. 240)("Motion for Extension").  On July 10, 2012,

Chief Judge Molzen denied the Motion to Strike and granted P. Martinez an additional week to

file objections to the MSJ R&R.  See Molzen Order at 1-2.  P. Martinez subsequently filed the

Partial Obj. on July 13, 2012, and the 2nd Obj. on July 24, 2012, both timely objecting to the

Molzen Order.

In the Partial Obj., P. Martinez contends that the Court may strike the MSJ R&R under

rule 12(f) because it contains immaterial, redundant, and scandalous material.  See Partial Obj. at

2.  P. Martinez contends that Chief Judge Molzen did not have authority to rule on the Motion to

Strike or the Motion for Extension, because only the Court may rule on those motions.  See

Partial Obj. at 3.  P. Martinez contends that the one-week extension Chief Judge Molzen granted

was insufficient for her to brief her objections to the MSJ R&R.  See Partial Obj. at 3-4.  P.

Martinez contends that the Motion to Strike objected to the MSJ R&R and that, therefore, the

Court, rather than Chief Judge Molzen, should have ruled on the Motion to Strike.  See Partial

Obj. at 4-5.  P. Martinez contends that the Molzen Order did not apprise P. Martinez of her right

to object to the Molzen Order, and, therefore, no time limitations preclude P. Martinez from

objecting to the Molzen Order at a later, unspecified date.  See Molzen Order at 6.  P. Martinez

also makes a number of objections to the MSJ R&R, which the Court addressed in its Amended

---

[3] The Court has since adopted the MSJ R&R in part, and trial in this matter is set for July 15, 2013.  See Minute Order, filed May 24, 2013 (Doc. 32); Amended Memorandum Opinion and Order, filed June 3, 2013 (Doc. 321).

Memorandum Opinion and Order, filed June 3, 2013 (Doc. 321)("MSJ MOO").  MSJ MOO at 13-14, 42.

In the Motion to Rule on Doc. 235, P. Martinez requests that the Court rule before July 20, 2012 on her Motion to Reconsider Memorandum Opinion and Order Denying Reconsideration and Denying Stay, filed June 8, 2012 (Doc. 235)("Motion to Reconsider Doc. 233").  Motion to Rule on Doc. 235 at 1.  P. Martinez asserts that reconsideration of the Court's Memorandum Opinion and Order Denying Reconsideration and Denying Stay, filed May 28, 2012 (Doc. 233)("Doc. 233 MOO") is essential to her ability to respond to the Molzen Order, and she requests that, if the Doc. 233 MOO is not reconsidered before July 20, 2012, the Court grant her an additional ten days after reconsidering the Doc. 233 MOO for her to file objections to the Molzen Order.  See Motion to Rule on Doc. 235 at 1-6.

In the 2nd Obj., P. Martinez' second timely objection to the Molzen Order, P. Martinez again contends that Chief Judge Molzen lacked authority to rule on the Motion to Strike.  See 2nd Obj. at 1-2.  P. Martinez also makes a number of objections to the MSJ R&R, which the Court addressed in the MSJ MOO.  See 2nd Obj. at 2-27; MSJ MOO at 14-17, 42, 44, 46, 49, 51, 53, 54, 62, 64, 72.

On August 21, 2012, the Court declined to grant P. Martinez a stay of proceedings pending her appeal to the Supreme Court of the United States, and declined to reconsider the Doc. 233 MOO.  See Memorandum Opinion and Order Denying Reconsideration and Stay, filed August 21, 2013 (Doc. 258)("Doc. 258 MOO").  The Court determined that P. Martinez' request for a stay of proceedings did not present an extraordinary circumstance that warranted delaying the litigation pending her appeal to the Supreme Court.  The Court also determined that P.

Martinez had not raised a valid argument for reconsidering the Doc. 233 MOO, because her Motion to Reconsider Memorandum Opinion and Order Denying Reconsideration and Denying Stay raised the same arguments as those which she already addressed to the Court in earlier pleadings, and which the Court already considered in the Doc. 233 MOO.  See Doc. 258 MOO at 1-2.

Chief Judge Molzen recused from this matter on August 22, 2012, because she became a member of the Center for Civic Values' board of directors, on which Latta also sits.  See Order of Recusal at 1-2, filed August 22, 2012 (Doc. 259).

On September 4, 2012, P. Martinez requested that the Court reconsider the Doc. 258 MOO.  See Motion to Reconsider Doc. 258 at 1-11.  P. Martinez requested that the Court reconsider its previous order declining to reconsider Chief Judge Molzen's order to P. Martinez to produce evidence of an ailing eye condition that was allegedly interfering with her ability to prosecute her case.  See Motion to Reconsider Doc. 258 at 1-11; Memorandum Opinion and Order Denying Reconsideration and Stay at 8-15.

P. Martinez filed the 3rd Obj. on September 5, 2012.  To the extent that the 3rd Obj. objects to the Molzen Order, it is untimely.  In the 3rd Obj., P. Martinez notifies the Court that the Motion to Strike is an objection to the MSJ R&R.  See 3rd Obj. at 1 ("[T]he Motion to Strike was couched as objections to J. Molzen's 238 Order and Report and Recommendation.").  P. Martinez contends, therefore, that Chief Judge Molzen had no authority to rule on her objections to the MSJ R&R.  See 3rd Obj. at 2.  P. Martinez requests that the Court rule on certain issues which the Partial Obj. presents, and to rule on the propriety of Chief Judge Molzen issuing the Molzen Order, before the Court rules on the MSJ R&R.  See 3rd Obj. at 4-7.  On September 5,

- 6 -

2012, P. Martinez again requested that the Court not rule on the MSJ R&R until the Court rules on the issues she raises in the Partial Obj.  See Motion for Stay on MSJ at 5-6.

On September 19, 2012, P. Martinez notified the Court she may have filed the 3rd Obj. in an improper form.  See Clarification -- Motion for Extension at 1-2.  P. Martinez states that she has learned that the proper procedural form for requesting additional time to respond to an order is to file a motion to extend.  See Clarification -- Motion for Extension at 4.  She states that she has "corrected and cured the error within the proper filing time in this Motion to Extend Briefing Time."  Clarification -- Motion for Extension at 5.

On September 21, 2012, the Court referred this matter to the Judge Garcia for proposed findings and a recommended disposition.  See Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases, and Immigration Habeas Corpus Proceedings, filed September 21, 2012 (Doc. 277).

On September 24, 2012, P. Martinez requested that the Court reconsider the order of reference to Judge Garcia.  See Motion to Reconsider Doc. 277 at 1.  P. Martinez contends that it is inappropriate for a judge to rule on the merits of her case, because she has requested a jury trial.  See Motion to Reconsider Doc. 277 at 2-6.   P. Martinez also contends that it is inappropriate for a magistrate judge to review her case before the Court rules on her motions for reconsideration, objections to the Molzen Order, her requests for extensions of time, and the MSJ R&R.  See Motion to Reconsider Doc. 277 at 6-12, 14-15.  P. Martinez further contends that a magistrate judge does not have the authority to review her motions requesting reconsideration of previous Court rulings.  See Motion to Reconsider Doc. 277 at 13-14.

On September 25, 2012, the Court issued an amended order of reference to correct an error in Judge Garcia's title.[4]  See Amended Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases, and Immigration Habeas Corpus Proceedings, filed September 25, 2012 (Doc. 279)("Order of Reference").  The Order of Reference, in accordance with 28 U.S.C. § 636(b)(1)(B), directed Judge Garcia to conduct hearings, if warranted, and to perform the legal analysis required to recommend to the Court an ultimate disposition of the case.  Order of Reference at 1.

On September 25, 2012, P. Martinez notified the Court that she "forgot to insert from her notes . . . the word 'objections' next to the word motions" in her Motion to Reconsider Doc. 277. Errata -- 277 Reconsideration at 1.  Accordingly, in the Errata -- 277 Reconsideration, P. Martinez includes excerpted paragraphs from the Motion to Reconsider Doc. 277 with the word "objections" inserted in certain places.  Errata -- 277 Reconsideration at 1-2.

P. Martinez filed the Motion to Reconsider Doc. 279 in the instance that the Order of Reference "'kicked' the consideration of my Motion for Reconsideration and Errata 'out' so to speak."  Motion to Reconsider Doc. 279 at 2.  She asserts that no judge has the authority to rule on the merits of her case because she requested a jury trial.  See Motion to Reconsider Doc. 279 at 3-6.  She also asserts that the Court may not refer her case to a magistrate judge until the Court rules on her objections to the Molzen Order and motions for reconsideration, see Motion to Reconsider Doc. 279 at 3-12, and because a magistrate judge may not review and make recommendations on the Court's previous rulings, see Motion to Reconsider Doc. 279 at 12-17.

---

[4] The Court incorrectly referred to Judge Garcia as the "Chief Magistrate Judge" in the first order of reference.  Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases and Immigration Habeas Corpus Proceedings, filed September 21, 2012 (Doc. 277).

On September 26, 2012, Judge Garcia issued the R&R recommending that the Court deny: (i) the Partial Obj.; (ii) Motion to Rule on Doc. 235; (iii) the 2nd Obj.; (iv) the Motion to Reconsider Doc. 258; (v) the 3rd Obj.; (vi) the Motion for Stay on MSJ; (vii) the Clarification -- Motion for Extension; (viii) the Motion to Reconsider Doc. 277; (ix) the Errata -- 277 Reconsideration; and (x) the Motion to Reconsider Doc. 279.  See R&R at 21.  P. Martinez objected to the R&R within the time frame that Judge Garcia allowed.  See Objections.

P. Martinez contends that Judge Garcia has no authority to review objections to another magistrate judge's rulings.  See Objections at 1, 3, 14, 22-27.  P. Martinez contends that the R&R violates her right to a jury trial.  See Objections at 2.  P. Martinez contends that Chief Judge Molzen was biased against her in this matter, and that Judge Garcia improperly failed to review the Amended Complaint, filed April, 8, 2009 (Doc. 3).  See Objections at 4.  P. Martinez asserts that Judge Garcia did not consider in his R&R the difficulty she has had in prosecuting her case.  See Objections at 5-6.  P. Martinez states that Judge Garcia makes "derogatory insinuations against Plaintiff."  Objections at 7.  She contends that Judge Garcia unfairly characterizes her Partial Obj. as "rambling."  Objections at 14.  P. Martinez contends that Judge Garcia improperly recommended denial of the 3rd Obj., because she had not yet filed a reply brief when Judge Garcia issued the R&R.  See Objections at 18.  P. Martinez similarly contends that Judge Garcia improperly denied her Motion for Extension by issuing the R&R before the Defendants responded to the motion.  See Objections at 18-19.  P. Martinez contends that Judge Garcia should not have recommended dismissal of her Motion to Reconsider Doc. 258 before she filed a reply brief.  See Objections at 19.  P. Martinez asserts that Judge Garcia's ruling on

her motions before she filed reply briefs demonstrates his bias and prejudice against her.  See

Objections at 20-21.

The Court considered de novo P. Martinez' Objections, her Reply to Motion Clarifying

Supplementation to Partial Objections -- Doc. 266 and Notice of Incomplete Briefing -- Doc.

266, filed October 2, 2012 (Doc. 290)("3rd Obj. Reply"), her Reply to Motion to Extend Time

(My Doc. 274) for Doc. 266 Issues and Memorandum in Support, filed October 17, 2012 (Doc.

305)("Motion for Extension Reply"), and her Reply to Motion to Reconsider Amended Doc. 279

Order of Reference . . . Pro Se Cases . ." [sic] (Doc. 282), filed October 23, 2012 (Doc. 306), and

adopted Judge Garcia's R&R on February 14, 2013("Motion to Reconsider Doc. 279 Reply").

Feb. 14 MOO at 3.

## LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS
## AND OBJECTIONS THERETO

District courts may refer dispositive motions to a magistrate judge for a recommended

disposition.  Section 636 of Title 28 of the United States code authorizes magistrate judges to

> hear and determine any pretrial matter pending before the court, except a motion
> for injunctive relief, for judgment on the pleadings, for summary judgment, to
> dismiss or quash an indictment or information made by the defendant, to suppress
> evidence in a criminal case, to dismiss or to permit maintenance of a class action,
> to dismiss for failure to state a claim upon which relief can be granted, and to
> involuntarily dismiss an action.

> a judge may also designate a magistrate judge to conduct hearings, including
> evidentiary hearings, and to submit to a judge of the court proposed findings of
> fact and recommendations for the disposition, by a judge of the court, of any
> motion excepted in subparagraph (A), of applications for posttrial relief made by
> individuals convicted of criminal offenses and of prisoner petitions challenging
> conditions of confinement.

28 U.S.C. § 636(b)(1)(A), (B).  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly

conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial

matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[5]

---

[5] Pevehouse v. Scibana, Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch., 212 F. App'x 760 (10th Cir. 2007), Yates v. Arkin, 242 F. App'x 478 (10th Cir. 2007), and Sullivan v. DeRamcy, 2010 WL 2331178 (E.D. Tex. June 9, 2010) are unpublished opinions, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that these decisions have persuasive value with respect to material issues, and will assist the Court in its disposition of this Memorandum Opinion and Order.

In Underline One Parcel, the Tenth Circuit, in accord with other courts of appeals, expanded the waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060. The Supreme Court -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S. Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."  See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereafter Senate Hearings).  The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  See id., at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to

- 13 -

which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)).  Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation "on [] dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing."  United States v. Raddatz, 447 U.S. 667, 674 (1980).  "[I]n providing for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to

- 14 -

place on a magistrate's proposed findings and recommendations."  United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)).  The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report.  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).   "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . .  the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing."  Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009.   On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order."  Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).  A district court need not, however, "make any specific findings; the district court must merely conduct a de novo review of the record."   Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).   "[T]he district court is presumed to know that de novo review is required. . . . Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84).   "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth

Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has in the past, as a matter of course and in the interests of justice,

reviewed the magistrate judge's recommendations.  In <u>Pablo v. Soc. Sec. Admin.</u>, No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."  <u>Pablo v. Soc. Sec. Admin.</u>, 2013 WL 1010401, at *4.  The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."  <u>Pablo v. Soc. Sec. Admin.</u>, 2013 WL 1010401, at *4.  <u>See Alexandre v. Astrue</u>, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations of the Honorable Stephan M. Vidmar, United States Magistrate Judge, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court determines that they are not, and will therefore adopt the PFRD.");  <u>Trujillo v. Soc. Sec. Admin.</u>, No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not.").  This review, which is deferential to the magistrate judge's

work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

## LAW REGARDING MOTIONS FOR RECONSIDERATION

Under Tenth Circuit case law,

[g]enerally, a "motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, Clough v. Rush, 959 F.2d 182, 186 n.4 (10th Cir. 1992), may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)."  Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).  In addition, "every order short of a final decree is subject to reopening at the discretion of the district judge."  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 . . . (1983); see also Fed. R. Civ. P. 54(b).

Price v. Philpot, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).  A district court has discretion to revise interlocutory orders before the entry of a final judgment.  See Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch., 212 F. App'x 760, 765 (10th Cir. 2007)(unpublished).  When a plaintiff seeks to obtain reconsideration of a non-final order, his or her motion for reconsideration is considered "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."  Wagoner v. Wagoner, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991).  A motion for reconsideration is an "inappropriate vehicle[] to reargue an issue previously addressed by the

court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d at 1012. "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Servants of Paraclete v. Does, 204 F.3d at 1012 (citation omitted). A district court has considerable discretion in ruling on a motion to reconsider. See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).

## ANALYSIS

Judge Garcia admonished Martinez that she must "succinctly express her positions to specific portions" of the R&R, and that the opportunity to file objections was not occasion for P. Martinez to rehash her disagreement with earlier decisions, or other reports and recommendations. R&R at 19. Notwithstanding Judge Garcia's admonition, a significant portion of P. Martinez' Objections consists of P. Martinez' unspecific and unsupported disagreement with Judge Garcia's R&R, as well as her dissatisfaction with the Court's earlier decisions. Although Judge Garcia did not make recommendations regarding the merits of the MSJ R&R, P. Martinez's Objections primarily challenge the validity of that ruling. P. Martinez also challenges: (i) Judge Garcia's authority to issue recommendations regarding her motions for reconsideration; (ii) Judge Garcia's R&R as inappropriately biased against her; and (iii) Judge Garcia's authority to rule on her objections to Chief Judge Molzen's orders. See Motion to Reconsider Doc. 279 Reply at 4-5, 8-9. The Court has reviewed P. Martinez' Objections, and

the Court will sustain in part and overrule in part her objections to the R&R. The Court determines that Judge Garcia was not inappropriately biased against P. Martinez. On the other hand, Judge Garcia did not have the authority to issue a report and recommendation regarding P. Martinez' objections to the Molzen Order. The Court, therefore, sustains P. Martinez' objections to the R&R in so far as it recommends a disposition of the Partial Obj., 2nd Obj., 3rd Obj., and Clarification -- Motion for Extension. The Court does not vacate the Feb. 14 MOO to the extent it adopted Judge Garcia's recommended disposition of P. Martinez' motions related to non-dispositive pretrial matters. The Court concludes, however, that Chief Judge Molzen properly denied P. Martinez' Motion to Strike, and granted P. Martinez sufficient time to file additional objections to the MSJ R&R. In so far as P. Martinez' filings, whether titled motions, errata, objections, or replies, address objections to the MSJ R&R, the Court has considered all of P. Martinez' objections to the MSJ R&R in its MSJ MOO, notwithstanding issues of timeliness.

## I.    THE COURT OVERRULES P. MARTINEZ' OBJECTIONS TO THE MOLZEN ORDER.

As to P. Martinez' argument that Judge Garcia should not review another Magistrate Judge's earlier non-dispositive pre-trial order, the Court will disregard the portions of Judge Garcia's R&R addressing the Molzen Order, and will conduct a direct review as rule 72(a) and 28 U.S.C. § 636(b)(1)(A) require. See 28 U.S.C. § 636(b)(1)(A)(providing that the district court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). Accordingly, the Court will not adopt Judge Garcia's analysis or discussion of the Partial Obj. and 3rd Obj. in the R&R, and the Court vacates the Feb. 14 MOO to the extent it adopted those portions of the R&R. See R&R at 9-11, 12-13. Additionally, the Court will review the 2nd Obj., on which Judge Garcia did not recommend a

disposition in the R&R.  The Court determines that the Molzen Order was not clearly erroneous or contrary to law, and the Court, accordingly, overrules P. Martinez' objections thereto.

P. Martinez argues that Chief Judge Molzen was without authority to rule on the Motion to Strike.  See Partial Obj. at 1-3; Second Obj. at 1-2.  The Motion to Strike, however, was a non-dispositive pretrial matter, as whether the Court struck the MSJ R&R would not dispose of any claims or issues in P. Martinez' case.  See Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge . . . the magistrate judge must . . . issue a written order stating the decision.").  P. Martinez also contends that MSJ R&R should have been struck, because it was "designed to opine and make findings, recommending dismissal, where a 7th Amendment right to jury trial has been invoked."  Partial Obj. at 2.  Sua sponte summary judgment, however, does not inhibit P. Martinez' right to a jury trial.  See Fed. R. Civ. P. 56(f) (providing that a judge may issue summary judgment sua sponte when the parties have been given notice and a reasonable time to respond).  As a magistrate judge, moreover, Chief Judge Molzen had the authority to recommend a proposed disposition of the matter, and, accordingly, the MSJ R&R should not have been struck because of the subject matter it addresses.  See 28 U.S.C. § 636 (b)(1)(B) (authorizing a magistrate judge to propose findings of fact and recommendations for the disposition of dispositive matters).  Additionally, Chief Judge Molzen correctly stated that rule 12(f) applies to pleadings, and not to court orders. See Fed. R. Civ. P. 12 (f) ("The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); Skyline Potato Co., Inc. v. Hi-Land Potato Co., Inc., No. CIV 10-0698 JB/RHS, 2012 WL 6846386, at *7 (D.N.M. Dec. 31, 2012)("The court has . . . recognized that it may only strike pleadings under rule 12(f).").  Chief

- 21 -

Judge Molzen's denial of the Motion to Strike, therefore, was not clearly erroneous or contrary to law.

P. Martinez also contends that the one-week extension which Chief Judge Molzen granted for P. Martinez to respond to the MSJ R&R was insufficient and that the Court should have ruled on her Motion for Extension. <u>See</u> Partial Obj. at 3-5. The Motion for Extension, however, was a non-dispositive pretrial matter, because whether P. Martinez received additional time to respond to the MSJ R&R would not dispose of any claims or issues before the Court. The Motion for Extension, therefore, was properly within Chief Judge Molzen's authority to decide. <u>See</u> 28 U.S.C. § 636(b)(1)(A) (providing that a magistrate judge may determine "any pretrial matter before the court," save for dispositive matters). Moreover, Chief Judge Molzen's allowance of an additional week to respond to the MSJ R&R was not clearly erroneous or contrary to law. Although P. Martinez contends that, after an allocation of time for mailing documents, the one-week extension grants her only two days to respond to the MSJ R&R, P. Martinez appears to have no difficulty in reading the docket and determining whether she must respond to an order or motion. <u>See</u> Partial Obj. at 3. P. Martinez filed three substantial motions in the fourteen days following the MSJ R&R. <u>See</u> Motion to Strike; Motion for Extension; Plaintiff's Reply to Defendants' Response in Opposition to Plaintiff's Motion for Reconsideration and Motion for Stay, filed July 3, 2012 (Doc. 241). Moreover, P. Martinez filed two substantial motions in the seven days following the Molzen Order, although, for reasons unknown to the Court, she refused to file a formal response to the MSJ R&R in that time frame. <u>See</u> Partial Obj.; Motion to Rule on Doc. 235. The Court notes, therefore, that Chief Judge Molzen's determination that "it is difficult to conceive that Plaintiff needs even more time to

- 22 -

exhaust her complaints" was not without reason.  Molzen Order at 2.  The Court concludes that Chief Judge Molzen's allowance of one additional week to respond to the MSJ R&R was not clearly erroneous or contrary to law.

In the 3rd Obj., P. Martinez contends that the Motion to Strike was an objection to the MSJ R&R and, therefore, was outside of Chief Judge Molzen's authority to decide.  See 3rd Obj. at 1-2.  The 3rd Obj., in so far as it is an objection to the Molzen Order, is untimely.  See Fed. R. Civ. P. 72(a) (allowing parties fourteen days to file objections to magistrate judge orders).  Moreover, the Court considered all of P. Martinez' objections in the Motion to Strike when granting the Defendants partial summary judgment.  See MSJ MOO at 13-18, 42, 46-47, 51, 64-65, 75, 80.

The Court concludes, therefore, that the Molzen Order was not clearly erroneous or contrary to law.  Chief Judge Molzen had the authority to deny P. Martinez' Motion to Strike the MSJ R&R, because the MSJ R&R was not a "pleading" subject to rule 12(f) and was within her authority to issue, because the Motion to Strike encompasses a non-dispositive pretrial matter.  Additionally, Chief Judge Molzen had the authority to grant P. Martinez an extension of time to respond to the MSJ R&R, as the Motion for Extension addresses a non-dispositive pretrial matter.  Further, Chief Judge Molzen's allowance of one week to respond to the MSJ R&R was not clearly erroneous or contrary to law because, P. Martinez fails to demonstrate why she could not respond to the MSJ R&R in that time frame.  The Court sustains P. Martinez' objection that Judge Garcia had no authority to rule on her objections to the Molzen Order, but overrules P. Martinez Partial Obj., 2nd Obj., and 3rd Obj. to the Molzen Order.

**II.   THE COURT DOES NOT VACATE THE FEB. 24 MOO ADDRESSING FOUR OF P. MARTINEZ' MOTIONS ON NON-DISPOSITIVE, PRETRIAL MATTERS.**

Judge Garcia's R&R provided findings and a recommended disposition on the following non-dispositive pretrial motions: (i) the Motion to Rule on Doc. 235; (ii) the Motion to Reconsider Doc. 258; (iii) the Motion for Stay on MSJ; (iv) the Clarification -- Motion for Extension; (v) the Motion to Reconsider Doc. 277; (vi) the Errata -- 277 Reconsideration; and (vii) the Motion to Reconsider Doc. 279.   Judge Garcia properly, within his authority, issued a report and recommendation on these motions, as they discuss non-dispositive pretrial matters. The Court reviewed P. Martinez' objections to the R&R de novo, and the Court does not vacate its Feb. 14 MOO to the extent it adopted Judge Garcia's recommended disposition on the Motion to Rule on Doc. 235, the Motion to Reconsider Doc. 258, the Motion for Stay on MSJ, and the Clarification -- Motion for Extension.

The Motion to Rule on Doc. 235 requests that the Court issue a ruling before July 20, 2012 on the Motion to Reconsider Doc. 233.   See Motion to Rule on Doc. 235 at 1.   The Court's Doc. 233 MOO denied P. Martinez' request to reconsider Chief Judge Molzen's order to P. Martinez requiring her to produce evidence of her ailing eye condition and its impediment to her prosecution of the case.   P. Martinez contends that the Court falsely stated that she violated federal rules of civil procedure in the Doc. 233 MOO, and, because Chief Judge Molzen recommends dismissal of P. Martinez' case in part because of her failure to comply with court orders, see MSJ MOO at 25, P. Martinez contends the Court must reconsider the Doc. 233 MOO before P. Martinez can properly object to the Molzen Order, see Motion to Rule on Doc. 235 at 3.   It appears as though P. Martinez is requesting the Court to vouch for her compliance with

Court orders.  See Motion to Rule on Doc. 235 at 6 ("Plaintiff respectfully requests that J. Browning respond . . . with specific material . . . that unquestionably support allegations and findings of violations of Orders as asserted in the Doc. 233 MOO."  (internal alterations omitted)).  P. Martinez' Motion to Rule on Doc. 235 does not raise dispositive matters; rather, she is asking the Court to reconsider whether she violated the Federal Rules of Civil Procedure and court orders through filing evidence, not in the form Chief Judge Molzen requested, of her medical condition.  Judge Garcia properly found that the Motion to Rule on Doc. 235 became moot on August 21, 2012, when the Court denied P. Martinez' Motion to Reconsider Doc. 233.  See R&R at 12; Memorandum Opinion and Order Denying Reconsideration and Denying Stay, filed August 21, 2012 (Doc. 258)("Doc. 258 MOO").

In the Motion to Reconsider Doc. 258, P. Martinez requested reconsideration of the Court's ruling on a non-dispositive pretrial matter: whether P. Martinez complied with Court orders in providing evidence of her ailing eye condition.  See Motion to Reconsider Doc. 258 at 4.  Judge Garcia correctly adduced that P. Martinez failed to present a valid argument on which the Doc. 258 MOO may be reconsidered, as P. Martinez did not notify the Court on an "intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice."  R&R at 15-16.

In the Motion for Stay on MSJ, P. Martinez requests the Court to not rule on the MSJ R&R until the Court rules on her objections to the Molzen Order in the Partial Obj.  See Motion for Stay on MSJ at 5-6.  In essence, P. Martinez is requesting the Court to plan its issuance of orders in accordance with her preference and grant her permission to file additional objections to the MSJ R&R after the Court's ruling on her objections to the Molzen Order.  P. Martinez'

Clarification -- Motion for Extension requests similar relief.  P. Martinez states that she intended to request in the 3rd Obj. an extension of fourteen days to respond to the MSJ R&R after the Court rules on the issues raised in the 3rd Obj.  <u>See</u> Clarification -- Motion for Extension at 3. Judge Garcia properly recommended that the Court deny P. Martinez' requests in the Motion for Stay on MSJ and the Clarification -- Motion for Extension, because she has no authority to direct the Court's timing of its decisions, and because the extended time granted to her for responding to the MSJ R&R has passed.  <u>See</u> R&R at 13-14, 16-17.

The Court reviewed the record de novo in adopting the R&R.  <u>See</u> Feb. 14 MOO at 3. Because the Court already scrutinized Judge Garcia's findings on the Motion to Rule on Doc. 235, Motion to Reconsider Doc. 258, Motion for Stay on MSJ, and Clarification -- Motion for Extension, and P. Martinez' objections thereto, with the scrutiny with 28 U.S.C. § (b)(1) requires, the Court will not vacate its Feb. 14 MOO to the extent it adopts Judge Garcia's recommended disposal of those motions.

### III.  THE COURT OVERRULES P. MARTINEZ' OBJECTIONS TO THE R&R THAT DISPLAY FUNDAMENTAL MISUNDERSTANDINGS OF LAW AND PROCEDURE.

P. Martinez did made written objections to Judge Garcia's R&R, as the law requires.  <u>See</u> <u>One Parcel</u>, 73 F.3d at 1059-60 ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").  P. Martinez offers analogies characterizing the magistrate judges earlier and currently involved in this case as "first and second wives," and likened her claims to disputes among children, parents and grandparents.  Objections at 25-26. The point of her analogy is somewhat unclear.  She also attaches exhibits that are already part of

the record or have no apparent relation to Judge Garcia's findings.  These analogies and exhibits do not advance a sound legal basis to support a decision by this Court to reject or modify Judge Garcia's R&R.

P. Martinez' objections fall into three categories: (i) misunderstanding of law and federal procedure; (ii) irrelevant arguments concerning various matters, including other Court rulings and recommendations, the underlying divorce, and the merits of P. Martinez' complaint;  and (iii) unsupported arguments or analogies.  The Court focuses on examples of each of these objections.

P. Martinez repeatedly objects that the Judge Garcia had no authority to issue the R&R and contends that the Court should strike the R&R.  The Court properly referred this case for findings and recommendations to Judge Garcia, see 28 U.S.C. § 636 (a), (b)(1)(B), and the R&R is not a "pleading" which may be properly struck under rule 12(f).  A district judge may elect to refer motions or the entire case to a magistrate judge for analysis and recommendations, as was done in this case.   See, e.g., Yates v. Arkin, 242 F. App'x 478, 481-82 (10th Cir. 2007)(unpublished)("[T]he district judge designated the magistrate judge to conduct pretrial proceedings and submit proposed findings of fact and recommendations for rulings on dispositive motions -- something entirely consistent with the statutory scheme.").  If a magistrate judge recuses because of a conflict, another magistrate judge is assigned to the case. Reassignment is standard federal practice in this district.  The Court overrules P. Martinez's objections to the R&R on the basis that Judge Garcia lacked authority to issue the R&R.

In addition, Judge Garcia's R&R does not address the merits of P. Martinez' litigation, and she provides no support for her position that the Court violated her "jury demand rights."

Objections at 2. A jury demand in a case does not preclude a pretrial determination that a complaint lacks merit and is subject to dismissal. See, e.g., Sullivan v. DeRamcy, 2010 WL 2331178, *1 (E.D. Tex. June 9, 2010) ("The mere fact of a jury demand does not convey an absolute right to trial by jury[;]" "the right to trial by jury does not prevent a court from granting summary judgment.")(unpublished)(citing Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007)). P. Martinez also states that she suspects that the "District Court might issue a summary-judgment Order sua sponte without notice and state there were not genuine issues of dispute, and not allow Plaintiff an opportunity to defend." Objections at 11. The Court does not issue summary judgment sua sponte without notice, and the Court addressed the MSJ R&R and all of P. Martinez' objections thereto in the MSJ MOO. The Court overrules P. Martinez' objections that Judge Garcia improperly recommended a disposition on the merits of her case.

P. Martinez sets forth the following statement: "PLAINTIFF WILL EXPECT THE COURT TO ALLOW THE DEFENDANTS TO RESPOND TO THESE OBJECTIONS WITHIN 14 DAYS AS THE RULES DICTATE (FRCP 72(b)(2)." Objections at 13. The statement is unclear, but in any case, is irrelevant to Judge Garcia's R&R. The Defendants had the same fourteen day period to file objections to the R&R. See R&R at 1 n.1. The deadline for the Defendants to file objections expired.

## IV.  THE COURT WILL OVERRULE IRRELEVANT OBJECTIONS AND REJECT ARGUMENTS CONCERNING OTHER MATTERS.

For purposes of "background," P. Martinez attaches state court pleadings as exhibits that "explain some of the history involving M. Martinez and my suits." Objections at 4. She discusses the state court proceedings in some detail. "M. Martinez filed a suit for Malicious

- 28 -

Abuse of Process in J. Hulen's state court against me."[6]   Objections at 4.   "M. Martinez has refused to furnish discovery information . . . since the divorce proceeding in 1998."   Objections at 4.   "Exhibit B reflect[s] that then there were six different stonewalled times Plaintiff attempted to receive the tax records over those years . . . ."   Objections at 4.   None of this "background" information pertains to the Court's de novo review of Judge Garcia's R&R in this litigation or to its review of the Molzen Order.   The Court has reviewed these exhibits, and determines that they do not affect the Court's decision in this Memorandum Opinion and Order.

P. Martinez argues that Judge Garcia did not mention P. Martinez having to wait "one and one-half years for various discovery rulings."   Objections at 5-6.   That P. Martinez may have waited for certain rulings from judges in this litigation sheds no light on the Court's de novo review of Judge Garcia's R&R or its review of Chief Magistrate Judge Molzen's Order.   P. Martinez was not entitled to any ruling within a specified amount of time.   P. Martinez further asserts that Judge Garcia failed to "point out" that she "had eye surgery in November 2011 and that there were complications due to negligence."   Objections at 4.   P. Martinez attached an affidavit, previously provided to the Court, verifying her health condition.   Her health condition and Judge Garcia's failure to mention it is not relevant to the Court's de novo review of Judge Garcia's R&R, or its review of the Molzen Order.   The Court overrules P. Martinez' objections.

P. Martinez also recounts docket entries dating back to July 20, 2009, when summons allegedly were served in this case.   She complains that Chief Judge Molzen recommended dismissal of her case on December 22, 2009, but that this Court delayed in ruling on her objections until March 30, 2010.   P. Martinez sets forth other complaints about the Court's delay

---

[6] Presumably P. Martinez is referring to the Honorable Valerie A. Huling, New Mexico State Judge for the Second Judicial District.   See Amended Complaint ¶¶ 13-15, at 5.

in ruling on her objections to Chief Judge Molzen's decisions.  See Objections at 8-9.  Again, none of this discussion about delays in the case or the reason for delay is relevant to the Court's de novo review of Judge Garcia's R&R or its review of the Molzen Order.  The Court overrules these objections.

P. Martinez discusses the MSJ R&R and emphasizes an affidavit in which P. Martinez attempts to dispute Chief Magistrate Judge Molzen's findings.  See Objections at 10-11.  The Court addressed P. Martinez' objections to the MSJ R&R in the MSJ MOO.  See MSJ MOO at 9-11, 42-43, 46, 51-54, 87.  P. Martinez' discussion of Chief Judge Molzen's recommendations is not relevant to the Court's de novo review of Judge Garcia's R&R or its review of the Molzen Order.  The Court overrules these objections.

P. Martinez continues to assert that "all proper briefing time that would include [certain] issues are still not yet ripe for review" with respect to her objections to the MSJ R&R. Objections at 17-18, 19.  Although Judge Garcia issued the R&R before P. Martinez filed the 3rd Obj. Reply, Motion for Extension Reply, and the Motion to Reconsider Doc. 279 Reply, the Court has considered all of P. Martinez' filings in reply to motions addressed in the R&R, and P. Martinez does not raise arguments which Judge Garcia did not address in the R&R.  Further, Judge Garcia accurately stated that the time for filing responses to the MSJ R&R has passed, and, to the extent that P. Martinez takes issue with Judge Garcia's R&R and his summary of her objections or motions to reconsider, the Court overrules the objections.

## V.     THE COURT WILL OVERRULE OTHER OBJECTIONS, AND DECLINE TO ADOPT UNSUPPORTED ARGUMENTS AND ANALOGIES.

P. Martinez argues that Judge Garcia is biased and prejudiced against her, made "derogatory insinuations against Plaintiff," and evinced "unmistakable hatred" against her.

Objections at 21-22.  The Court finds no sound basis for P. Martinez' assertion of Judge Garcia's alleged bias or prejudice against her.  The Court, therefore, overrules those objections.

## VI.  THE COURT WILL ADOPT JUDGE GARCIA'S RECOMMENDED DISPOSITION OF THE MOTION TO RECONSIDER DOC. 277, ERRATA -- 277 RECONSIDERATION, AND MOTION TO RECONSIDER DOC. 279, BUT FOR REASONS IN ADDITION TO THOSE JUDGE GARCIA RECOMMENDS.

Judge Garcia recommends that the Court deny the Motion to Reconsider Doc. 277, Errata -- 277 Reconsideration, and Motion to Reconsider Doc. 279.  Judge Garcia notes that P. Martinez' jury demand does not preclude the Court from issuing a pretrial summary judgment, or referring dispositive matters to a magistrate judge for proposed findings and recommended dispositions.  See R&R at 17-18.  Judge Garcia notes that it is unclear whether P. Martinez is requesting relief in the Errata -- Doc. 277 Reconsideration.  See R&R at 18-19.  He further states that the Court's amendment of an order of reference does not provide P. Martinez additional grounds to challenge the Order of Reference, and, therefore, the Court should deny the Motion to Reconsider Doc. 279.  See R&R at 19.  Judge Garcia also states that P. Martinez fails to provide "grounds that would support reconsideration of the District Court's Order of Reference."  R&R at 18.

The Court has reviewed P. Martinez' objections to these findings on the basis of Judge Garcia's alleged lack of authority and bias against her, and the Court overrules P. Martinez' objections.  The Court may refer pretrial matters to a magistrate judge, and the magistrate judge may rule on non-dispositive matters outright, and may present proposed findings and recommended dispositions to the Court on dispositive matters.  See 28 U.S.C. § 636 (b)(1). Further, the Court notes that P. Martinez failed to raise any proper grounds for reconsideration of the Order of Reference.  Reconsideration is appropriate when a party presents: "(1) an

- 31 -

intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d at 1012.  P. Martinez has raised no issues which would warrant reconsideration of the Order of Reference.  Although she contends that Judge Garcia is biased against her in this matter, she has presented no evidence of his bias which could result in manifest injustice to her cause.  The Court, accordingly, adopts Judge Garcia's recommendation that the Motion to Reconsider Doc. 277, Errata -- Doc. 277 Reconsideration, and Motion to Reconsider Doc. 279, be denied.

In conclusion, P. Martinez' objections are without merit, and provide no sound basis for the Court to reject or modify Judge Garcia's R&R which proposes that the Court deny P. Martinez' motions and requests.

**IT IS ORDERED** that: (i) the Partial Objection to Doc. 242 and Response to Deadline -- Doc. 240, filed July 13, 2012 (Doc. 243), is overruled; (ii) the Objection 2 -- Motion to Strike/Order/Report and Recommendation, filed July 24, 2012 (Doc. 246), is overruled; (iii) the Motion - Clarifying Supplementation to Partial Objections to Doc. 242 and Response to Deadline -- Doc. 240, filed September 5, 2012 (Doc. 266), is overruled; (iv) the Court does not reconsider the Honorable Karen B. Molzen, Chief United States Magistrate Judge's Order, filed July 10, 2012 (Doc. 242); (v) the Court vacates in part the Memorandum Opinion and Order Adopting Magistrate Judge's Report and Recommendation, filed February 14, 2013; (vi) the Court adopts in part the Honorable Lorenzo F. Garcia's Report and Recommendation, filed September 26, 2012 (Doc. 284); and (vii) Plaintiff Patricia Martinez' Objections to J. Garcia's Doc. 284 Report and Recommendations, filed October 15, 2012 (Doc. 304), are sustained in part and overruled in part, as set forth herein.

_____
UNITED STATES DISTRICT COURT

*Parties and Counsel:*

Patricia Martinez
Broken Arrow, Oklahoma

    *Plaintiff pro se*

Joshua R. Simms
Albuquerque, New Mexico

    *Attorney for Defendants Michael Martinez and Jean Smith*

Colin Lambert Hunter
The Barnett Law Firm
Albuquerque, New Mexico

    *Attorney for Defendant Lynda Latta*

Alfred A. Park
Lawrence M. Marcus
Park & Associates, LLC
Albuquerque, New Mexico

    *Attorneys for Defendant Elizabeth Whitefield individually and in her official capacity of District Judge in the Second Judicial District Court of Bernalillo County, State of New Mexico*

Paul Wiest
Albuquerque, New Mexico

    *Defendant pro se*